UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:24-cv-5964-WLH | Date | March 25, 2025 |
|---|---|---|---|
| Title | *Barkley & Associates, Inc. v. Quizlet, Inc.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:    (IN CHAMBERS) ORDER RE DEFENDANT'S EX PARTE APPLICATION FOR ORDER RESETTING BRIEFING SCHEDULE AND SPECIALLY SETTING HEARING ON PARTIES' MOTIONS [69]**

The Court is in receipt of Defendant Quizlet, Inc.'s ("Defendant" or "Quizlet") *Ex Parte* Application [69] seeking to reset the current briefing schedule for its motion for summary judgment ("MSJ") and to specially set hearings on two pending motions on the same date: (1) Plaintiff Barkley & Associates, Inc.'s ("Plaintiff" or "Barkley") Motion for Leave to File a First Amended Complaint [57], and (2) Defendant's Motion to Exclude Evidence and for Related Relief [63]. The Court has also reviewed Plaintiff's Opposition [70].

To justify *ex parte* relief, the moving party must demonstrate that it would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures," and that the party is "without fault in creating the crisis that requires ex parte relief, or that crisis occurred as a result of excusable neglect." *Mission Power Eng'g Co. v. Con'l Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Defendant asserts that the Court-ordered MSJ schedule is untenable due to Plaintiff's late-filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

motion to amend which may impact the scope of admissible evidence for the MSJ.
Defendant contends that proceeding under the current schedule would force it to prepare
its motion without clarity on the operative claims or evidentiary record, potentially
resulting in substantial prejudice.  Plaintiff urges the Court to abandon the expedited MSJ
track and to adopt a standard case schedule moving forward.

      While the Court acknowledges that Quizlet originally sought the expedited MSJ
schedule [52], the recent developments in the case—including Plaintiff's motion to
amend and disputes regarding discovery—raises legitimate concerns regarding the scope
of the issues and evidence to be addressed in summary judgment briefing.  As such,
proceeding under the current schedule may generate unnecessary inefficiencies and
prejudice to the parties.  Accordingly, the Court **GRANTS** Defendant's *Ex Parte*
Application [69] as follows:

1. The hearings on Plaintiff's Motion for Leave to File a First Amended Complaint
   [57] and Defendant's Motion to Exclude Evidence and for Related Relief [63] are
   hereby consolidated and will be heard on April 11, 2025, at 1:30 PM.[1]  This
   hearing will be conducted virtually.

2. The MSJ briefing schedule set forth in the Court's January 29, 2025, Order [52]
   is **VACATED**. The Court will revisit the MSJ briefing schedule following the
   April 11, 2025 hearing, and in light of the Court's rulings on the pending motions.

**IT IS SO ORDERED.**

---

[1] This hearing date is selected pursuant to Plaintiff's Amended Notice of Motion to
Exclude Evidence and for Related Relief [71].