UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC.,<br>Plaintiff,<br>v.<br>QUIZLET, INC.,<br>Defendants. | Case No.: 2:24-cv-05964-WLH-E<br>**ORDER RE MOTION TO (1) DRAW AN ADVERSE INFERENCE ON THE ISSUE OF PLAINTIFF'S SUBMITTED DMCA TAKEDOWN NOTIFICATIONS; (2) PROHIBIT PLAINTIFF FROM OFFERING EVIDENCE ON THIS ISSUE; (3) DISMISSING THIS ACTION IN WHOLE OR IN PART; (4) ENTERING A DEFAULT JUDGMENT AGAINST PLAINTIFF, OR (5) IN THE ALTERNATIVE, COMPEL DEPOSITION OF A WITNESS [63]** |

Before the Court is Defendant Quizlet, Inc.'s Motion to (1) Draw an Adverse Inference on the Issue of Plaintiff's Submitted DMCA Takedown Notifications; (2) Prohibit Plaintiff from Offering Evidence on This Issue; (3) Dismiss This Action in Whole or in Part; (4) Enter Default Judgment Against Plaintiff; or (5) In the Alternative, Compel the Deposition of a Witness and Award Fees and Costs (the "Motion") (Docket No. 65). Having considered the motion, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion as follows:

## I. BACKGROUND

This action arises under the trademark laws of the United States, 15 U.S.C. § 1051, et seq., the copyright laws of the United States, 17 U.S.C. § 501, et seq., and statutory and common law unfair competition under California law. (Compl., Docket 1 ¶ 2). Plaintiff Barkley & Associates, Inc. ("Barkley") alleges that Defendant Quizlet, Inc. ("Quizlet") has unlawfully hosted and distributed Barkley's copyrighted and trademarked test preparation materials without authorization.

On March 12, 2025, Quizlet filed the Motion, citing alleged deficiencies in Barkley's Rule 30(b)(6) deposition testimony and disclosures related to its DMCA takedown practices. (*See* Mot., Dkt. 65 at 1–2). On April 1, 2025, Barkley filed its opposition, arguing that its corporate representative was reasonably prepared and that any procedural shortcomings do not warrant sanctions. (*See* Opp'n, Dkt. 72). Barkley also contends that Quizlet failed to comply with the discovery letter requirements under Local Rule 37-1. (*Id.* at 8).

## II. DISCUSSION

### A. <u>Local Rule 37-1</u>

As a threshold matter, Barkley argues that Quizlet's motion should be denied for failure to comply with Local Rule 37-1, which requires parties to confer in a good-faith effort to eliminate the necessity of discovery motions or to narrow the issues presented. (Opp. at 5). Specifically, Barkley contends that Quizlet failed to serve the discovery letter required under the rule, which must identify each issue in dispute, briefly state the moving party's position and legal authority and specify the relief to be sought. *See* C.D. Cal. L.R. 37-1.

While Quizlet did not submit a letter that tracked the exact format contemplated by Local Rule 37-1, the Court finds that its communications conveyed the disputed issues with sufficient clarity and consistency to satisfy the rule's purpose. The parties held a meet and confer on February 13, 2025, specifically to discuss the adequacy of Barkley's 30(b)(6) deposition testimony and whether Plaintiff's counsel would be

offering further evidence concerning DMCA takedowns. (*See* Fink Decl., Ex. 6). That discussion followed an email Quizlet sent on February 3, 2025, initiating the issue, and was followed by several additional emails in which Quizlet identified the disputed deposition topics, articulated its position that Barkley's designee was unprepared and requested that Barkley produce a knowledgeable witness or clarify who would testify. (*Id.*).

Barkley does not dispute that the February 13 conference occurred, nor does it identify any steps it took to narrow or resolve the disagreement. Yet Local Rule 37-1 imposes reciprocal duties on both parties: "Counsel for the parties must confer in a good-faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." C.D. Cal. L.R. 37-1. Barkley's failure to meaningfully participate in resolving the dispute further undermines its objection. The Court finds that Quizlet substantially complied with Local Rule 37-1 and declines to deny the Motion on procedural grounds.

