Brian S. Tamsut, No. 322,780 btamsut@socalip.com
Michael D. Harris, No. 59,470 mharris@socalip.com
Jonathan P. Pearce, No. 245,776 jpearce@socalip.com
SoCal IP Law Group llp
310 N. Westlake Blvd., Suite 120
Westlake Village, CA 91362-3788
Phone: (805) 230-1350

Attorneys for Plaintiff Barkley & Associates, Inc.

**United States District Court**

**Central District of California – Western Division**

| | |
|---|---|
| Barkley & Associates, Inc., | No. 2:24-cv-5964 WLH(Ex) |
| Plaintiff, | Plaintiff Barkley's Opposition to Quizlet's Motion to Dismiss Amended Complaint |
| v. | |
| Quizlet, Inc., | Date:      June 20, 2025 |
| Defendants. | Time:      10:00 a.m. |
| | Judge:    Hsu |

**Table of Contents**

A. Introduction ..................................................................................................1

B. Argument .....................................................................................................1

   1. Instead of showing why Barkley's amended complaint does not satisfy Rule 8, Quizlet tries to argue why its contrary facts prevail.................1

      a. The complaint alleges the elements of Quizlet's trademark infringement—Barkley's trademark ownership and Quizlet's use of the mark is likely to cause confusion...........................................................2

         1) Quizlet's trademark infringement analysis is flawed because it ignores the *Sleekcraft* factors. ........................................2

         2) Whether Quizlet's infringement is innocent or intentional is irrelevant..................................................................................4

         3) Consumers referring to "Barkley" without also using "& Associates" is irrelevant. ................................................................4

         4) The related claims rise with the trademark claims.........................5

b.   Quizlet's arguments against Barkley's copyright claims, (1) the works are too "factual," (2) the *Sony* Supreme Court case prevents copyright enforcement, (3) Quizlet's use is fair use, and (4) does not infringe and (5) DMCA's safe harbor. ...................................................................5

    1)  Factional works are protectable against copying the work's selection and arrangement. ..............................................5

    2)  Barkley does not assert the flash cards in the complaint's exhibits are separately copyrighted but resulted from Quizlet's AI training. ..........................................7

    3)  Merger and *scènes à faire* do not apply because the Barkley's text is not the only way to write test preparation materials. ................................................8

    4)  Quizlet is a direct copyright infringer because it sold Barkley's copyrighted works. ..........................................8

    5)  Fair use, an affirmative defense, is an improper subject for a motion to dismiss. ..................................................9

C.  Conclusion .........................................................................11

## TABLE OF AUTHORITIES

**Cases**

*AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, (9th Cir. 1979)....................................2, 4

*Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966 (9th Cir. 2007) ..................................................................................2

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)..................................................................2, 5

*Belin v. Starz Ent., LLC*, No. 2:21-cv-09586-FWS-PLA, 2024 WL 4720795, (C.D. Cal. Sept. 20, 2024) ..................................................................4

*Botanic Tonics, LLC v. Shot of Joy, LLC*, No. 2:23-cv-10437-WLH-PD, 2024 WL 2209773 (C.D. Cal. Apr. 1, 2024) ..............................................4

*Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946 (9th Cir. 2013)..........1

*Cohn v. Petsmart, Inc.*, 281 F.3d 837 (9th Cir. 2002)..................................................4

*Davis v. Hollywood and Ivar, LLC*, No. 2:21-CV-1235VAP-JPRX, 2021 WL 4816823 (C.D. Cal. Aug. 30, 2021)..................................................................5

*Experian Info. Sols., Inc. v. Nationwide Mktg. Servs.*, 893 F.3d 1176 (9th Cir. 2018)......................................................................................7

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)..........................6, 7, 8

*Fox Broad. Co. v. Dish Network LLC*, 747 F.3d 1060 (9th Cir. 2014)......................10

*Google LLC v. Oracle Am., Inc.*, 593 U.S. 1 (2021) ........................................1

*GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1208 (9th Cir. 2000)......................................................................................5

*In re Shell Oil Co.*, 992 F.2d 1204 (Fed. Cir. 1993)......................................5

*Johnson v. Revenue Mgt. Corp.*, 169 F.3d 1057 (7th Cir. 1999)................................1

*Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965 (9th Cir. 1992).................................................................................11, 12

