Colin V. Quinlan (SBN 332225)
colin.quinlan@wilsonelser.com
Adam R. Bialek (*pro hac vice*)
adam.bialek@wilsonelser.com
Sarah Fink (*pro hac vice*)
sarah.fink@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP**
555 South Flower Street, Suite 2900
Los Angeles, California 90071
Telephone:   (213) 443-5100
Facsimile:    (213) 443-5101

Attorneys for Defendant Quizlet, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> QUIZLET, INC., <br><br> Defendant. | Case No. 2:24-cv-05964-WLH-E <br><br> **DEFENDANT QUIZLET, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT** <br><br> Date:       June 20, 2025 <br> Time:      10:00 a.m. <br> Location:  W. 1st Street, Courtroom 9B <br><br> Honorable Wesley L. Hsu <br><br> [*Filed concurrently with Declaration of Sarah Fink*] |

## I.   INTRODUCTION

The Court has before it all facts, construed as true and in the light most favorable to Plaintiff Barkley & Associates, Inc. ("Barkley & Associates" or "Plaintiff"), that it needs to decide this case. Further delay and expensive discovery will not provide any information that would interfere with the grant of the dismissal. Indeed, for purposes of the Motion to Dismiss ("MTD") the First Amended

Complaint ("FAC"), Defendant Quizlet, Inc. ("Quizlet" or "Defendant") treats all of the pled facts that are not contradicted by Plaintiff's own statements and actions as true, and still, the FAC should be dismissed on the merits.[1]

In its Opposition ("Opp."), Plaintiff, predictably, argues that dismissal is premature at this stage of the litigation because the grounds presented for dismissal are more properly considered at summary judgment. Plaintiff also avers that Quizlet argued that the facts were not true to arrive at the conclusion that the case should be dismissed. Plaintiff, however, fails to detail which pled facts Quizlet argues are false, and also fails to identify which facts must still be adduced during discovery. There are none (aside for some facts that are blatantly false as evidenced by Plaintiff's own statements and actions).

The only argument for dismissal of the copyright infringement claims in the MTD that Plaintiff opposes is that any use of the asserted works on Quizlet's platform is fair use.[2,3] Plaintiff focuses its argument on the alleged wholesale copying of its asserted content. This, however, is the wrong focus. Instead, the inquiry must concentrate on the purpose of the copying. Here, the purpose is transformative and does not create a market substitute; all accused uses are therefore fair use. This is so even if Plaintiff's extreme claim that the uploads to Quizlet are wholesale copies of the asserted content is credited.[4]

---

[1] Quizlet agrees to treat all pled facts as true only for purposes of deciding this MTD. In reality, many of the pled facts are not true, as has already been borne out during the first discovery phase of this matter. An additional fact not addressed in the first discovery phase that Quizlet will refute if the case is not dismissed on this MTD is that Quizlet trains an AI model with Plaintiff's asserted works. However, the FAC can be dismissed even if this allegation is assumed to be true.

[2] Plaintiff's failure to address the other arguments should be deemed a concession warranting dismissal.

[3] Quizlet's treatment for purposes of the MTD regarding the truth of the pled "facts" described in this Reply apply to all arguments made in the MTD.

[4] This allegation is not supported by the screenshots and examples included in the FAC. Further, since the content that third-party users upload to Quizlet is flashcards

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

314448234v.1

With respect to the trademark infringement and related competition claims, Quizlet's arguments for dismissal do not require a factual development and consideration of the *Sleekcraft* factors. There has been no trademark infringement and no implication of the source-identification function of trademark law.

In sum, there is nothing left for the Parties to discover that may compel a conclusion other than dismissal of this case in whole and with prejudice. Accordingly, Quizlet now asks this Court to dismiss this matter.

## II.  ARGUMENT

### A.    The Court Must Take All Pled Facts as True, Aside from Those That Are Contradicted by Plaintiff's Own Statements or Actions.

