UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUIZLET, INC., <br><br> Defendants. | Case No.: 2:24-cv-05964-WLH-E <br><br> **ORDER RE MOTION TO BIFURCATE DISCOVERY [89]** |

Before the Court is Defendant Quizlet, Inc.'s Motion to Bifurcate Discovery ("Motion"). (Dkt. 89). For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## I. BACKGROUND

This is a copyright and trademark infringement case. Plaintiff Barkley & Associates, Inc. ("Barkley") alleges that Defendant Quizlet, Inc. ("Quizlet") unlawfully distributed Barkley's proprietary test preparation materials on its platform, including through AI-generated content. Barkley asserts claims for direct and vicarious copyright infringement, trademark infringement and related unfair competition. (*See* Complaint, Dkt. 1).

On November 1, 2024, the Court denied Quizlet's motion to dismiss, finding that safe harbor protection under the DMCA is an affirmative defense not appropriate

1  for resolution at the pleading stage.  The Court ordered limited discovery focused on
2  Quizlet's takedown practices, emphasizing that it would allow early summary
3  judgment to promote efficiency.  (*See* Nov. 1, 2024 Hr'g Tr.).

4      Discovery disputes followed, including Barkley's failure to produce a prepared
5  Rule 30(b)(6) witness.  The Court granted Quizlet's motion for sanctions, ordered
6  Barkley to produce a new witness and extended the deposition deadline to June 14,
7  2025.  (Dkts. 79, 95).  During this discovery period, Barkley requested damages-
8  related financial data, which Quizlet declined to produce, citing the Court's earlier
9  limitation on discovery scope.  The Court confirmed that damages discovery was
10 premature at that stage.  (*See* Nov. 22, 2024 Hr'g Tr. 7:7-7:9).

11     Quizlet now seeks to bifurcate discovery into separate liability and damages
12 phases and filed the present Motion on May 21, 2025.  (Mot., Dkt. 89).  Barkley filed
13 its Opposition on May 30, 2025.  (Opp'n, Dkt. 94).  Quizlet filed its Reply on June 6,
14 2025.  (Reply, Dkt. 97).

15 **II.   DISCUSSION**

16     Federal Rule of Civil Procedure 42(b) authorizes a court to order separate trials
17 or proceedings on particular issues or claims "for convenience, to avoid prejudice, or
18 to expedite and economize."  Fed. R. Civ. P. 42(b); *Estate of Diaz v. City of Anaheim*,
19 840 F.3d 592, 603 (9th Cir. 2016).  Courts have broad discretion to sequence
20 discovery where doing so promotes efficiency without unfairly prejudicing either
21 party.  *Ellingson Timber Co. v. Great N. Ry. Co.*, 424 F.2d 497, 499 (9th Cir. 1970).
22 One goal of Rule 42(b) is to allow parties to defer potentially burdensome discovery
23 on damages or other secondary issues while threshold legal questions are resolved.
24 *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

25     Bifurcation is especially appropriate where early resolution of a central issue
26 could render further litigation unnecessary.  *O'Malley v. U.S. Fid. & Guar. Co.*, 776
27 F.2d 494, 501 (5th Cir. 1985).  In *Smith v. Alyeska Pipeline Serv. Co.*, for example,
28 the court granted bifurcation where damages discovery would have been complex and

the legal defenses, if successful, would eliminate the need to reach that phase. 538 F. Supp. 977, 984 (D. Del. 1982). And while courts sometimes deny bifurcation where liability and damages overlap, bifurcation is still appropriate when it avoids unnecessary expert discovery and production of sensitive business records. *See Drennan v. Maryland Cas. Co.*, 366 F. Supp. 2d 1002, 1008 (D. Nev. 2005) (declining to bifurcate discovery in that case but recognizing that bifurcating trial was appropriate where threshold issue could dispose of case).

In evaluating a request to bifurcate discovery, courts consider factors such as the complexity of the case, the degree of overlap between liability and damages issues, the risk of prejudice or confusion, and whether separating phases will promote efficiency. *Moreno v. NBCUniversal Media, LLC*, No. CV 13-1038 BRO (VBKx), 2013 WL 12123988, at *2 (C.D. Cal. Sept. 30, 2013) (citing *Calmar, Inc. v. Emson Research, Inc.*, 850 F. Supp. 861, 866 (C.D. Cal. 1994)). The burden rests with the party seeking bifurcation to demonstrate that doing so will "promote judicial economy and avoid inconvenience or prejudice to the parties." *Spectra-Physics Lasers, Inc. v. Uniphase Corp.*, 144 F.R.D. 99, 101 (N.D. Cal. 1992).

Here, the Court finds that bifurcating discovery into separate liability and damages phases is appropriate and promotes efficiency. This case involves threshold defenses—namely, DMCA safe harbor and fair use—that, if successful, would dispose of Plaintiff's copyright claims in their entirety. (Mot. at 10-11). Requiring the parties to proceed with full damages discovery, especially expert disclosures, damages modeling and production of sensitive financial and advertising data, before resolving these threshold issues would undermine the efficiency the Court originally intended. (Mot. at 12). Quizlet represents that damages discovery would require production and analysis of voluminous financial data and third-party metrics, the engagement of multiple experts and potential exposure of competitively sensitive business information. *Id.* The Court finds those representations credible and agrees

3

that deferring such discovery until after a ruling on dispositive defenses would conserve resources for both parties.

This case is analogous to *Smith*, where the court granted bifurcation because resolving the initial liability issue could moot the need for complex damages discovery. 538 F. Supp. at 984. Barkley's arguments concerning settlement and general delay do not outweigh the tangible efficiency gains and cost savings likely to result from staging discovery. (*See* Opp'n at 3).

Accordingly, the Court concludes that bifurcation under Rule 42(b) is appropriate at this stage and will allow the parties to focus on resolving liability before proceeding, if necessary, to damages discovery.

### III.  CONCLUSION

For the reasons stated above, and in light of the Court's discretion under Rule 42(b) to manage the sequence of discovery in the interest of efficiency and judicial economy, the Court **GRANTS** Defendant's Motion to Bifurcate Discovery. Discovery shall proceed in two phases: (1) liability, and, if necessary, (2) damages.

**IT IS SO ORDERED.**

Dated:  June 20, 2025

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE