UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:24-cv-05964-WLH-E | Date | September 11, 2025 |
| Title | *Barkley & Associates, Inc. v. Quizlet, Inc.* | | |

Present: The Honorable    WESLEY L. HSU, United States District Judge

| Holidae Crawford | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**   ORDER DENYING STIPULATION RE SEALING [81]

On April 14, 2025, Plaintiff Barkley & Associates, Inc. ("Plaintiff") and Defendant jointly filed a stipulation (the "Stipulation") (Dkt. 81) requesting that Plaintiff's Motion for Leave to File a First Amended Complaint (Dkt. 57), supporting memorandum (Dkt. 57-1), and supporting declaration be filed under seal, with redacted versions lodged on the public docket. The Court, having considered Plaintiff's Stipulation hereby **DENIES** the Stipulation without prejudice.

I.    **ANALYSIS**

The Ninth Circuit has acknowledged that there is a strong presumption in favor of access to court records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citations omitted). "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). The purpose of the right is rooted in the public's interest in "keep[ing] a watchful eye on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

workings of public agencies." *Nixon*, 435 U.S. at 598.  While a "compelling reason" standard applies to sealing records in dispositive motions, the lower "good cause" standard applies to non-dispositive motions.  *See e.g. Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) ("In light of the weaker public interest in nondispositive materials, we apply the "good cause" standard when parties wish to keep them under seal.").  The "good cause" standard looks to "balancing the needs for discovery against the need for confidentiality." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir.2002)).

As an initial matter, the Court finds that the lower good cause standard applies because this is a non-dispositive motion.  Using the good cause standard, Defendant argues that it has good cause because the documents contain confidential and proprietary company information.  Plaintiff Barkley's position is that the underlying content eventually will need to be marked as non-confidential and unredacted because the underlying information is not actually confidential.

Under Local Rule 79-5.2.2, sealing must be narrowly tailored to protect only sealable material.  The stipulation does not include the required highlighted unredacted versions, conspicuously labeled "UNREDACTED VERSION OF DOCUMENT PROPOSED TO BE FILED UNDER SEAL," with any proposed redactions highlighted. Without that, the Court cannot verify whether the content of the redactions are properly "narrowly tailored." L.R. 79-5.2.2(a)(iv).

//
//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

**II.     CONCLUSION**

To the extent the parties seek to seal the entirety of Dkts. 57, 57-1, or the supporting declaration, and have failed to submit an unredacted and highlighted version, that request is **DENIED** without prejudice.

**IT IS SO ORDERED.**