TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
ARMEN N. NERCESSIAN (CSB No. 284906)
anercessian@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:  415.875.2300
Facsimile:   415.281.1350

DIANA C. BUCK (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone:  650.988.8500
Facsimile:   650.938.5200

Attorneys for Defendant QUIZLET, INC.

FENWICK & WEST LLP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>QUIZLET, INC.,<br><br>Defendant. | Case No.: 2:24-cv-5964-WLH-E<br>Judge: Hon. Wesley L. Hsu<br>Magistrate Judge: Hon. Charles F. Eick<br><br>**JOINT RULE 26(f) REPORT** |

Pursuant to the Court's order setting the scheduling conference (Dkt. 109), issued October 1, 2025, Plaintiff Barkley & Associates, Inc. ("B&A") and Defendant Quizlet, Inc. ("Quizlet"), by and through their counsel of record, hereby submit this Joint Rule 26(f) Report.

## 1.   STATEMENT OF THE CASE

B&A is an international nurse practitioner continuing education company that creates test preparation and other study materials for graduate nursing students studying to become certified nurse practitioners.  Quizlet operates a website that

allows users to create and upload digital flashcards on any subject of their choice from content that they add. Quizlet also offers automated tools that help students study content they add.

B&A alleges copyright and trademark claims, as well as related causes of actions, against Quizlet, based on purported use of protected B&A materials on the Quizlet website. In particular, B&A alleges (i) that Quizlet users uploaded materials containing B&A copyrighted content and/or B&A marks to Quizlet and (ii) that Quizlet reproduced and/or used B&A's materials to train and power AI features that output content substantially similar to B&A content.

Quizlet denies liability on many grounds. It disputes the protectability of B&A's asserted works and/or marks, as well as copying of any protected expression owned by B&A. Quizlet denies that it engaged in any volitional conduct or acts that could support a vicarious liability claim, and that there is any likelihood of consumer confusion or actionable trademark use. In addition, Quizlet asserts, among other things, that any liability for copyright infringement is limited by the safe harbor protections of the Digital Millenium Copyright Act ("DMCA"), 17 U.S.C. § 512. (Quizlet includes a full list of its affirmative defenses with its answer. Dkt. 108.) Quizlet denies that it trains or creates large language models from content users upload or that it permits others to do so.

**2.     SUBJECT MATTER JURISDICTION**

This action arises under the trademark laws of the United States, 15 U.S.C. § 1051 *et seq.*, and under the copyright laws of the United States, 17 U.S.C. § 501 *et seq.*, and California and statutory unfair competition under California law. This Court has subject matter jurisdiction over this action under 15 U.S.C. § 1121 and 28 U.S.C.§§ 1331 and 1338(a) and (b) because Plaintiff's federal claims arise under the Lanham Act, 15 U.S.C. § 1051 *et seq.* and the Copyright Act, 17 U.S.C. § 501 *et seq.* This Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338 (copyrights and trademarks), and 15 U.S.C. § 1121 (Lanham Act and

Fenwick & West LLP

unfair competition). This Court has subject matter jurisdiction over Plaintiff's related California claims (Fifth and Sixth Claims for Relief) under 28 U.S.C. §§ 1338(b) and 1367 because the state law claims are claims of unfair competition when joined with a substantial and related claim under the copyright or trademark laws.

**3.    LEGAL ISSUES**

Defendant's Position

Quizlet asserts that this case raises at least the following issues:

- Whether Quizlet engaged in any affirmative or volitional conduct could support a claim for copyright or trademark infringement, or any related cause of action;

- Whether and to what extent the asserted materials constitute protectable expression under copyright, e.g., because they are factual;

- Whether and to what extent the accused uses are substantially similar to copyrightable elements of the asserted materials;

- Whether and to what extent the accused uses constitute protected fair uses under copyright or trademark law;

- Whether there is any actionable likelihood of consumer confusion;

- Whether Quizlet is eligible for safe harbor protection under the DMCA;

- Whether B&A properly considered fair use before issuing DMCA notifications; and

- Whether and to what extent B&A is entitled to the remedies that it asserts, including for copyright statutory damages.

Plaintiff's Position

- Quizlet is liable for copyright infringement because it copied B&A's registered copyrights and sold them to third parties.

- Quizlet is also liable for copyright infringement because it used B&A's copyrighted material to train Quizlet's artificial intelligence program.

- Quizlet cannot rely on the safe harbor provisions of the Copyright Act

RULE 26(f) REPORT                              3                    Case No.: 2:24-cv-5964-WLH-E

FENWICK & WEST LLP

FENWICK & WEST LLP

because it ignored take down requests or did not fully comply with its obligations under the DMCA.

- Quizlet is liable for trademark infringement because it used B&A trademarks on its website to entice users to visit the Quizlet website to view B&A materials and to purchase B&A's materials from Quizlet instead of buying them from B&A's website.