**B. <u>Federal Rule of Civil Procedure 30(b)(6)</u>**

Federal Rule of Civil Procedure 30(b)(6) requires an organization to designate one or more persons to testify on its behalf about matters "known or reasonably available to the organization." Failure to produce a knowledgeable and adequately prepared witness constitutes a failure to appear under Rule 37(d)(1)(A)(i). *Black Horse Lane Assoc. v. Dow Chemical Corp.*, 228 F.3d 275, 304 (3d Cir. 2000); *Great Am. Ins. Co. of New York v. Vegas Const. Co.*, 251 F.R.D. 534, 542 (D. Nev. 2008).

Courts in this Circuit have repeatedly emphasized that Rule 30(b)(6) imposes an affirmative duty of meaningful preparation. *See Bd. of Trs. of the Leland Stanford Junior Univ. v. Tyco Int'l Ltd.*, 253 F.R.D. 524, 526 (C.D. Cal. 2008) (holding that Rule 30(b)(6) requires [deponents] to review all matters known or reasonably available to the organization); *Great Am. Ins. Co.*, 251 F.R.D. at 539 (holding that the corporate witness must be prepared "to fully and unevasively answer questions about the designated subject matter" and be "thoroughly educated" on the topics); *Risinger*

*v. SOC, LLC*, 306 F.R.D. 655, 663 (D. Nev. 2015) (holding that the duty to prepare goes beyond personal knowledge of the witness). If no single individual can cover all noticed topics, the responding party must designate additional witnesses. *See* Fed. R. Civ. P. 30(b)(6); *Baird v. BlackRock Institutional Tr. Co.*, N.A., 330 F.R.D. 241, 243 (N.D. Cal. 2019). At the same time, courts also acknowledge the practical limitations of Rule 30(b)(6), recognizing that a corporate witness is not expected to know the intimate details of every aspect of a business or dispute. *United States v. HVI Cat Canyon, Inc.*, No. CV 11-5097 FMO (SSx), 2016 WL 11683593, at *7–8 (C.D. Cal. Oct. 26, 2016).

Here, Barkley designated Michael Vu as its sole Rule 30(b)(6) witness for the deposition held on January 30, 2025. (Mot. at 9). Vu testified that he was notified of the deposition the day before and met with counsel for only 15 minutes to prepare. (Fink Decl. Ex. 4). He also admitted that he was unfamiliar with the doctrine of fair use and could not testify regarding Barkley's process for reviewing or submitting DMCA takedown notices after 2023. (Fink Decl. Ex. 10). When asked whether Barkley examines content to determine whether there is fair use, Vu responded, "I don't know what fair use is." (*Id.*). He stated that he received no training on how to file DMCA notices and followed only the instructions posted on Quizlet's website. (Fink Decl. Ex. 10). Vu acknowledged that he no longer participated in the takedown process, had no knowledge of who had taken over[1] and made no effort to learn what processes were used in 2023 or 2024. (Fink Decl. Ex. 3). These topics were among those expressly included in Quizlet's Rule 30(b)(6) Notice of Deposition of Barkley, and Vu, as the designated witness, was obligated to be prepared to testify on them. (*See* Dkt. 47 Ex. 1 at 7); *Great Am. Ins. Co.*, 251 F.R.D. at 539.

---

[1] At oral argument Plaintiff's counsel argued that instead of sanctions the proper course of action for Defendant (and by inference the Court) was to schedule additional depositions. That argument is ludicrous where the designated 30(b)(6) witness could not name the witness(es) to be deposed.

Barkley argues that Vu was reasonably prepared and that it was unrealistic to expect a single witness to address every noticed topic. (Opp. at 1). While courts recognize that corporate designees are not expected to know the intimate details of every issue, Rule 30(b)(6) permits an organization to designate multiple witnesses where needed. Barkley did not do so. Nor did it offer to supplement Vu's testimony after Quizlet raised concerns about his lack of preparation.

On February 3 and 20, 2025, Quizlet asked whether Barkley intended to designate another witness to testify about DMCA takedowns submitted after Vu's involvement. (Fink Decl. Ex. 6). During a February 13, 2025, meet and confer, Quizlet reiterated Vu's lack of knowledge and requested a Rule 26(a) amendment. Barkley responded only that it was reviewing the transcript from Vu's testimony. (*Id.*). Quizlet followed up again on February 20 and 25, 2025, and raised the issue once more on February 27, 2025. Barkley never confirmed whether it would identify a witness to fill the gap.[2] (*Id.*). Despite repeated efforts, Quizlet was left without access to critical testimony regarding the company's DMCA practices after 2023.