*Minx Int'l Inc. v. Club House Creations Inc.*, 2:15-cv-5645-CAS(PLAx), 2016 WL 878479 (C.D. Cal. Mar. 7, 2016)...............................................................9

*Quoting Mason v. Montgomery Data, Inc.*, 967 F.2d 135 (5th Cir. 1992).......................................................................................7

*Monge v. Maya Magazines, Inc.*, 688 F.3d 1164 (9th Cir. 2012)................................11

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042 (9th Cir. 2020)......................................................................................10

*Rassamni v. Fresno Auto Spa, Inc.*, 365 F.Supp. 3d 1039 (E.D. Cal. 2019)......................................................................................9

*Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126 (9th Cir. 2006)......................................................................................2

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984)......................................................................................11

*U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966 (9th Cir. 2019) ...............................................................11

*VHT Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019)......................................10

**Statutes**

15 U.S.C. § 1114....................................................................................................1

17 U.S.C. § 107...............................................................................................1, 11

**Other Authorities**

5 M. Nimmer & D. Nimmer, Copyright § 20.05...........................................................8

**Rules**

FED. R. CIV. P. 12.............................................................................................1, 12

FED. R. CIV. P. 8 .............................................................................................2, 12

**MEMORANDUM OF POINTS AND AUTHORITIES**

A.   **INTRODUCTION**

Defendant Quizlet argues facts, but the Court "must accept all material allegations in the complaint as true and construe them in the light most favorable" to plaintiff Barkley. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). "[A]ssessing factual support for a suit is not the office of Rule 12(b)(6)." *Johnson v. Revenue Mgt. Corp.*, 169 F.3d 1057, 1059 (7th Cir. 1999).

Though the broad copyright-law principles of defendant Quizlet's cited Supreme Court cases are good law, the facts Barkley alleged here distinguish the issues here from those cases. Though facts themselves are not subject to copyright protection, works that contain facts with original text or images can be protected and registration is *prima facie* evidence of copyright validity.

Citing *Google LLC v. Oracle Am., Inc.*, 593 U.S. 1, 29 (2021), Quizlet claims its works are "transformative" "copying use that adds something new and important." But it points to nothing it created, so it transformed nothing. Even if it did, this is a factual determination, inappropriate for a motion to dismiss. Quizlet also fails to consider all four fair use factors of 17 U.S.C. § 107.

Quizlet also claims it does not infringe Barkley's registered trademarks because Quizlet's goods differ from the goods in the registrations. No. This is an incorrect understanding of the law. Quizlet infringes because its goods are likely to cause confusion with Barkley's registered goods. *See Applied Info. Scis. Corp. v. eBay, Inc.*, 511 F.3d 966, 971 (9th Cir. 2007); 15 U.S.C. § 1114.

B.   **ARGUMENT**

   1.   **Instead of showing why Barkley's amended complaint does not satisfy Rule 8, Quizlet tries to argue why its contrary facts prevail.**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ash-*

| Barkley's Oppos. to Quizlet's Motion to Dismiss Amd. Compl. | 1 | Barkley & Associates v. Quizlet No.: 2:24-cv-05964 WLH(Ex) |
|---|---|---|

*croft v. Iqbal*, 556 U.S. 662, 678, (2009) (internal quotation marks omitted). The focus of the motion must be the "factual matter" of Barkley's amended complaint, not Quizlet's arguments about the accuracy of the factual matter.

> **a.    The complaint alleges the elements of Quizlet's trademark infringement—Barkley's trademark ownership and Quizlet's use of the mark is likely to cause confusion.**

To plead a claim under the Lanham Act, Barkley only had to allege "ownership of a valid mark" and Quizlet's use of the mark "is likely to cause confusion, or to cause mistake, or to deceive consumers." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1134 (9th Cir. 2006).

> **1)   Quizlet's trademark infringement analysis is flawed because it ignores the *Sleekcraft* factors.**

The complaint alleges Barkley owns the two registered trademarks (¶ 23)[1]. Paragraph 8 identifies those trademarks and the registrations' numbers, and Exhibit C to the complaint contains the registrations, which lists the goods. Registration No. 6,272,223 covers:

> CLASS 9: Downloadable electronic books in the field of nurse practitioner information; Electronic books featuring nurse practitioner information recorded on computer media; Digital media, namely, pre-recorded digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, high definition digital discs and CDs featuring nurse practitioner information.