The most damning facts alleged in the FAC (accepted as true only for the purpose of this motion) are that: (1) Quizlet uploads content to its website that infringes Plaintiff's asserted works, FAC ¶ 11; (2) "Quizlet actively pursued potential customers for counterfeit goods," FAC ¶ 16; (3) some of the uploaded content "copy the total image" of Plaintiff's works, FAC ¶ 18); (4) Plaintiff's works "have achieved widespread recognition and fame throughout the United States," FAC ¶ 22; (5) "Quizlet sells products that copy Plaintiff's copyrighted materials," FAC ¶ 47; (6) "[f]eeding Barkley copyright materials to a generative AI necessarily requires Quizlet to make an unauthorized copy of Barkley copyright materials," FAC ¶ 55, *see also* FAC ¶¶ 106, 135; (7) Quizlet's "users may use AI generated from Barkley flashcards, quizzes and materials to generate flashcards, quizzes and materials," FAC ¶ 110; and (8) the AI is used to generate "derivative works of Barkley's copyrighted works," FAC ¶ 110.[5]

The Court must construe these pled facts as true, with some exceptions.

and Plaintiff does not offer flashcards, this allegation cannot be true. Nevertheless, even assuming that this false statement is true, the accused activity is still fair use.

[5] As already explained in the MTD, Plaintiff's assertion that its copyrights are *prima facie* valid is based on the false premise that all the applications for registration were filed within five years of their first use.

*First*, Plaintiff's own statements and actions compel the conclusion that Quizlet's third-party users, not Quizlet, upload content to Quizlet's website. Plaintiff engaged in the Digital Millenium Copyright Act ("DMCA") "takedown procedure" with Quizlet for years before filing suit against Quizlet. *See* Declaration of Sarah Fink Ex. A (November 22, 2024 Hearing Tr.) 9:18-9:20 ("[Plaintiff] has filed many DMCAs, probably over 10." (all caps removed)). The DMCA takedown procedure is designed specifically for instances in which a platform's users, not the platform itself, uploads content. Had Plaintiff truly believed that Quizlet itself uploaded content, it would not have engaged in the DMCA process. Further, Plaintiff has asked this Court and another Court within this district to Order Quizlet to reveal the identities of its users who uploaded the accused content to the platform. *See* Case No. 25-mc-0010-WLH-E, Dkt. 1; Case No. 24-cv-05964-WLH-E, Dkt. 39. If it was Quizlet itself that uploaded the content, Plaintiff would not have asked for these users' identities. However, even taking the FAC at face value and assuming that Quizlet itself uploaded content, the use is still fair use and not infringing.

*Second*, the allegation that Quizlet sells "counterfeit goods" is not a factual allegation, but a legal conclusion that need not be credited. Whether something is a "counterfeit" is a legal conclusion based on the statutory definition of "counterfeit." *See* 15 U.S.C. § 1127 ("A 'counterfeit' is a spurious mark which is identical with, or substantially indistinguishable from, a registered mark.").

*Third*, the allegation that Plaintiff has achieved "fame" throughout the United States is not a factual allegation, but a legal conclusion. In the trademark context, a "famous" mark is one that "is widely recognized by the general consuming public of the United States as a designation of source of the goods or services of the mark's owner." 15 U.S.C. § 1125(c)(2)(A). Thus, the Court need not credit this allegation.

*Fourth*, the allegation that Plaintiff has "flashcards" that are used to produce AI-generated flashcards is demonstrably false: Plaintiff does not claim to sell flashcards in its trademark registrations, does not include flashcards in the

4

description of its goods in the FAC (FAC at ¶ 1, 7, 41), and does not offer flashcards as a product on its website (incorporated into the FAC).

*Fifth,* the allegation that the AI is used to generate "derivative works" is not a factual allegation, but a legal conclusion that need not be credited by the Court. Moreover, Plaintiff fails to assert how anything original and non-factual in its asserted works are used to generate a "derivative work." The mere fact that there may be some similarity between the subject of the content is solely due to the object of the factual materials, *i.e.* preparation for the tests issued by third-party governing bodies responsible for the certification of nurses (a market that Plaintiff cannot own).