- Quizlet is liable for copyright infringement because it profited from allowing users to upload B&A Copyright protected materials without a license.

- Quizlet does not qualify for safe harbor under the DMCA because it routinely ignores requests or only partially takes down material.

- Quizlet is liable for trademark infringment because it used B&A trademarks to entice users to visit the Quizlet website to view B&A materials instead of visiting B&A's website. For example, Quizlet created copies of copyright protected B&A materials that included B&A trademarks with the messaging "study online at [sic]quizlet.com"

**4.    PARTIES, EVIDENCE, ETC.**

The parties are as follows:

- Plaintiff, Barkley & Associates, Inc., is a California corporation registered to do business in California with a business address at 8060 Melrose Avenue, Suite 230, Los Angeles, CA 90046.

- Defendant, Quizlet, Inc., is a Delaware corporation registered to do business in California with a business address at 123 Townsend Street, Suite 600, San Francisco, CA 94107.

The percipient witnesses are as follows:

- Matt Kosko, Director of User Operations, Quizlet, Inc.

- Thomas Barkley

The parties anticipate that the key documents will be as follows:

- B&A's asserted works and copyright registrations for those works;
- Allegedly infringing uploads to the Quizlet website;
- Takedown notifications that B&A sent to Quizlet, and Quizlet's responses;
- Documentation related to accused Quizlet features;
- Documentation about the development of Quizlet's AI features.

## 5. DAMAGES

Defendant's Position

Quizlet disputes that Plaintiff suffered any damages. Quizlet also disputes that B&A has any entitlement to statutory damages or attorneys' fees, given its failure to timely register one or more of the asserted works; and, in any event, Quizlet contends that any statutory damages would be reduced because B&A's works are compilations and there is no evidence of willfulness. Moreover, Quizlet has sustained damages by incurring legal fees and costs which are continuing, including for discovery sanctions (Dkt. 79), payment for which remains outstanding. Support, including legal bills, will be submitted if and when a fee claim is litigated.

Plaintiff's Position

Quizlet is liable to B&A for B&A's lost profits and for Quizlet's profits. Quizlet is liable for treble damages. Plaintiff is entitled to recover statutory damages for copyright infringement, lost profits, and corrective advertising to educate consumers on the difference between B&A and Quizlet due to Quizlet's passing off of the B&A trademarks. This is an exceptional case, so Quizlet is liable for B&A attorney fees.

## 6. INSURANCE

Quizlet is insured through its Premier Professional Liability and Network Risk Insurance Policy issued under policy # PRO30052653700 by Sompo International, for a policy period of February 1, 2024, to February 1, 2025.

/ / /

/ / /

FENWICK & WEST LLP

**7.    MOTIONS**

**a.    Procedural Motions.**  The parties do not believe that motions seeking to add other parties or claims, file amended pleadings, transfer venue, or challenge the court's jurisdiction are likely at this time.

**b.    Dispositive Motions.**  Quizlet intends to file a summary judgment motion on all pending claims, including its safe harbor defense under the DMCA, pursuant to the appended "Schedule of Pretrial and Trial Dates Worksheet."

**c.    Class Certification Motion.**  The parties will not be filing a class certification motion.

**8.    MANUAL FOR COMPLEX LITIGATION**

The parties do not believe that the procedures of the Manual of Complex Litigation should be utilized in this matter.

**9.    DISCOVERY**

**a.    Status of Discovery.**  The parties exchanged limited discovery and conducted depositions, with respect to the anticipated motion for summary judgment contemplated before B&A's submission of its First Amended Complaint (Dkt. 57-2). On June 20, 2025, the Court ruled that bifurcation under Rule 42(b) is appropriate in this matter and ordered for discovery to proceed in two phases: (1) liability and (2) if necessary, damages. Dkt. 100. The discovery period formally opened as of the Rule 26(f) conference, which the parties conducted on October 9, 2025.

**b.    Discovery Plan.**  As discovery has commenced, the parties have agreed that each side would serve discovery requests, which the other would answer pursuant to the standard schedule under the Federal Rules of Civil Procedure. The parties do not anticipate issues with the discovery of electronically stored information.  The parties do not request changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court. The Court has entered a Protective Order for this action.  Dkt. 44.

/ / /

FENWICK & WEST LLP

**c.     Discovery Cut-Off.**  The agreed discovery cut-off appears in the appended "Schedule of Pretrial and Trial Dates Worksheet."

**d.     Expert Discovery**.  The parties anticipate the need for expert discovery in this matter, on the timelines specified in the appended "Schedule of Pretrial and Trial Dates Worksheet."

**e.     Settlement Conference/Alternative Dispute Resolution (ADR)**. Quizlet has offered to engage in private mediation to resolve the claims B&A asserts in this action, and awaits B&A's position.  Absent agreement on mediation, Quizlet respectfully requests that the Court schedule a settlement conference.