The Court finds that Vu's testimony reflects a failure to meet the preparation requirements of Rule 30(b)(6). The testimony fell short of addressing central discovery topics, including whether Barkley considered fair use when issuing DMCA takedown requests—a factual inquiry that is directly relevant under *Lenz v. Universal Music Corp.*, 815 F.3d 1145, 1153 (9th Cir. 2016).[3] This failure left Quizlet without meaningful access to discovery needed for its DMCA safe harbor defense and caused material prejudice. Accordingly, the Court concludes that Barkley failed to comply

---

[2] Barkley contested this characterization of the parties' communications at oral argument but submitted no evidence along with its opposition in support of its position. It offered no declaration, exhibits, or other materials showing that it made efforts to respond to Quizlet's repeated inquiries or identify a witness with knowledge of the post-2023 takedown process.

[3] Plaintiff's counsel's legal argument made at the hearing on this matter that Vu did not need to consider fair use because of the nature of the infringement misses the point. That is not what Vu testified. What Vu (again, Plaintiff's designated 30(b)(6) witness) testified was that he did not know what fair use was.

with its obligations under Rule 30(b)(6).

**C. <u>Federal Rule of Civil Procedure 26</u>**

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to provide the name and contact information of "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." This disclosure must be made "without awaiting a discovery request." Fed. R. Civ. P. 26(a)(1)(A)(i). A party must also supplement its disclosures "in a timely manner if the party learns that in some material respect the disclosure... is incomplete or incorrect." Fed. R. Civ. P. 26(e)(1).

Rule 37(c)(1) provides that if a party fails to identify a witness or provide information required by Rule 26(a) or (e), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Courts in the Ninth Circuit apply a four-factor test to determine whether the failure was substantially justified or harmless: (1) prejudice or surprise to the opposing party; (2) the ability of the opposing party to cure the prejudice; (3) the likelihood of trial disruption; and (4) bad faith or willfulness in not disclosing the evidence. *Liberty Ins. Corp. v. Brodeur*, 41 F.4th 1185, 1192 (9th Cir. 2022).

Here, Barkley designated Michael Vu as its sole Rule 30(b)(6) witness and produced him for deposition on January 30, 2025. (Mot. at 9). Vu was questioned about topics expressly permitted in the Court's expedited discovery order, including Barkley's submission of DMCA takedown notices and its consideration of fair use. (*Id*. at 10). These topics are central to Quizlet's anticipated DMCA safe harbor defense. At the time of the deposition, Vu had not been identified in Barkley's Rule 26(a) disclosures.

On February 20, 2025—three weeks after the deposition and following repeated meet and confer efforts by Quizlet—Barkley served amended Rule 26(a) disclosures listing Vu. (Mot. at 12; Fink Decl. Ex. 20). Barkley argues that disclosure was not

required because it does not presently intend to use Vu to support its claims. (Opp. at 3).

As a technical matter, a party is not required to disclose a witness under Rule 26 merely because that individual will testify at deposition. Disclosure under Rule 26(a)(1)(A)(i) is triggered only if the party may use the witness to support its own claims or defenses. Barkley maintains that it will not rely on Vu in that manner. (*Id.*). The Court accepts that representation and notes that Barkley has since supplemented its disclosures to include Vu.

Because Barkley has now identified Vu and does not intend to use him to support its claims, the Court finds no current violation of Rule 26. However, this conclusion is contingent on Barkley's continued compliance. Should Barkley later seek to rely on Vu in support of its claims, it must establish that its delayed disclosure was substantially justified or harmless under Rule 37(c)(1). *See Liberty Ins. Corp.*, 41 F.4th at 1192.

**D. <u>Appropriate Relief Under Federal Rule of Civil Procedure 37</u>**

Having found that Barkley failed to comply with its obligations under Rule Rule 30(b)(6), the Court turns to the appropriate remedy. Under Rule 37(d)(1)(A)(i), the failure to produce a knowledgeable and adequately prepared Rule 30(b)(6) witness is treated as a failure to appear for a deposition. *See Great Am. Ins. Co.*, 251 F.R.D. at 542; *Black Horse Lane Assocs.*, 228 F.3d at 304-05. Rule 37(d)(3) authorizes the Court to impose sanctions for such a failure, including any of the measures listed in Rule 37(b)(2)(A), as well as attorneys' fees and costs. Unless the failure was substantially justified or other circumstances make an award unjust, monetary sanctions are mandatory. *See* Fed. R. Civ. P. 37(d)(3).