"CLASS 16: Printed books, manuals and exams in the field of nurse practitioner information." "CLASS 38: streaming of audio and video material over the Internet." "CLASS 41: Educational services, namely, providing live in person and online courses in the field of nurse practitioner studies."

---

[1] References to paragraph numbers refer to those in the First Amended Complaint.

Registration No. 6,270,781 covers:

CLASS 9: Downloadable electronic books in the field of nurse practitioner information; Electronic books featuring nurse practitioner information recorded on computer media; Digital media, namely, pre-recorded digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, high definition digital discs and CDs featuring nurse practitioner information.

"CLASS 16: Printed books, manuals and exams in the field of nurse practitioner information." "CLASS 38: streaming of audio and video material over the Internet." "CLASS 41: Educational services, namely, providing live in person and on-line courses in the field of nurse practitioner studies."

The complaint also alleges Quizlet infringed Barkley's marks when reproducing counterfeit documents. "Quizlet chose to keep the Barkley registered trademark[s] … on pages to fool consumers into thinking they were purchasing legitimate Barkley products. ¶ 25. See also paragraph 48. ("Quizlet's infringing acts have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source of Quizlet's products ….").

Quizlet argument against likelihood of confusion entirely ignores the often-cited Ninth Circuit eight-factor test of *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, (9th Cir. 1979), which considers these factors:

1. strength of the mark; 2. proximity of the goods; 3. similarity of the marks; 4. evidence of actual confusion; 5. marketing channels used; 6. type of goods and degree of care likely to be exercised by the purchaser; 7. defendant's intent in selecting the mark; and 8. likelihood of expansion of product lines.

*Id*. at 348-49. Quizlet argues that Barkley lacks evidence of exactly one *Sleekcraft* factor, actual confusion. It has no evidence supporting its argument—evidence that is improper for a motion to dismiss. And, even if it did have evidence of this factor, a

motion to dismiss precludes introduction of evidence or contrary evidence for a fact-finder to resolve.

Because evidence of actual confusion can be difficult to obtain, its absence is "generally unnoteworthy" and receives little probative weight. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 842 (9th Cir. 2002).[2]

Resolving likelihood of consumer confusion issues at the motion to dismiss stage is inappropriate because factual issues are often involved. *Belin v. Starz Ent., LLC*, No. 2:21-cv-09586-FWS-PLA, 2024 WL 4720795, at *6 (C.D. Cal. Sept. 20, 2024), "The existence of consumer confusion is a fact-intensive analysis that does not lend itself to a motion to dismiss." *Botanic Tonics, LLC v. Shot of Joy, LLC*, No. 2:23-cv-10437-WLH-PD, 2024 WL 2209773, at *6 (C.D. Cal. Apr. 1, 2024). Even if Quizlet had evidence of every *Sleekcraft* factor, a motion to dismiss is not the time to make such arguments or to present such evidence.

### 2) Whether Quizlet's infringement is innocent or intentional is irrelevant

Quizlet argues it had no volitional conduct, p. 28, but "no such intent is necessary to demonstrate a likelihood of confusion. *GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1208 (9th Cir. 2000); *See also Davis v. Hollywood and Ivar, LLC*, No. 2:21-CV-1235VAP-JPRX, 2021 WL 4816823, at *9 (C.D. Cal. Aug. 30, 2021) ("[I]nnocent intent is not a defense to liability for trademark infringement.")

### 3) Consumers referring to "Barkley" without also using "& Associates" is irrelevant.

Quizlet seems to argue that the consumers or even Barkley's use of "Barkley" without "& Associates" is no use of its marks. Instead, Quizlet must use the full "Barkley & Associates," or it does not infringe. This is an incorrect understanding of

---

[2] Quizlet also cited *Cohn*, in which plaintiff there as part of the *Sleekcraft* analysis found actual-confusion evidence relevant there.

trademark law's "likelihood of confusion" analysis. According to Quizlet, any law firm named "Attorney & Associates must always include "& Associates." And a competitor that only uses the attorney's name without "& Associates" would not generate likely confusion.

Marks must be considered as the relevant public perceives them. *In re Shell Oil Co.*, 992 F.2d 1204, 1206 (Fed. Cir. 1993). Barkley asserts that likelihood of confusion still exists without "& "Associates," and its argument must be "accepted as true." *Iqbal*, 556 U.S. at 678. That is the end of the discussion. Quizlet's argument is a fact argument that is improper for a motion to dismiss. Likewise, Quizlet's contrary position is improper for its motion.

### 4) The related claims rise with the trademark claims.

Barkley agrees with Quizlet that the ruling on the trademark claims govern Barkley's related claims.

### b. Quizlet's arguments against Barkley's copyright claims, (1) the works are too "factual," (2) the *Sony* Supreme Court case prevents copyright enforcement, (3) Quizlet's use is fair use, and (4) does not infringe and (5) DMCA's safe harbor all fail.

### 1) Factional works are protectable against copying the work's selection and arrangement.

The amended complaint alleges: "Plaintiff Barkley … specializes in creating test preparation materials for graduate nursing students studying to become certified nurse practitioners. Barkley creates a variety of study materials including printed study manuals, practice questions, digital study materials, recorded courses, and more." (¶ 1). … "Quizlet obtained copies of multiple different Barkley study resources" (¶ 10) and "created unauthorized copies of Barkley study materials and invited users to visit the Quizlet site." (¶ 11). "…Quizlet makes copies of Barkley study materials and plasters the Quizlet name on them and entices users to visit the Quizlet site instead of Barkley's as shown below." (¶ 12).

"… Quizlet obtained copies of multiple different Barkley study resources," and "made and continues to make products that copy the total image of Barkley's products …." (¶¶ 17, 18). "Quizlet's sale of infringing testing material, including digital PDFs, infringes Barkley's exclusive right to sell copies of the copyrighted work, and to publicly display the copyrighted work …." (¶ 45).

Barkley's works admittedly are factual; they relate to "test preparation materials for graduate nursing students studying to become certified nurse practitioners." (¶ 1). No one may claim originality to facts. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 347 (1991). But factual compilations receive protection if there is creativity in the selection, arrangement, or coordination of the facts. "[T]he creativity that suffices to establish copyright protection in factual compilations is minimal." "[C]ompilations of factual information receive only limited protection." *Experian Info. Sols., Inc. v. Nationwide Mktg. Servs.*, 893 F.3d 1176, 1183 (9th Cir. 2018) (citing *Feist* and other authorities).

Page 15 of Quizlet's brief copies the text of a Barkley creation. It's a story about a patient who complains about headaches and other problems. The text also tells the results of the physical examination and lab results. Compare text like Quizlet's quote and the works in *Feist* and *Experian*.

The Court in *Feist* held white-page telephone-number listings did not qualify for copyright protection because they included everyone within a geographical area, arranged alphabetically. *Feist*, 499 U.S. at 362-63. But *Experian*'s work culled data from multiple sources and selected the appropriate pairing of addresses with names before entering them in the database. *Experian*, 893 F.3d at 1185. "[S]election is sufficiently creative when the compiler makes choices … independently … to select information from numerous and sometimes conflicting sources." *Id.* (*Quoting Mason v. Montgomery Data, Inc.*, 967 F.2d 135, 141 (5th Cir. 1992) (internal quotation marks omitted)).

Perhaps if Barkley only listed all ailments a 25-year-old woman could have, Quizlet might show the quote is only unprotectable facts. But that is not what the quote shows. It shows Barkley's selection of facts and their arrangement into a story for purposes of education and testing. Quizlet took this entire question, and it took all questions for training it's artificial intelligence. *See, e.g.* Amended Complaint (Dkt. 57) at ¶¶ 133-138.

Quizlet also criticizes Barkley's titles, but they are only part of longer works. Barkley does not claim the titles themselves are copyrightable separately.

Quizlet also asks the Court to rely on the "reasonable inference" that the First Amended Complaint is Barkley's "best case." (Quizlet's brief p. 16). Barkley's position is the First Amended Complaint meets the requirements of a complaint for copyright infringement. Cases are presented on facts and evidence. This is a complaint and a motion to dismiss the complaint, not a motion for summary judgment.

**2)  Barkley does not assert the flash cards in the complaint's exhibits are separately copyrighted but resulted from Quizlet's AI training.**

Quizlet challenges Barkley's flash cards in complaint Exhibits A and D as lacking creativity (brief p.16). That evidence is there to support Barkley's claim that Quizlet used Barkley's copyrighted materials to train Quizlet AI. "Literal copying at the time of training would provide the hook for an infringement claim, regardless of whether the model creator saved additional copies to the model itself." 5 M. Nimmer & D. Nimmer, Copyright § 20.05.

The complaint alleges, … "Quizlet trains Q-chat AI using Barkley materials" (¶ 114). "Quizlet+ AI features include a 'Learn' button that uses an AI tutor to train students using Barkley materials, a 'Test' button that uses AI to generate a practice exam based upon Barkley materials …." (¶ 119). Upon clicking 'Test,' Quizlet+ prompts users use Quizlet+AI to set parameters for a practice test it generates." (¶ 122). The complaint identifies Exhibit D as the test the AI button generated (¶ 124).

Quizlet also calls Barkley's works "compilation" so it can argue *Feist*'s language about compilations applies. But then it argues that the tests are compilations though Barkley only refers to the tests as text Quizlet+AI generated. They are not compilations.

### 3) Merger and *scènes à faire* do not apply because the Barkley's text is not the only way to write test preparation materials.

Quizlet states merger and *scènes à faire* apply because "there are only so many ways to list symptoms and ask for a diagnosis," and multiple choice and study-guides formats are common. (Brief p. 18). But Barkley didn't just list systems; it tells stories like the one from which Quizlet's brief quote about the 25-year-old teacher (brief p. 15). And, if either doctrine applied, then Quizlet need not have relied upon Barkley's copyrighted materials to create its AI product.

Quizlet cites *Rassamni v. Fresno Auto Spa, Inc.*, 365 F.Supp. 3d 1039, 1047 (E.D. Cal. 2019) for its discussion about merger and *scènes à faire*, but the court denied defendant's motion to dismiss "[E]ven if plaintiff's work is at best eligible for 'thin' copyright protection—as defendant contends—plaintiff has nonetheless adequately stated a claim for relief, since the two works are in fact 'virtually identical,' if not wholly identical." *Id.* at 1049 (*quoting Minx Int'l Inc. v. Club House Creations Inc.*, 2:15-cv-5645-CAS(PLAx), 2016 WL 878479, at *5 (C.D. Cal. Mar. 7, 2016)).

### 4) Quizlet is a direct copyright infringer because it sold Barkley's copyrighted works.

The complaint alleges: Quizlet made and continues to make products that copy the total image of Barkley's products…." (¶ 18). "Quizlet's sale of infringing testing material, including digital PDFs, infringes Barkley's exclusive right to sell copies of the copyrighted work, and to publicly display the copyrighted work …." "… Quizlet unlawfully trespassed into Barkley's exclusive domain by creating and selling unauthorized versions of Barkley's copyrighted work." "Quizlet sells products that copy Plaintiff's copyrighted materials. Quizlet also publishes and displays, every day,

throughout the internet on its website and on the sites of Quizlet's authorized e-commerce re-sellers, labels that infringes Barkley's copyrighted material." (¶¶ 45–47).

The cases Quizlet cites are irrelevant to this case. *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042 (9th Cir. 2020), involved the installation of a patch to Oracle software. *Id.* at 1053. The court was reviewing a jury verdict based on Hewlett Packard installing software patches. *Id. Fox Broad. Co. v. Dish Network LLC*, 747 F.3d 1060 (9th Cir. 2014), involved PrimeTime Anytime, a feature on Dish Network boxes. This feature allows a user to set a single timer to record all primetime programming on the four major broadcast networks. The relevant issue was whether the user who sets timers or Dish causes the copying. The court affirmed the district court's denial of a preliminary injunction because it agreed that the user, not Dish, caused the copy. *Id.* at 1067.

In *VHT Inc. v. Zillow Grp., Inc.*, 918 F.3d 723 (9th Cir. 2019), VHT is a photographic service of real estate, and Zillow is a website that displays photographs of homes. Zillow has licenses with brokers, agents, and listing services that provide photos to Zillow. *Id.* at 730. The court held VHT failed to submit "'evidence showing [the alleged infringer] exercised control (other than by general operation of [its website]); selected any material for upload, download, transmission, or storage; or instigated any copying, storage, or distribution' of its photos." *Id.* at 732.

The complaint here is different. It alleges Quizlet obtains Barkley's copyrighted works, sells them, and uses them to train Quizlet+AI.

### 5) Fair use, an affirmative defense, is an improper subject for a motion to dismiss.

Fair use is an affirmative defense, *Monge v. Maya Magazines, Inc.*, 688 F.3d 1164, 1170 (9th Cir. 2012), and "[o]rdinarily, affirmative defenses ... may not be raised on a motion to dismiss." *U.S. Commodity Futures Trading Comm'n v. Monex Credit Co.*, 931 F.3d 966, 972 (9th Cir. 2019).

Deciding copyright fair use requires weighing these four factors: (1) "the purpose and character of the use, including whether such use is of a commercial nature"; (2) "the nature of the copyrighted work"; (3) "the amount and substantiality of the portion used in relation to the copyrighted work as a whole"; and (4) "the effect of the use upon the potential market for or value of the copyrighted work." 17 U.S.C. § 107(1)–(4). Though Quizlet discusses the statute's elements, its arguments show the ruling requires deciding and then weighing those elements. That is not the proper function of motions to dismiss.

Quizlet discusses the accused users by trying to explain how its QChat outputs content. But how Quizlet copies and sells Barkley's copyrighted materials is the infringement even if the output is transformative.

Quizlet next argues its use is not commercial but is transformative. The cases it cites, *Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), and *Lewis Galoob Toys, Inc. v. Nintendo of Am., Inc.*, 964 F.2d 965 (9th Cir. 1992), *as amended* (Aug. 5, 1992), do not apply here. *Sony* is not a fair use decision. In *Sony*, users copied broadcast movies on Sony's Betamax video tape recorders. Sony, 464 U.S. at 420. "[Sony] do not supply Betamax consumers with respondents' works; respondents [Universal] do. Petitioners supply a piece of equipment that is generally capable of copying the entire range of programs that may be televised." *Id*. at 436. The Court also found that the Betamax had many non-infringing uses including time shifting. *Id.* at 443. Quizlet cannot make such an argument here, and certainly not in a motion to dismiss.

*Galoob* also does not apply here. Galoob sold a device inserted between a game cartridge and Nintendo's video game system that allowed users to change the play of Nintendo's system's games. Finding for Galoob, the court held it created no independent work. The device "merely enhances the audiovisual displays (or underlying data bytes) that originate in Nintendo game cartridges. The altered displays do not incorporate a portion of a copyrighted work in some concrete or permanent *form*."

| Barkley's Oppos. to Quizlet's Motion to Dismiss Amd. Compl. | 10 | Barkley & Associates v. Quizlet No.: 2:24-cv-05964 WLH(Ex) |

*Galoob*, 964 F.2d at 968. Here, Quizlet copies Barkley's entire works and uses them to train its AI.

Quizlet next argues it only copies enough for its flash cards. That is a small part of the infringement claim, which alleges Quizlet sells Barkley's copyrighted works and uses the works to train its AI.

The market effect, Quizlet's fourth argument only argues facts, improper for a motion to dismiss. And the "facts" have no support.

Quizlet then argues if Barkley prevails, it will acquire a monopoly over test preparation materials for nursing studies. This hyperbole ignores that Quizlet could study nursing tests, create its own materials, or buy or license materials from another source. Copyright law itself creates a very narrow monopoly in exchange for the benefit to the public provided by the author creating the work.

## C.   CONCLUSION

This opposition showed Barkley pled its trademark and copyright claims so they are proper under FED. R. CIV. P. 8(a). The issues Quizlet raises require factual determinations that are not the function of FED. R. CIV. P. 12(b)(6).

Barkley requests that the Court deny Quizlet's motion to dismiss.

May 30, 2025

/s/ Brian Tamsut
Brian Tamsut
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Barkley & Associates, Inc.

## CERTIFICATE OF COMPLIANCE UNDER L.R. 11-6.2

The undersigned counsel of record for Plaintiff Barkley & Associates, Inc. certifies that this brief contains 3070 words, which complies with the word limit of L.R. 11-6.1.

May 30, 2025

/s/ Brian Tamsut
Brian Tamsut
SOCAL IP LAW GROUP LLP

Attorney for Plaintiff Barkley & Associates, Inc.