Other facts pled by Plaintiff that must be construed as true provide strong support for Quizlet's position that the accused uses are not infringing. These include that (1) a user reached out to Plaintiff to thank it for providing materials posted to Quizlet (FAC at ¶ 88); (2) the output of the AI is as described in FAC ¶¶ 111-133; (3) the "AI generates different topics each time. Q-chat is designed to evolve continuously, starting with a randomly selected flashcard topic and then providing definitions and guidelines before leading into a question" (FAC at ¶ 113); (4) that users must push a "button" to choose a study mode (FAC at ¶ 119); and (5) that users "set parameters" for a practice test generated by the AI (FAC at ¶ 122).

**B.    Quizlet Asks the Court to Recognize the Truth of the Following Facts that are not Expressly Stated in the FAC, but are the Only Plausible Conclusions from Express Statements in the FAC[6]**

---

[6] Plaintiff argues that, with respect to the fourth fair use factor, the market effect, Quizlet "only argues facts." Opp. at 15. This is not so. Quizlet argues that a showing of market harm would need to establish, *inter alia*, five facts, and that each of these facts is implausible to the extreme. For example, it is not plausible that (a) a student who purchased content from Plaintiff and then uploaded that content to Quizlet considers Quizlet to be a substitute for Plaintiff's works (required fact 2); and (b) that students who use the AI features available on Quizlet consider the output of the

*1. Plaintiff does not write or administer the tests on which its study materials are based and, therefore, does not select the facts to include in its study materials*

Plaintiff alleges that it "creates a variety of study materials including printed study manuals, practice questions, digital study materials, recorded courses" (FAC at ¶ 1) and "home courses…textbooks, recordings of classes, and other study materials." (FAC at ¶ 7.) Plaintiff does not allege that it creates or writes the tests on which the study materials are based. Plaintiff's website, incorporated into the FAC at ¶ 7, lists the organizations that administer the various exams, and states that "customers will PASS national certification exams by any of these organizations": American Academy of Nurse Practitioners Certification Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical-Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and National Certification Corporation (NCC). *See* https://www.npcourses.com/about-us/ (last visited June 5, 2025). Plaintiff's materials, if Plaintiff's claim of efficacy in helping student pass tests is to be credited, must be based on the tests themselves. These are national certification exams and are not written by Plaintiff (nor has Plaintiff alleged that they are).

*2. The content in the asserted works is factual*

Because the asserted works are designed to prepare students for nursing exams, it is necessary that the content is factual. Plaintiff has conceded this point in its Opposition: "Barkley's works admittedly are factual." Opp. at 10.

**C.    Further Discovery Would Adduce No Facts Better for Plaintiff than Those Accepted as True for Purposes of This Motion to Dismiss**

While the fair use defense is usually teed up at summary judgment, courts can resolve it on the pleadings if the complaint contains "facts sufficient to evaluate

---

AI to be a substitute for the content already allegedly available on Quizlet without the use of AI.

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

314448234v.1

each of the statutory factors." *Bell v. Eagle Mt. Saginaw Indep. Sch. Dist.*, 27 F.4th 313, 320 (5th Cir. 2022) (internal quotation marks omitted) (quoting *Harper & Row, Publrs. v. Nation Enters.*, 471 U.S. 539, 560 (1985)). When discovery is needed to flesh out how these factors tilt, a ruling at the pleading stage is premature. But, as with other affirmative defenses, if the complaint sets forth all the ingredients of a successful fair-use defense, discovery is unnecessary. *Id*. at 321 (citing *Fisher v. Dees*, 794 F.2d 432, 436 (9th Cir. 1986)).

In this case, further discovery would not reveal any facts that would change the analysis presented here and in the MTD: for purposes of this MTD, all pled facts are to be considered as true, including the most damning of those facts, *see supra* Section II.A. Further discovery would be redundant and is not necessary.

Moreover, Plaintiff, being represented by counsel, having had two chances to plead its case, having the benefit of a preview (in the first MTD) of Quizlet's arguments regarding the insufficiency of the facts alleged in the original complaint, and having the benefit of months of discovery, now claims that it is not reasonable for the Court to conclude that it has pled its best case. (Opp. at 11.) Plaintiff should not be afforded such leeway.

**D.    The Complaint Does Not State a Cause of Action for Copyright Infringement**

Plaintiff's Opposition to dismissal of the copyright infringement claims on fair use grounds is directed almost exclusively to arguments regarding training an AI model. Quizlet, however, moves to dismiss all of the copyright infringement claims on many grounds, including fair use. Plaintiff's failure to address these points should be deemed as a concession warranting dismissal.

*1.   The copyright fair use analysis for training AI models looks to the ultimate purpose of the AI*

All authorities to have considered and opined on whether training AI models on copyrighted materials is fair use agree that that such training, in some cases, may

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

314448234v.1

be non-infringing fair use. These authorities also all agree, relying on the Supreme Court's most recent case concerning fair use, that the fair use analysis for training AI should focus on the ultimate purpose of the output of the AI. *See Andy Warhol Found. for the Visual Arts, Inc. v. Goldsmith,* 598 U.S. 508, 533 (2023) ("The fair use provision, and the first factor in particular, requires an analysis of the specific 'use' of a copyrighted work that is alleged to be 'an infringement.' The same copying may be fair when used for one purpose but not another." (quoting 17 U.S.C. § 107)). These authorities include the U.S. Copyright Office (*see* Copyright and Artificial Intelligence, Part 3: Generative AI Training 36-37 (pre-publication version, May 2025)); the leading Copyright treatise, 5 Nimmer on Copyrights § 20.05; and Judge Bibas's opinion in *Thomson Reuters Enter. Centre GMBH v. Ross Intelligence, Inc.*, 765 F. Supp. 3d 382 (D. Del. 2025).

In the face of this authority, Plaintiff addresses the fair use argument regarding training an AI model in its Opposition as follows: "Quizlet discusses the accused users [sic] by trying to explain how its QChat outputs content. But how Quizlet copies and sells Barkley's copyrighted materials is the infringement even if the output is transformative." *See* Opp. at 14. Plaintiff is simply wrong.

Plaintiff's arguments regarding *Sony Corporation of America v. Universal City Studios, Inc.*, 464 U.S. 417 (1984), and *Lewis Galoob Toys, Inc. v. Nintendo of America, Inc.*, 964 F.2d 965 (9th Cir. 1992), as amended (Aug. 5, 1992), relying on how much of the asserted work was copied, are inapposite, and also factually wrong. How much is copied is not the operative question. Rather, *why* the copying is done is the proper inquiry. *Andy Warhol Foundation*, 598 U.S. at 533. Further, despite Plaintiff's arguments, *Sony* and *Galoob* were decided based on the ultimate purpose of the use, not based on the act of copying. Here, the ultimate purpose, to provide customized, interactive, dynamic and unlimited study materials, is fair use, as explained at length in the MTD.

## 2. *Any protection of the asserted works is limited*

Quizlet argues, and Plaintiff appears to concede, that, since its works are "admittedly" factual, the compilations into which they are incorporated "receive only limited protection." Opp. at 10 (quoting *Experian Info. Sols., Inc. v. Nationwide Mktg. Servs.*, 893 F.3d 1176, 1183 (9th Cir. 2018)).[7] The doctrines of merger and *scènes à faire* further limit any copyright protection to which the asserted works may be entitled.

Plaintiff points to Quizlet's identification of the "story" of a patient going to a nurse for a diagnosis or treatment as the "creative" (and, therefore, presumably protected) aspect of its works. About this "story," Plaintiff argues, "Perhaps if Barkley only listed all ailments a 25-year-old woman could have, Quizlet might show the quote is only unprotectable facts. But that is not what the quote shows. It shows Barkley's selection of facts and their arrangement into a story for purposes of education and testing." Opp. at 11. In other words, Plaintiff agrees with Quizlet that it is the "story" portion that is the possibly protected element of its work.

This "creativity," consisting of translating a list of symptoms to a "story" of a patient coming into a nurse's office with those symptoms, is a commonplace idea, as anyone who has ever studied for or taken a standardized exam (such as the SAT, LSAT, or any state's bar exam) can attest. Grounding a question in a "story" is a well-known study tool to help students conceptualize factual information. This "story," thus, merits little or no protection. *See, e.g., Gray v. Hudson*, 28 F.4th 87, 97-98 (9th Cir. 2022) ("Under the *scènes à faire* doctrine, when certain

---

[7] Plaintiff attempts to align this case with *Experian*, in which the asserted works were factual, but compiled from "numerous and sometimes conflicting sources," yet the accused uses were still found to be infringing. *Experian*, 893 F.3d at 1184 (internal quotation marks omitted). This case, however, is distinguishable from *Experian* in a dispositive way: Each of Plaintiff's study guides is directed to a single test issued by a single testing and certification body, and there are, therefore, no "numerous and conflicting sources."

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
314448234v.1

commonplace expressions are indispensable and naturally associated with the treatment of a given idea, those expressions are treated like ideas and therefore not protected by copyright." (quoting *Swirsky v. Carey*, 376 F.3d 841, 850 (9th Cir. 2004))).

### 3. The consequences of limited copyright protection include a higher burden to show infringement and a strong likelihood of fair use

That the asserted content enjoys limited, if any, protection has at least two relevant consequences. First, a *prima facie* showing of infringement requires copying of the specific elements that merit protection. "Because the requirement is one of substantial similarity to protected elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Gray*, 28 F.4th at 96 (internal citations omitted). This is so because copyright protection does not "extend to common or trite musical elements, or commonplace elements that are firmly rooted in the genre's tradition. These building blocks belong in the public domain and cannot be exclusively appropriated by any particular author." *Id*.

In compilations of study materials such as Plaintiff's works, the possibly protected elements are the arrangement and exact expression used in the asserted works. *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 349-51 (1991). Here, the arrangement of the accused content on Quizlet's site, as demonstrated by every example included in the FAC, is not a copy of the arrangement and expression in the asserted works. For example, the content is uploaded to Quizlet's platform by third-parties and displayed in the form of flashcards, *see, e.g.*, FAC Ex. A, a form not asserted or offered by Plaintiff. Each flashcard contains one question or term; this is a far cry from the arrangement of a textbook, course (live or pre-recorded), or study guide claimed by Plaintiff to be infringed, FAC ¶ 41. The flashcards also do not contain the same expression, being rife with the students' shorthand and typos as uploaded by the third-party to Quizlet's platform.

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT

314448234v.1

Second, a secondary use of a work that enjoys only thin protection is more likely to be fair use than the use of a work with robust protection, *Andy Warhol Foundation*, 598 U.S. at 547, strongly supporting a finding of fair use for every type of accused use. Protection of factual works is not the purpose of the copyright laws.

**E.    The FAC fails to state a cause of action for trademark infringement**

Plaintiff bases its argument regarding trademark infringement on Quizlet's omission of a discussion of the factual *Sleekcraft* factors. Opp. at 6. Here, the accused uses do not rise to trademark infringement because there has been no "use" of any trademark, let alone a use by Quizlet, and the accused use does not implicate the source-identification function of trademark because it is nominative fair use.

Plaintiff does not dispute that the other competition claims rise and fall with the trademark infringement claims. *See* Opp. at 9.

## III.    CONCLUSION

For the foregoing reasons and the reasons described in the MTD, Quizlet respectfully requests that this Court dismiss Plaintiff's FAC in its entirety and with prejudice for failing to state claims upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Quizlet further requests that this Court award any further and different relief it deems just and proper.

Dated: June 6, 2025

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
Colin V. Quinlan
Adam R. Bialek
Sarah Fink

Attorneys for Defendant Quizlet, Inc.

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
314448234v.1

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Quizlet, Inc., certifies that this brief contains 3,429 words, which complies with the word limit of L.R. 11-6.1 and Section G.4 of the Court's Civil Standing Order, Dkt. No. 12.

Dated: June 5, 2025                     By:   */s/ Colin V. Quinlan*
                                              Colin V. Quinlan

QUIZLET'S REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AMENDED COMPLAINT
314448234v.1