**f.     Trial.**  The parties agree to a jury trial lasting 3-4 days, as stated in the appended "Schedule of Pretrial and Trial Dates Worksheet."  The parties decline to conduct the trial before a Magistrate Judge.  Lead trial counsel for B&A will be Brian Tamsut, and lead trial counsel for Quizlet will be Tyler Newby.

**g.     Independent Expert or Master.** The parties do not believe that there is a need for an independent expert or master in this matter.

**h.     Other Issues.**  The parties are unaware of any additional issues at this time.

Dated: October 17, 2025                    SOCAL IP LAW GROUP LLP


                                           By: */s/ Brian Tamsut*
                                               Brian Tamsut

                                               Attorneys for Plaintiff,
                                               Barkley & Associates, Inc.

FENWICK & WEST LLP

Dated:  October 17, 2025

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*
    Tyler G. Newby

Attorneys for Defendant,
Quizlet, Inc.

FENWICK & WEST LLP

**ATTESTATION OF CONCURRENCE IN FILING PURSUANT TO CIVIL L.R. 5-4.3.4(a)(2)**

This document is being filed through the Electronic Case Filing (ECF) system by attorney Tyler G. Newby.  By their signature, Tyler G. Newby attests that he has obtained concurrence in the filing of this document from each of the attorneys identified in the above signature block.

Dated: October 17, 2025                               By: */s/ Tyler G. Newby*
                                                                            Tyler G. Newby

FENWICK & WEST LLP

RULE 26(f) REPORT                                    9                              Case No.: 2:24-cv-5964-WLH-E

### JUDGE WESLEY L. HSU
### SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
***The Court ORDERS the parties to make every effort to agree on dates.***

| Case No. 2:24-cv-05964-WLH-E | Case Name: Barkley & Associates, Inc. v. Quizlet, Inc. |
|---|---|

| Trial and Final Pretrial Conference Dates | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|
| Check one: ☑ Jury Trial or ☐ Court Trial ☐ Magistrate Judge (**Monday** at 9:00 a.m., within 12 months of Scheduling Conference) Estimated Duration: 3-4  Days *Trial Subject to Trailing per Standing Order | 10/26/2026 | ☐ Jury Trial ☐ Court Trial |
| Final Pretrial Conference ("FPTC") [L.R. 16] (**Friday** at 3:00 p.m., at least 18 days before trial) | 09/25/2026 | |

| Event [1] **Note:** Hearings shall be on **Fridays** at 1:30pm Other dates can be any day of the week | Weeks Before FPTC[2] | Parties' Joint Date mm/dd/yyyy | Court Order |
|---|---|---|---|
| Last Date to Hear Motion to Amend Pleadings / Add Parties [Friday] | | 11/21/2025 | |
| Fact Discovery Cut-Off (No later than deadline for filing dispositive motion) | 18 | 04/09/2026 | |
| Expert Disclosure (Initial) | 16 | 03/19/2026 | |
| Expert Disclosure (Rebuttal) | 14 | 04/16/2026 | |
| Expert Discovery Cut-Off | 14 | 05/04/2026 | |
| Last Date to Hear Motions • Rule 56 Motion due at least 6 weeks before hearing; • Opposition due 2 weeks after motion is filed before hearing; • Reply due 1 week after Opposition is filed | 12 | 06/26/2026 | |
| Last Date to Hear *Daubert* Motions | 8 | 07/31/2026 | |
| Deadline to Complete Settlement Conference [L.R. 16-15] *Select* one: ☐ 1. Magistrate Judge *(with Court approval)* ☐ 2. Court's Mediation Panel ☑ 3. Private Mediation | 5 | 08/26/2026 | ☐ 1. Mag. J. ☐ 2. Panel ☐ 3. Private |
| **Trial Filings (first round)** • Motions *In Limine* (except *Daubert*) • Memoranda of Contentions of Fact and Law [L.R. 16-4] • Witness Lists [L.R. 16-5] • Joint Exhibit List [L.R. 16-6.1] • Joint Status Report Regarding Settlement • Proposed Findings of Fact and Conclusions of Law [L.R. 52] (court trial only) • Declarations containing Direct Testimony, if ordered (court trial only) | 4 | 08/28/2026 | |
| **Trial Filings (second round)** • Oppositions to Motions in Limine • Joint Proposed Final Pretrial Conference Order [L.R. 16-7] • Joint/Agreed Proposed Jury Instructions (jury trial only) • Disputed Proposed Jury Instructions (jury trial only) • Joint Proposed Verdict Forms (jury trial only) • Joint Proposed Statement of the Case (jury trial only) • Proposed Additional Voir Dire Questions, if any (jury trial only) • Evidentiary Objections to Declarations. of Direct Testimony (court trial only) | 2 | 09/11/2026 | |

---

1  Once issued, this "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

2 The numbers below represent the Court's recommended timeline. The parties may propose alternate dates based on the needs of each individual case. Class Actions and ERISA cases may need to vary from the above.