Quizlet requests a range of sanctions, including adverse inference, evidentiary exclusion and dismissal. (Mot. at 20-22). Courts routinely impose such sanctions for failure to adequately prepare Rule 30(b)(6) witnesses. *See, e.g., Guinnane v. Dobbins*, 479 F. Supp. 3d 989, 999 (N.D. Cal. 2020) (ordering monetary sanctions, including

attorneys' fees, and requiring corporation to produce an adequately prepared witness at its own expense); *Great Am. Ins. Co.*, 251 F.R.D. at 541–42 (awarding fees and compelling production of a knowledgeable Rule 30(b)(6) designee after witness was unprepared on most topics); *Pioneer Drive, LLC v. Nissan Diesel Am., Inc.*, 262 F.R.D. 552, 561 (D. Mont. 2009) (requiring redeposition, travel costs, and attorneys' fees where witness failed to adequately testify on noticed topics); *Moriarty v. Am. Gen. Life Ins. Co*., No. 17-CV-1709-BTM-WVG, 2019 U.S. Dist. LEXIS 62041, at *12-13 (S.D. Cal. Apr. 10, 2019) (imposing sanctions where witness learned of deposition the day before and failed to prepare). Vu's unpreparedness—marked by minimal notice, lack of training and failure to address designated topics—effectively denied Quizlet a deposition on matters central to its DMCA safe harbor defense. This failure constitutes a violation of Rule 30(b)(6) and, under Rule 37(d)(1)(A)(i), is treated as a failure to appear. The Court finds sanctions are warranted under Rule 37(d).

Because Barkley has offered no justification for its failure to adequately prepare Vu, the Court imposes monetary sanctions. The Court therefore awards Quizlet all of its attorney's fees and costs for the preparation and execution of the deposition of Vu. If the parties cannot agree to this amount, defendant may submit to the Court a pleading listing the attorney's fees and costs they seek.

The Court declines, however, to impose dispositive sanctions at this stage. In evaluating whether dismissal or default is appropriate under Rule 37, courts consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). While the first three factors weigh somewhat in favor of harsher sanctions, the public interest in adjudication on the merits and the availability of targeted relief counsel against dismissal or default at this time.

For the same reasons, the Court declines to impose evidentiary sanctions or draw an adverse inference at this juncture. These requests are better addressed in the context of a motion for summary judgement or at trial, where a more fulsome record of the discovery in the case, the evidentiary record and potential prejudice can be more fully assessed. At this stage of the proceedings, the Court finds that lesser sanctions adequately remedy the prejudice and should encourage compliance going forward.

## III. CONCLUSION

Accordingly, the Court **GRANTS** Quizlet's Motion. The Court imposes the following sanctions: (1) Within twenty-one days of this Order, Barkley shall identify one or more fully prepared Rule 30(b)(6) witnesses capable of testifying on all previously noticed topics, including the submission of DMCA takedown notifications and any consideration of fair use; (2) Within thirty days of that identification, Barkley shall make those witnesses available for deposition; (3) Barkley shall serve an amended Rule 26(a) disclosure within seven days of this Order, identifying all individuals with knowledge of its takedown practices and its asserted claims[4]; and (4) Barkley shall reimburse Quizlet for its reasonable attorneys' fees and costs incurred in connection with Vu's deposition.

---

[4] Quizlet argues that Barkley's counsel, Mr. Tamsut, may possess first-hand knowledge of post-2023 DMCA takedown activity and may be the only individual with that information. (Mot. at 11). In opposition, Barkley contends that any deposition of Mr. Tamsut would be improper because he is acting as litigation counsel. (Opp. at 3–4). Barkley asserts that the information sought would be protected by attorney-client privilege or work product doctrine, and that Quizlet has not served a deposition notice. The Court takes no position at this time on whether a deposition of Mr. Tamsut would be appropriate. To the extent Barkley continues to assert that no other individual possesses relevant factual knowledge, the Court reserves the right to revisit the issue, or direct the assigned Magistrate Judge to consider the issue, if appropriate fact discovery cannot otherwise proceed.

Quizlet's motion is otherwise **DENIED WITHOUT PREJUDICE** as to evidentiary sanctions, which may be brought in the context of a summary judgment motion or a trial on the merits.

**IT IS SO ORDERED.**

Dated: April 11, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE