TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone:  415.875.2300
Facsimile:  415.281.1350

DIANA C. BUCK (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone:  650.988.8500
Facsimile:  650.938.5200

Attorneys for Defendant
QUIZLET, INC.

Brian S. Tamsut (CSB No. 322780)
btamsut@socalip.com
SOCAL IP LAW GROUP LLP
310 N. Westlake Boulevard, Suite 120
Westlake Village, CA  91362
Telephone:  805.230.1360
Facsimile:  805.230.1355
Attorneys for Plaintiff
BARKLEY & ASSOCIATES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC., <br><br> Plaintiff, <br><br> v. <br><br> QUIZLET, INC., <br><br> Defendant. | Case No.: 2:24-cv-5964-WLH-E <br><br> **DISCOVERY MATTER** <br> *Hon. Charles F. Eick* <br><br> **STIPULATION ACCOMPANYING DEFENDANT'S MOTION TO COMPEL** <br><br> Date:  March 27, 2026 <br> Time:  9:30 a.m. <br> Ctrm.:  750, 7th Floor <br> Location:  255 East Temple Street <br>   Los Angeles, CA 90012 <br><br> Discovery Cut-off:  April 9, 2026 <br> Pretrial Conference: Sept. 25, 2026 <br> Trial Date:  Oct. 26, 2026 |

# TABLE OF CONTENTS

I.      INTRODUCTORY STATEMENTS ..................................................................1

    A.      QUIZLET'S INTRODUCTORY STATEMENT..................................1

    B.      PLAINTIFF'S INTRODUCTORY STATEMENT ..............................3

II.     QUIZLET'S MOTION TO COMPEL..............................................................4

    A.      PLAINTIFF'S FAILURE TO PROVIDE A PRIVILEGE LOG .........4

        1.      Text of Requests for Production and Responses ......................4

        2.      The Parties' Positions .............................................................8

    B.      DOCUMENTS REGARDING THE SCOPE OF PLAINTIFF'S ALLEGED TRADEMARK RIGHTS .................................................12

        1.      Text of Requests for Production and Responses ....................12

        2.      The Parties' Positions ...........................................................14

    C.      DOCUMENTS SUBMITTED TO AND RECEIVED FROM THE COPYRIGHT OFFICE .................................................................16

        1.      Text of Request for Production and Response ........................16

        2.      The Parties' Positions ...........................................................16

    D.      DOCUMENTS REGARDING PLAINTIFF'S PROCESS FOR IDENTIFYING POTENTIAL INFRINGEMENT...........................18

        1.      Text of the Requests for Production and Responses ..............18

        2.      The Parties' Positions ...........................................................21

    E.      IDENTIFICATION OF INDIVIDUALS WITH AND SOURCES OF INFORMATION .................................................22

        1.      Text of the Interrogatories .....................................................22

        2.      The Parties' Positions ...........................................................23

    F.      IDENTIFICATION OF FACTS ABOUT INFRINGEMENT CLAIMS AND ALLEGED HARM .................................................25

        1.      Text of the Interrogatories .....................................................25

        2.      The Parties' Positions ...........................................................27

    G.      IDENTIFICATION OF MARKETING CHANNELS......................29

        1.      Text of the Interrogatories .....................................................29

**TABLE OF CONTENTS**
**(CONTINUED)**

2.      The Parties' Positions ................................................................. 30

H.      PLAINTIFF'S FAILURE TO RESPOND TO REQUESTS FOR ADMISSION ................................................................................... 31

1.      Text of the Requests for Admission ....................................... 31

2.      The Parties' Positions ................................................................. 57

III.    CONCLUSION ............................................................................................ 59

A.      QUIZLET'S REQUEST FOR RELIEF ............................................... 59

B.      PLAINTIFF'S CONCLUSION ............................................................ 59

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Apple Inc. v. Samsung Elecs. Co.*,
306 F.R.D. 234 (N.D. Cal. 2015) ................................................................. 9

*Cambridge Elecs. Corp. v. MGA Elecs., Inc.*,
227 F.R.D. 313 (C.D. Cal. 2004) ................................................................ 27

*Epikhin v. Game Insight N. Am.*,
145 F. Supp. 3d 896 (N.D. Cal. 2015) ........................................................ 17

*Garza v. Cty. of San Bernardino*,
No. 5:23-cv-01849-CBM-SPx, 2025 U.S. Dist. LEXIS 33068
(C.D. Cal. Jan. 7, 2025) ....................................................................... 23, 31

*In re Convergent Techs. Sec. Litig.*,
108 F.R.D. 328 (N.D. Cal. 1985) ............................................................... 11

*Lenz v. Universal Music Corp.*,
815 F.3d 1145 (9th Cir. 2016) ................................................................... 11

*McCollum v. TGI Fridays Inc.*,
No. 8:22-CV-00392-FWS, 2024 WL 5316273
(C.D. Cal. Feb. 9, 2024) ................................................................... *passim*

*Straughter v. Concord Music*,
No. ED-CV-19-1360-JFW, 2020 WL 6828920
(C.D. Cal. Oct. 13, 2020) ........................................................................... 17

*Warner Bros. Ent. Inc. v. Random Tuesday, Inc.*,
CV 20-2416-JAK PLAx, 2021 WL 5862169
(C.D. Cal. Sept. 3, 2021) ................................................................ 14, 17, 21

**STATUTES AND RULES**

17 U.S.C. § 512(f) ........................................................................................ 11

Digital Millennium Copyright Act .................................................... *passim*

Fed. R. Civ. Proc. 26(b)(1) ........................................................................ 3, 9

Fed. R. Civ. Proc. 26(b)(3)(C) ...................................................................... 7

Fed. R. Civ. Proc. 26(b)(5) ....................................................................... 8, 9

Fed. R. Civ. Proc. 26(b)(5)(A) ................................................................... 10

Fed. R. Civ. Proc. 26(e)(1) ............................................................... *passim*

Fed. R. Civ. Proc. 34(b)(2)(B) .............................................................. 14, 17

Fed. R. Civ. Proc. 33(d) ......................................................................... 27, 28

# TABLE OF AUTHORITIES
## (CONTINUED)

**Page(s)**

Fed. R. Civ. Proc. 36(a)(4) ................................................................................58

Fed. R. Civ. Proc. 37............................................................................................ 1

Local Rule 37-1 .................................................................................................... 1

Local Rule 37-2 .................................................................................................... 1

Local Rule 37-2.1 ................................................................................................. 1

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule 37-2, Defendant Quizlet, Inc. ("Quizlet"), as movant, and Plaintiff Barkley & Associates, Inc. ("Plaintiff" or "B&A") submit this Stipulation in connection with Quizlet's Motion to Compel. Pursuant to Local Rule 37-1, this Stipulation was prepared following a conference between the parties' counsel on December 10, 2025. As required by Local Rule 37-2.1, Quizlet attaches here a copy of the Court's Scheduling Order as Exhibit 1 to the Declaration of Tyler Newby ("Newby Decl.") filed concurrently herewith. Newby Decl. ¶ 2, Ex. 1. Fact discovery closes on April 9, 2026, and expert discovery closes on May 4, 2026.

## I.   INTRODUCTORY STATEMENTS

### A.   Quizlet's Introductory Statement

This is not a motion about the relevance of information requested in discovery. Rather, it is about Plaintiff's continual failure to engage in discovery even after representing more than two months ago that it would supplement its responses to Quizlet's first set of discovery requests and produce responsive documents.

B&A accuses Quizlet of copyright and trademark infringement. Quizlet operates a website that allows users to create digital flashcards and other study aids on any subject of their choice from content that they or others have uploaded to Quizlet. Quizlet also offers automated tools that help students study content they or others add. Plaintiff's First Amended Complaint is premised on allegations that (i) Quizlet users uploaded materials containing B&A copyrighted content and/or B&A marks to Quizlet, and (ii) Quizlet reproduced and/or used B&A's materials to train artificial intelligence (AI) models that output content substantially similar to B&A content. Core issues in this case include the scope of Plaintiff's copyright and trademark rights, Plaintiff's compliance with the Digital Millenium Copyright Act's notification of claimed infringement requirement, and alleged harm to Plaintiff caused by Quizlet or its users.

Quizlet served its First Set of Requests for Production (RFPs), First Set of Interrogatories, and First Set of Requests for Admission (RFAs) on November 13, 2024. Newby Decl. ¶ 3. Plaintiff served its responses to Quizlet's first set of RFAs on December 4, 2024. *Id.* ¶ 4. Plaintiff served its responses to Quizlet's first sets of Interrogatories and RFPs, and produced documents, on December 26, 2024. *Id.* ¶ 5. Plaintiff made a second production on February 24, 2026, which consists of screenshots of Quizlet's website. *Id.* ¶ 10. Despite objecting to the production of several categories of documents based on the grounds that they are privileged, Plaintiff has yet to provide a privilege log. *See id.* ¶ 8, Ex. 3 at 1.

On November 25, 2025, Quizlet wrote to Plaintiff identifying deficiencies in its discovery responses. *Id.* ¶ 6, Ex. 2. When the parties met and conferred on December 10, 2025, regarding Quizlet's November 25 letter, Plaintiff repeatedly represented that it would supplement its discovery responses and that additional document production would be forthcoming. *See id.* ¶¶ 7-8, Ex. 3 When nearly a month had passed with no updates, Quizlet followed up with Plaintiff. *See id.* ¶ 9, Ex. 3 at 1. Again, Quizlet was met with radio silence.

Plaintiff's delay tactics materially impair Quizlet's ability to properly defend itself in this litigation, and Plaintiff has provided no justification for its months-long delay. Without the fundamental information Quizlet seeks, Quizlet is impaired in its ability to further engage in the discovery process, plan depositions, work with its experts, or prepare its dispositive motions. Plaintiff should not be allowed to continue its stall tactics over these basic categories of information relevant to its allegations.

Quizlet respectfully requests that the Court order Plaintiff to promptly (1) provide a privilege log; (2) produce documents in response to RFP Nos. 1-5 and 8-20 and/or certify that no additional, non-privileged documents exist; (3) supplement its deficient responses to Quizlet's First Set of Interrogatories; and (4) provide responses to Quizlet's Second Set of Requests for Admission.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                    2                    Case No.: 2:24-cv-5964-WLH-E

**B.      Plaintiff's Introductory Statement**

Plaintiff and Defendant were working towards settlement via mediation. When negotiations went sideways Defendant rushed to manufacture a discovery dispute. Plaintiff has already supplemented its responses to the majority of topics in this stipulation, so most of the disputes are moot. Plaintiff requests that if the court orders Plaintiff produce a privilege log, it also order Defendant to produce a privilege log. Plaintiff has requested such a log at almost every meet and confer with Defendant, and many of Defendant's objections are also based on attorney client privilege. Requiring both parties produce a privilege log also spares the court having to read another motion to compel that Plaintiff must bring if only Plaintiff is ordered to produce a log.

In response to Defendant's points, this **is** a motion about the relevancy of Defendant's discovery requests, or rather, their irrelevancy. It is also a motion about proportionality, documents within the control of Defendant, and spoliation of evidence by Defendant.

Plaintiff has supplemented its responses to many of the requests at issue here, but most of Defendant's requests for production and interrogatories at issue here are irrelevant to this case or are not proportional to the needs of the case. In either case, responses or privilege logs need not be given because the matter is not within the scope of discovery. Fed. R. Civ. Proc. 26(b)(1). Furthermore, it is now evident that Defendant has spoliated evidence that was within its control.

Plaintiff respectfully submits that (1) no privilege log is necessary for requested documents that are not within the scope of discovery; (2) production of documents in response to RFPs 2-5[1] and 8-20 are not required because the requests are irrelevant and not proportional to the needs of the case; (3) further supplementation of Plaintiff's responses to the First Set of Interrogatories is unwarranted in light of Plaintiff's existing supplementation, and/or the

_____

[1] Barkley will supplement its production in response to RFP 1, as discussed below.

STIP. ACCOMPANYING DEF.'S                    3                    Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

Interrogatories disproportionality compared to the needs of the case; and (4) its existing supplementation of its responses to the Second Set of Requests for Admission is sufficient.

## II.    QUIZLET'S MOTION TO COMPEL

### A.    Plaintiff's Failure to Provide a Privilege Log

#### 1.    Text of Requests for Production and Responses

**REQUEST FOR PRODUCTION NO. 2**

Documents concerning the clearance of the "Barkley & Associates" trademark prior to filing an application for registration at the United States Patent and Trademark Office ("USPTO").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Objection.  The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Quizlet has made no claim that Barkley's trademarks are invalid.

Documents evidencing any clearance conducted for Barkley are likely protected by the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to describe Barkley & Associates' process for locating, reviewing and identifying content for which to submit a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  How Barkley decides what DMCA Takedown Notifications to send is neither relevant to Quizlet's infringement nor to the damages to which Barkley is entitled.  DMCA Takedown Notifications to third parties also are not relevant.  Objection these documents are covered by the attorney client privilege and attorney work product exception.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify the persons involved in locating, reviewing and identifying content for which to submit a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to identify the persons involved in identifying possible infringements (to include copyright infringements and trademark infringements) online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to describe Barkley & Associates' process for verifying that possible copyright infringements online are not fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to identify the persons involved in verifying that possible copyright infringements online are not fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to describe the process for verifying that Barkley & Associates owns a copyright to any content identified in a DMCA Takedown

Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to identify the persons involved in verifying that Barkley & Associates owns a copyright to any content identified in a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Objection this request seeks documents subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to describe Your process to submit a DMCA Takedown Notification on behalf of Barkley & Associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to identify the persons responsible for submitting a DMCA Takedown Notification on behalf of Barkley & Associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 19**

All records concerning Barkley & Associates' efforts to consider whether content for which it submitted Takedown Notifications purporting to be pursuant to the DMCA was fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Objection this request seeks document [sic] subject to the attorney client

privilege.

**REQUEST FOR PRODUCTION NO. 20**

All records concerning Barkley & Associates' efforts to consider whether content for which it submitted Takedown Notifications purporting to be pursuant to the DMCA was directed to content for which Barkley & Associates owned a copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 21**

Copies of any statements by representatives of Defendant within the definition of Federal Rule of Civil Procedure 26(b)(3)(C), obtained by Plaintiff or in Plaintiff's possession that pertain to the allegations of the Complaint.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 22**

To the extent not provided in response to any other Request herein, all documents and communications on which Plaintiff will rely to demonstrate that Quizlet is purportedly not entitled to Safe Harbor Protection under the DMCA.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**

Barkley will produce all such documents that are not privileged.

**REQUEST FOR PRODUCTION NO. 23**

To the extent not provided in response to any other Request herein, all documents and communications on which Plaintiff will rely to demonstrate that Quizlet purportedly does not enjoy immunity for unfair competition and false advertising pursuant to Section 230.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 23**

Barkley will produce all such documents that are not privileged.

**REQUEST FOR PRODUCTION NO. 24**

To the extent not provided in response to any other Request herein, all documents and communications on which Plaintiff will rely to demonstrate that Quizlet engaged in any volitional acts relevant to the asserted claims.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 24**

Objection this request seeks document [sic] subject to the attorney client privilege. The request is vague and ambiguous. The term "volitional act," which means, "Done of one's own will or choosing," "deliberately decided or chosen," or "under conscious control," applies to acts of humans, not to acts of an entity like Quizlet. Subject to this objection, Barkley will produce all such documents that are not privileged.

## 2.     The Parties' Positions

**QUIZLET'S POSITION:**

Quizlet requests the Court compel Plaintiff to provide a privilege log for all responsive documents that Plaintiff has withheld on the basis of privilege. Plaintiff responded to Quizlet's RFP Nos. 2, 9, 10, and 12-24 by objecting that the Requests seek documents that are "likely protected by the attorney client privilege" (RFP No. 2), "covered by the attorney client privilege and attorney work product exception" (RFP No. 9), "subject to the attorney client privilege" (RFP Nos. 10, 12-21), or by stating Plaintiff "will produce all such documents that are not privileged" (RFP Nos. 22-24). When the parties met and conferred regarding Plaintiff's responses to Quizlet's First Set of Requests for Production, Plaintiff represented that any responsive documents not already produced are "squarely" privileged. *See* Newby Decl. at ¶ 8, Ex. 3 at 2. Despite claiming the protection of privilege, Plaintiff has yet to provide a privilege log.

Fed. R. Civ. P. 26(b)(5) explains that "[w]hen a party withholds information

STIP. ACCOMPANYING DEF.'S          8          Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party *must*: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5) (emphasis added). Privilege logs are essential for a party to identify the documents withheld and the basis of the privilege asserted. "The Ninth Circuit is clear: a party cannot withhold documents as privileged if it fails to substantiate its privilege assertions." *Apple Inc. v. Samsung Elecs. Co.*, 306 F.R.D. 234, 239 (N.D. Cal. 2015). When Quizlet raised this requirement and requested a privilege log, Plaintiff protested that it would be burdensome. *See* Newby Decl. at ¶ 8, Ex. 3 at 1. As a compromise to alleviate Plaintiff's concerns, Quizlet was willing to agree that privileged materials created after the filing of the lawsuit, on July 16, 2024, do not need to be logged, provided that agreement was mutual. *Id.* Plaintiff has yet to respond to Quizlet's offer, despite Quizlet following up with Plaintiff over a month ago. *See id.*

Quizlet respectfully requests that the Court order Plaintiff to provide a privilege log that complies with Fed. R. Civ. P. 26(b)(5) for all responsive documents (including but not limited to those responsive to RFP Nos. 2, 9, 10, and 12-24) that Plaintiff has withheld on the basis of privilege within 14 days of its Order.

**BARKLEY'S POSITION:**

Barkley has provided all discoverable documents responsive to these requests. To the extent that new documents arise Plaintiff will produce those as well. Any remaining documents are not discoverable because they are irrelevant and their production is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery

outweighs its likely benefit. Fed. R. Civ. Proc. 26(b)(1). Because any remaining documents are not discoverable, no privilege log is required. Fed. R. Civ. Proc. 26(b)(5) ("When a party withholds information *otherwise discoverable* by claiming the information is privileged [the party must provide a privilege log].") (emphasis added).

Production of additional documents in response to Requests, 2, 9, 10, and 12-20, would be disproportionate considering the importance of the issues at stake in the action, because the burden and expense of the proposed discovery outweighs its likely benefit. Defendant has not provided **any** argument that the requested documents are relevant or discoverable, much less that they are important to resolving the issues. In contrast, the burden on Barkley would be high because the requests are unbounded by time or subject matter and would require production going back years regarding DMCA takedowns unrelated to this case.

More fundamentally, Requests 2, 9, 10, and 12-20 are not relevant to any issue in this case. Request 2 seeks documents concerning a clearance search prior to Barkley's filing of a trademark application. The validity of Barkley's trademark is not at issue in this case. *See generally*, Answer to First Amended Complaint ("Answer"), Dkt. 108 (not listing invalidity as an affirmative defense). Thus, production of any such documents would not be proportional because they are not relevant to any issue in this case. And, thus, any such documents need not be listed on a privilege log, since they are not discoverable. F.R.C.P. 26(b)(5)(A).

Similarly, Requests 9, 10, and 12-20 are not discoverable because they do not relate to any issue in this case – their production would not have any benefit to Defendants. These requests relate to when and how Barkley locates infringing content and sends DMCA takedown requests. But, the methods Barkley employs to identify infringing content and send takedowns is not relevant to any claim or defense in this action. For Barkley's case, the issue is whether it sent properly formatted DMCA takedowns. The DMCA takedown requests speak for themselves and are

already in Defendant's possession (having received them in the first place).[2] The details of who, how, when, and under what criteria are irrelevant to that issue. Furthermore, none of Defendant's defenses relate to how Barkley conducts its DMCA takedowns. How Barkley conducts DMCA takedowns has no relevance to Defendant's DMCA safe harbor defense. That defense only relates to Defendant's action after receiving takedown notices.[3] Thus, production of documents in response to these requests would be disproportionate to the needs of the case – the requested documents do not relate to any claims or defenses in this case. In contrast, the burden on Barkley would be high because the requests are unbounded by time, infringer, or subject matter and would require production going back years regarding DMCA takedowns unrelated to this case. No privilege log need be produced for these undiscoverable documents.

Requests for production 22-24 are "contention" requests that seek all documents, *not produced in response to another request*, that Plaintiff will rely on to prove its case. These requests are vague and overbroad because they do not specifically call out particular categories of documents or things. Instead, they seek documents related to Plaintiff's trial strategy. These requests require Plaintiff to complete its trial strategy before it will know the universe of responsive documents. Plaintiff cannot prepare a privilege log of withheld documents until it knows what documents are otherwise responsive, i.e., what documents it will rely on. Once Plaintiff has completed its trial strategy and decided which documents it will rely on at trial, then Plaintiff will conduct a privilege review of those documents and produce

---

[2]Further, Barkley has produced and will produce copies of those takedown requests.
[3] Some of Defendant's requests seem to relate to "good faith" in considering fair use of a copyright, under *Lenz v. Universal Music Corp.*, 815 F.3d 1145 (9th Cir. 2016). But *Lenz* is irrelevant to this case because misrepresentation in a DMCA takedown is not a defense to copyright infringement. Misrepresentation in a DMCA takedown is a separate cause of action brought against the copyright holder. *Id.* at 1148 ("Stephanie Lenz filed suit under 17 U.S.C. § 512(f)."). Defendant has not brought such a cause of action, and it is too late to add new causes of action now.

a privilege log in response to these requests.[4] *Cf. In re Convergent Techs. Sec. Litig.,* 108 F.R.D. 328, 338-339 (N.D. Cal. 1985) (holding the propounding party must justify early contention interrogatories).

Finally, even if a privilege log is required for some of these requests, the Court should order production on a rolling basis and in relation to and in view of the abject failure of Defendant to produce documents in discovery. To date, Defendants have not produced any documents related to communications of Quizlet's team regarding Barkley, and communications to Quizlet users regarding Barkley. Quizlet itself has objected under the attorney client privilege and has not produced a privilege log. Barkley would be happy to exchange privilege logs at a mutually agreed on date and time. Forcing Barkley to produce a privilege log and not Quizlet would be unjust.

**B.** **Documents Regarding the Scope of Plaintiff's Alleged Trademark Rights**

**1.** **Text of Requests for Production and Responses**

**REQUEST FOR PRODUCTION NO. 1**

Documents concerning the design, sales, advertising, marketing, promotions, sale, offer for sale, business strategy, and business planning for products or services offered under the term "Barkley" without the word "and Associates" or "& Associates" or "& Associates, Inc."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1**

Objection. Undue burden. This request would require Barkley to review almost every document in its custody and control since it began using "Barkley over 20 years ago. Barkley cannot automate the review because no key word will facilitate the review. If Barkley searches for "Barkley," all hits probably will include "Associates."

**REQUEST FOR PRODUCTION NO. 2**

Documents concerning the clearance of the "Barkley & Associates" trademark

---

[4] However, it is likely that Barkley will not "rely on" any privileged documents, thus, there should not be any privileged documents responsive to these requests.

prior to filing an application for registration at the United States Patent and Trademark Office ("USPTO").

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2**

Objection. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Quizlet has made no claim that Barkley's trademarks are invalid.

Documents evidencing any clearance conducted for Barkley are likely protected by the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 3**

Documents concerning the positions taken by the USPTO in its October 23, 2020, Office Action for the Barkley & Associates trademark application (Serial No. 90042228) and Barkley & Associates' response thereto.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3**

Objection the documents are available via public database. The positions taken are in an October 24, 2002, response to the USPTO by Barkley's attorney. Barkley will produce that response through it assumes Quizlet already has a copy that it downloaded from the USPTO website.

**REQUEST FOR PRODUCTION NO. 4**

Documents concerning the channels of trade in which the products or services offered under Plaintiff's Marks are offered or sold or intended to be offered or sold.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4**

Objection. The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. If Quizlet intends to challenge the marks' validity, it has not made the claim yet.

Objection. Unduly burdensome. Every sale since 2002 generates a written record, and all indicate the channels of trade.

Objection. Quizlet already has access to Barkley's website, which shows the channels of trade.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                13                Case No.: 2:24-cv-5964-WLH-E

**REQUEST FOR PRODUCTION NO. 5**

All documents concerning any studies or analyses reflecting consumer awareness of, recognition of, or reaction to Plaintiff's Marks, including, without limitation, all correspondence, consumer studies, surveys, market research, analyses, and unsolicited media coverage.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**

The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. If Quizlet intends to challenge the marks' validity, it has not made the claim yet.

Objection. Objection this request is unduly burdensome. Every sale since 2002 generates a correspondence, a communication between people, and all could be consider an indication of consumer awareness.

### 2. The Parties' Positions

**QUIZLET'S POSITION:**

RFP Nos. 1-5 seek documents regarding the scope of Plaintiff's alleged trademark rights, which are limited to the phrase "Barkley & Associates" and does not extend to the standalone word "Barkley." Plaintiff has a duty to produce responsive documents within a reasonable amount of time. *See* Fed. R. Civ. P. 34(b)(2)(B). Upon Quizlet notifying Plaintiff that its production in response to RFP Nos. 1-5 was deficient, Plaintiff also had a duty to supplement its production. Fed. R. Civ. P. 26(e)(1); *see also McCollum v. TGI Fridays Inc.*, No. 8:22-cv-00392-FWS (JDEx), 2024 WL 5316273, at *2 (C.D. Cal. Feb. 9, 2024). Further, when the parties met and conferred, Plaintiff agreed to search for and produce responsive documents or would confirm that no additional non-privileged responsive documents exist. *See* Newby Decl. ¶ 8, Ex. 3 at 1-2. Plaintiff has failed to do so. Plaintiff's failure to produce documents, its silence on whether it has even initiated a search for responsive materials, and its failure to provide a privilege log have left Quizlet without any visibility into the scope or timing of Plaintiff's productions. *Warner Bros. Ent. Inc.*

STIP. ACCOMPANYING DEF.'S                    14                    Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

*v. Random Tuesday, Inc.*, No. CV 20-2416-JAK PLAx, 2021 WL 5862169, at *3 (C.D. Cal. Sept. 3, 2021) (ordering plaintiff to produce responsive documents or provide a declaration that no further responsive documents existed; it was not enough that plaintiff had simply agreed to comply with defendant's document requests).

Quizlet respectfully requests that the Court order Plaintiff to produce responsive documents within 14 days of its Order or certify that it has no non-privileged documents and produce a privilege log.

**PLAINTIFF'S POSITION:**

Plaintiff has supplemented its responses to this discovery request and thus defendant's position is moot. Furthermore, Plaintiff will produce and continues to produce the documents in its possession, custody, or control, proportional to the needs of the case, that are responsive and not protected from discovery by privilege, in response to Request for Production 1 on a rolling basis. However, as noted in Barkley's initial objection, some of these requests (especially regarding common law trademark rights) require legal theories protected by the attorney client privilege.

Request number 2 was discussed above, but its discussion applies equally to Request 3. The validity of Barkley's trademark is not at issue in this case. Production of documents related to the trademark application would be disproportionate, considering the (non)value of the documents to any issue in the case[5] and the public availability of the documents.

Requests 4 and 5 also make requests for documents that are not proportional to the needs of the case. Plaintiff has not propounded any argument that the documents are important to resolve any issue and Barkley's marks' validity is not in issue. With respect to Request 4, the responsive documents are Barkley's website, which is primarily available to Defendant. And, with respect to both Requests 4 and 5, the production of responsive documents would be extremely burdensome because

---

[5] Defendant has not made any argument that the documents are important for any issue in this case.

it would require the production of documents going back to 2002. Thus, the requests seek documents that would be highly burdensome to produce but of no value to the litigation, therefore, they need not be produced.

Finally, even if production or privilege logs are required for some of these requests, the Court should order production on a rolling basis, and in relation to and in view of the abject failure of Defendant to produce documents in discovery. To date, Defendants have not produced any documents related to their use of the term "Barkley" vs. "Barkley and Associates".

## C.   Documents Submitted to and Received From the Copyright Office

### 1.   Text of Request for Production and Response

**REQUEST FOR PRODUCTION NO. 8**

With respect to each copyright registration referenced in the Complaint and in Exhibit B attached to the Complaint, provide copies of the application and the registration certificate, and copies of all deposit materials submitted to the United States Copyright Office in connection with each such application.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8**

Barkley will produce all such documents.

### 2.   The Parties' Positions

**QUIZLET'S POSITION:**

In response to RFP No. 8, Plaintiff committed to produce copies of copyright registration applications, copyright registration certificates, and all deposit materials submitted to the United States Copyright Office in connection with each of Plaintiff's works at issue in this lawsuit.  While copyright registration *certificates* are appended to the First Amended Complaint, Plaintiff has yet to produce copyright registration applications or communications with the Copyright Office about those applications. *See* Newby Decl. ¶ 11, Ex. 4 ¶ 42 (First Amended Complaint); *id.* ¶ 12, Ex. 5 (Exhibit B to First Amended Complaint).  Additionally, when the parties met and conferred, Plaintiff said that it would verify that all deposit copies have been produced or were

otherwise provided through previous depositions.  *See* Newby Decl. ¶ 8, Ex. 3 at 2. Plaintiff has failed to do so.

These documents need to be produced because they are a key component of Plaintiff's copyright infringement claims and Quizlet's defenses.  *See Straughter v. Concord Music*, No. ED-CV-19-1360-JFW (SHKx), 2020 WL 6828920, at *4 (C.D. Cal. Oct. 13, 2020) ("The purpose of the deposit is to make a record of the claimed copyright, provide notice to third parties, and prevent confusion about the scope of the copyright."); *Epikhin v. Game Insight N. Am.*, 145 F. Supp. 3d 896, 905 (N.D. Cal. 2015) (explaining valid copyright registration requires that an applicant deposit copies of the work).  Plaintiff has a duty to produce responsive documents within a reasonable amount of time.  *See* Fed. R. Civ. P. 34(b)(2)(B).  Upon Quizlet notifying Plaintiff that its production in response to RFP Nos. 1-5 was deficient, Plaintiff also had a duty to supplement its production.  Fed. R. Civ. P. 26(e)(1); *see also McCollum*, 2024 WL 5316273, at *2.  Plaintiff's failure to produce documents, its silence on whether it has even initiated a search for responsive materials, and its failure to provide a privilege log have left Quizlet without any visibility into the scope or timing of Plaintiff's productions.  *Warner Bros. Ent.*, 2021 WL 5862169, at *3 (ordering plaintiff to produce responsive documents or provide a declaration that no further responsive documents existed; it was not enough that plaintiff had simply agreed to comply with defendant's document requests).

Quizlet asks the Court to order Plaintiff to produce responsive documents within 14 days of its Order.

**PLAINTIFF'S POSITION:**

Plaintiff has supplemented its production and will continue to do so as more documents become available. Furthermore Plaintiff notes that the documents requested by Defendant are equally available to Defendant via the library of congress public records request. Plaintiff gave Defendant the right to inspect the deposit copy at the library of congress, for more regarding this process please review:

https://www.copyright.gov/public-records/. Barkley will produce such documents as they are received.

### D. Documents Regarding Plaintiff's Process for Identifying Potential Infringement

#### 1. Text of the Requests for Production and Responses

**REQUEST FOR PRODUCTION NO. 9**

Documents sufficient to describe Barkley & Associates' process for locating, reviewing and identifying content for which to submit a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9**

The request seeks documents that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. How Barkley decides what DMCA Takedown Notifications to send is neither relevant to Quizlet's infringement nor to the damages to which Barkley is entitled. DMCA Takedown Notifications to third parties also are not relevant. Objection these documents are covered by the attorney client privilege and attorney work product exception.

**REQUEST FOR PRODUCTION NO. 10**

Documents sufficient to identify the persons involved in locating, reviewing and identifying content for which to submit a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 11**

Document sufficient to describe Barkley & Associates' process for identifying possible infringements (to include copyright infringements and trademark infringements) online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11**

The request seeks documents that are irrelevant and not reasonably calculated

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                18                Case No.: 2:24-cv-5964-WLH-E

to lead to the discovery of admissible evidence.  How Barkley identifies infringements is neither relevant to Quizlet's infringement nor to the damages to which Barkley is entitled.  How Barkley identifies whether to send DMCA Takedown Notifications to third parties also is not relevant.

**REQUEST FOR PRODUCTION NO. 12**

Documents sufficient to identify the persons involved in identifying possible infringements (to include copyright infringements and trademark infringements) online.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 13**

Documents sufficient to describe Barkley & Associates' process for verifying that possible copyright infringements online are not fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 14**

Documents sufficient to identify the persons involved in verifying that possible copyright infringements online are not fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 15**

Documents sufficient to describe the process for verifying that Barkley & Associates owns a copyright to any content identified in a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 16**

Documents sufficient to identify the persons involved in verifying that Barkley & Associates owns a copyright to any content identified in a DMCA Takedown Notification.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**

Objection this request seeks documents subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 17**

Documents sufficient to describe Your process to submit a DMCA Takedown Notification on behalf of Barkley & Associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 18**

Documents sufficient to identify the persons responsible for submitting a DMCA Takedown Notification on behalf of Barkley & Associates.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**

Objection this request seeks document [sic] subject to the attorney client privilege.

**REQUEST FOR PRODUCTION NO. 19**

All records concerning Barkley & Associates' efforts to consider whether content for which it submitted Takedown Notifications purporting to be pursuant to the DMCA was fair use.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19**

Objection this request seeks document [sic] subject to the attorney client privilege.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                    20                    Case No.: 2:24-cv-5964-WLH-E

**REQUEST FOR PRODUCTION NO. 20**

All records concerning Barkley & Associates' efforts to consider whether content for which it submitted Takedown Notifications purporting to be pursuant to the DMCA was directed to content for which Barkley & Associates owned a copyright.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20**

Objection this request seeks document [sic] subject to the attorney client privilege.

**2.   The Parties' Positions**

**QUIZLET'S POSITION:**

RFP Nos. 9-20 seek documents regarding various aspects of Plaintiff's process for identifying potential copyright and trademark infringement online, what Plaintiff does to address those alleged infringements, and identification of the people involved.  When the parties met and conferred, Plaintiff stood on its position that it would not provide a privilege log for withheld documents, but agreed to verify that all responsive, non-privileged documents have been produced.  Plaintiff has failed to do so. *See* Newby Decl. ¶ 8, Ex. 3 at 2.  And as discussed above, to the extent Plaintiff is withholding documents on the basis of privilege, it must identify the withheld documents on a privilege log.

Plaintiff's failure to produce documents, its silence on whether it has even initiated a search for responsive materials, and its failure to provide a privilege log have left Quizlet without any visibility into the scope or timing of Plaintiff's productions. *Warner Bros. Ent.*, 2021 WL 5862169, at *3 (ordering plaintiff to produce responsive documents or provide a declaration that no further responsive documents existed; it was not enough that plaintiff had simply agreed to comply with defendant's document requests).

Quizlet asks the Court to order Plaintiff to produce responsive documents within 14 days of its Order or certify that it has no non-privileged documents and

produce a privilege log.

**PLAINTIFF'S POSITION:**

These requests were discussed above.. The rationale discussed there applies equally here. The requested documents are not proportional to the needs of the case because they are not relevant to any claim or defense. Documents regarding how Barkley identifies infringement and processes DMCA takedowns is irrelevant to Barkley's case. It is also irrelevant to Defendant's safe harbor defenses because it has nothing to do with the DMCA notices that Defendant receives, nor with how Defendant responds to them. Thus, the documents requested in these requests are not discoverable.

Finally, even if production is required for some of these requests, the Court should order production on a rolling basis and in relation to and in view of the abject failure of Defendant to produce documents in discovery. To date, Defendants have not produced any documents related to its privilege log. Accordingly, if the court orders Plaintiff produce a privilege log, it should also order Defendant to produce one.

**E.    Identification of Individuals With and Sources of Information**

**1.    Text of the Interrogatories**

**INTERROGATORY NO. 1**

Identify the names and addresses of all witnesses who are believed or known by the responding party, its agents, or its past or current attorneys to have any knowledge concerning any of the issues in this Lawsuit; and specify the subject matter about which the witness has knowledge.

**RESPONSE TO INTERROGATORY NO. 1**

Objection calls for facts already in Defendant's custody possession or control. Without waiving the forgoing objection Plaintiff responds as follows, please refer to Plaintiff's initial disclosures.

STIP. ACCOMPANYING DEF.'S
MOTION TO COMPEL                              22                  Case No.: 2:24-cv-5964-WLH-E

**INTERROGATORY NO. 2**

Identify each person who provided answers or otherwise assisted in the preparation of answers to any of Defendant's Interrogatories, specifying the information which he or she provided, and the existence, custodian, location, and general description of all documents he or she relied on.

**RESPONSE TO INTERROGATORY NO. 2**

Objection calls for facts already in Defendant's custody possession or control. Without waiving the forgoing objection Plaintiff responds as follows, please refer to Plaintiff's initial disclosures.

**INTERROGATORY NO. 3**

Identify the existence, custodian, location, and general description of relevant documents to this action, if any, and other physical evidence, or information of a similar nature.

**RESPONSE TO INTERROGATORY NO. 3**

Documents and messages at Quizlet.com

**INTERROGATORY NO. 4**

Identify the names and addresses of witnesses with knowledge of any communications that Plaintiff had regarding Defendant or with Defendant.

**RESPONSE TO INTERROGATORY NO. 4**

Quizlet, Inc.

**2.    The Parties' Positions**

**QUIZLET'S POSITION:**

Interrogatory Nos. 1-4 ask Plaintiff to identify individuals with knowledge relevant to this lawsuit and where relevant documentary evidence may be stored. Plaintiff's responses fail to give complete answers because they fail to identify appropriate individuals or documentary sources. Often, they simply name "Quizlet" without identifying a single B&A employee or representative. When the parties met and conferred, Plaintiff agreed to review and supplement its responses. *See* Newby

Decl. ¶ 8, Ex. 3 at 3.  Plaintiff has failed to do so.

Upon Quizlet notifying Plaintiff that its responses to Interrogatory Nos. 1-4 were deficient, Plaintiff had a duty to supplement.  Fed. R. Civ. P. 26(e)(1); *see also Garza v. Cty. of San Bernardino*, No. 5:23-cv-01849-CBM-SPx, 2025 U.S. Dist. LEXIS 33068, at *10 (C.D. Cal. Jan. 7, 2025); *McCollum*, 2024 WL 5316273, at *2.

Quizlet asks the Court to order Plaintiff to fully respond to Interrogatory Nos. 1-4 within 14 days of its order.

**PLAINTIFF'S POSITION:**

Plaintiff has already responded to these requests because it amended its initial disclosures to add the identity of individuals it has discovered via discovery. As Plaintiff discovers more individuals it will continue to supplement its initial disclosures. Plaintiff need not provide a specific interrogatory response for responses it has given via initial disclosures.

Interrogatory 3 seeks an identification of every document, physical evidence, or "information of a similar nature" that is relevant to this action. It is facially overbroad because it calls for an identification of every fact and document relevant to every claim and defense (even those only known to Defendant) without any limitation as to time, subject matter, format, custodian, issue, or other factors impacting proportionality. It does not "describe with reasonable particularity each item or category of items to be inspected." And, because it is unlimited, it is disproportional to the needs of the case. Barkley will respond to other requests that are properly limited in scope.

Finally, Barkley has supplemented these responses. Even if further supplementation is required for some of these interrogatories, the Court should order responses in relation to and in view of the abject failure of Defendant to produce documents in discovery. To date, Defendants have not produced any documents related to individuals with knowledge of Quizlet's AI models, or storage of copyright material.  Accordingly, Defendant's response should be denied because Plaintiff has

STIP. ACCOMPANYING DEF.'S                    24                    Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

amended its initial disclosures.

**F.** **Identification of Facts About Infringement Claims and Alleged Harm**

**1.** **Text of the Interrogatories**

**INTERROGATORY NO. 10**

Identify each instance of copyright infringement You allege was committed by Quizlet, including the content you claim was infringed, and the identification of the content you claim is infringing.

**RESPONSE TO INTERROGATORY NO. 10**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

**INTERROGATORY NO. 11**

Identify each instance in which You claim you submitted a proper DMCA Takedown Notification to Quizlet, setting forth the date it was submitted, the manner in which it was submitted, the substance of the submission and the person who verified the submission.

**RESPONSE TO INTERROGATORY NO. 11**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

**INTERROGATORY NO. 12**

Identify each instance in which You claim you submitted a proper DMCA Takedown Notification which was not properly addressed.

**RESPONSE TO INTERROGATORY NO. 12**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing

objection Plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

**INTERROGATORY NO. 13**

Identify each instance of trademark infringement You claim was committed by Quizlet, including the substance of the claim, the trademark you allege was infringed, and the use by Quizlet that is alleged to be infringing.

**RESPONSE TO INTERROGATORY NO. 13**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection Plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

**INTERROGATORY NO. 14**

Identify each instance of trade dress infringement You claim was committed by Quizlet, including the substance of the claim, the trade dress you allege was infringed, and the use by Quizlet that is alleged to be infringing.

**RESPONSE TO INTERROGATORY NO. 14**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

**INTERROGATORY NO. 15**

Identify any incidents of actual confusion by third-parties between Barkley & Associates and Quizlet, or Barkley & Associates content and content created by Quizlet.

**RESPONSE TO INTERROGATORY NO. 15**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff will produce documents responsive

to this interrogatory as they become available.

**INTERROGATORY NO. 20**

Identify any customers you allegedly lost as a result of Quizlet's conduct, specifying the customer and the conduct committed by Quizlet.

**RESPONSE TO INTERROGATORY NO. 20**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff will produce documents responsive to this interrogatory as they become available.

### 2. The Parties' Positions

**QUIZLET'S POSITION:**

Interrogatory Nos. 10-15 and 20 ask Plaintiff to provide basic facts for its claims of infringement and harm, such as identifying each instance of alleged copyright or trademark infringement Quizlet committed, and the copyrighted work infringed. In response to each of these interrogatories, Plaintiff stated that it would produce responsive documents "as they become available." Federal Rule of Civil Procedure 33(d) allows a party to produce documents in lieu of providing a written response to an interrogatory, provided that the documents must be identified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d). But it is not sufficient to refer broadly to "business records" or generically to "past or future productions of documents." *Cambridge Elecs. Corp. v. MGA Elecs., Inc.*, 227 F.R.D. 313, 322-23 (C.D. Cal. 2004) (citation and quotation omitted; collecting cases).

When the parties met and conferred, Plaintiff represented it had produced responsive information and agreed to supplement its responses to identify the infringing works that Plaintiff is prosecuting. *See* Newby Decl. ¶ 8, Ex. 3 at 3. Plaintiff has failed to supplement its responses, and it has failed to produce responsive documents.

For example, despite representing it would amend its response to Interrogatory No. 20 to identify responsive documents identifying customers it has lost due to Quizlet's alleged infringement, Plaintiff has not produced any documents identifying lost customers and thus has not—and cannot—amend its written response. Plaintiff similarly has not identified instances of actual consumer confusion, despite alleging confusion in its complaint. And while Plaintiff could point to some documents in response to Interrogatory Nos. 15 and 20, they are not limited to only *written* instances of alleged copyright infringement or actual confusion. Plaintiff's response thus may remain deficient even after identifying documents.

Quizlet asks the Court to order Plaintiff to fully respond to Interrogatory Nos. 10-15 and 20 within 14 days of its order by producing any documents Plaintiff intends to cite under Rule 33(d), identifying those documents by Bates number in its written responses, and providing any additional information in its responses that cannot be disclosed via documentary evidence.

## PLAINTIFF'S POSITION:

These Interrogatories each seek to require Barkley to identify actions, instances, and documents that are within Defendant's control (in most cases, Defendant's sole control). Barkley has produced this evidence and continues to do so via Barkley's numerous DMCA takedowns. For example, Interrogatory 10 requests an identification of each instance of copyright infringement committed by Quizlet. The copyright infringement was committed by Defendant on its website. The instances of infringement are particularly within Defendant's control, not Barkley's. Furthermore, Plaintiff has responded to these requests by filing DMCA takedown notifications, notifications that by their very nature require the identification of infringing material.

Furthermore, Barkley may never know the true extent of Defendant's copyright infringement because Defendant has failed to preserve those instances of infringement. For example, on December 4, 2024, Defendant made a one-page

STIP. ACCOMPANYING DEF.'S                    28                    Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

production of a spreadsheet entitled, "Matching Set Titles of October 30th Deleted Sets." The document shows seven quizlet.com URLs that include "barkley" and have "Barkley" in the title of the page. Each of those URLs was deleted on October 30, 2024, over 3 months *after* this litigation began, and well after Defendant's litigation hold should have been in place. As another example, Defendant produced a 16,911 page PDF entitled "Set Content All Oct 30th Delete.pdf." The PDF lists quizlet.com URLS with Barkley in the URL and title and the text of the front side and back side of a flashcard. Each URL in the PDF is a hyperlink. Each hyperlink Barkley has tested leads to a page indicating that "This set was deleted."

Similarly, Interrogatories 13-15 and 20 all request Barkley to identify instances of infringement, confusion, and lost customers, all of which took place on Defendant's website and the evidence of which is in Defendant's control.

It appears, from the lack of production of actual webpages by Defendant, that this evidence has been permanently spoiled. Barkley intends to bring an appropriate spoliation motion regarding this destruction of evidence.

Interrogatories 11 and 12 ask for identification of instances related to DMCA takedowns. This information is equally in the control of both parties. Indeed, Defendant has already produced a few examples of documents responsive to this interrogatory. Barkley will continue to produce this evidence on a rolling basis because Barkley still files DMCA takedowns because Quizlet still displays infringing material on its website to this very day.

**G.** **Identification of Marketing Channels**

    **1.** **Text of the Interrogatories**

**INTERROGATORY NO. 16**

Identify the marketing channels that You utilize to market Your products and services for which You claim Quizlet has infringed your copyrights.

**RESPONSE TO INTERROGATORY NO. 16**

Objection, this request seeks documents and information already in

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL      29      Case No.: 2:24-cv-5964-WLH-E

Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff utilizes the internet and in person conferences.

**INTERROGATORY NO. 17**

Identify the marketing channels that You utilize to market Your products and services that are sold under the Asserted Trademarks.

**RESPONSE TO INTERROGATORY NO. 17**

Objection, this request seeks documents and information already in Defendant's custody possession and/or control. Without waiving the forgoing objection plaintiff responds as follows, Plaintiff utilizes the internet and in person conferences.

**2.    The Parties' Positions**

**QUIZLET'S POSITION:**

Interrogatory Nos. 16 and 17 ask Plaintiff to identify marketing channels that Plaintiff uses. In response to both interrogatories, Plaintiff states only "the internet and in person conferences," which are insufficient responses because they do not specify the internet channels used or the in-person conferences attended. When the parties met and conferred, Plaintiff agreed to supplement its responses to provide specific information, and to identify any print, radio, or television sources Plaintiff uses. *See* Newby Decl. ¶ 8, Ex. 3 at 3. Plaintiff has failed to do so.

Upon Quizlet notifying Plaintiff that its responses to Interrogatory Nos. 16 and 17 were deficient, Plaintiff had a duty to supplement. Fed. R. Civ. P. 26(e)(1); *see also Garza*, 2025 U.S. Dist. LEXIS 33068, at *10; *McCollum*, 2024 WL 5316273, at *2.

Quizlet asks the Court to order Plaintiff to fully respond to Interrogatory Nos. 16 and 17 within 14 days of its order.

**PLAINTIFF'S POSITION:**

These interrogatories are complete. Barkley uses the internet and in-person

STIP. ACCOMPANYING DEF.'S                     30                     Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

conferences to market and sell its products. Specifying sub-channels or the proper name of every in-person conference is not required to identify a "channel."

Nevertheless, Barkley will supplement these responses to more granularly identify the marketing and sales channels as the documents that show these channels becomes available.

**H.    Plaintiff's Failure to Respond to Requests for Admission**

**1.    Text of the Requests for Admission**

**REQUEST FOR ADMISSION NO. 93**

Admit that Barkley & Associates does not offer national certification exams by the American Academy of Nurse Practitioners Certification Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical-Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and/or National Certification Corporation (NCC).

**RESPONSE TO REQUEST FOR ADMISSION NO. 93**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Ownership of the exams is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 94**

Admit that Barkley & Associates does not write any national certification exams by the American Academy of Nurse Practitioners Certification Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical-Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and/or National Certification Corporation (NCC).

**RESPONSE TO REQUEST FOR ADMISSION NO. 94**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Ownership of the exams is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 95**

Admit that Barkley & Associates does not own any rights in any national certification exams by the American Academy of Nurse Practitioners Certification

STIP. ACCOMPANYING DEF.'S    31    Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and/or National Certification Corporation (NCC).

**RESPONSE TO REQUEST FOR ADMISSION NO. 95**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Ownership of the exams is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 96**

Admit that Barkley & Associates does not choose content that is included in national certification exams by the American Academy of Nurse Practitioners Certification Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical-Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and/or National Certification Corporation (NCC).

**RESPONSE TO REQUEST FOR ADMISSION NO. 96**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Content of the exams is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 97**

Admit that the knowledge that is tested in national certification exams by the American Academy of Nurse Practitioners Certification Board (AANPCB), American Nurses Credentialing Center (ANCC), American Association of Critical-Care Nurses (AACN), Pediatric Nursing Certification Board (PNCB), and/or National Certification Corporation (NCC) is factual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 97**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Content of the exams is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 100**

Admit that Barkley & Associates does not own a copyright to the format of multiple-choice questions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Format of the products is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 101**

Admit that Barkley & Associates does not own any rights in the format of multiple-choice questions.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Format of the products is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 105**

Admit that Barkley & Associates does not own a copyright to the words "12-16 g/dl."

**RESPONSE TO REQUEST FOR ADMISSION NO. 105**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The potential copyright for 12–16 g/dl is not an issue in this suit. The document speaks for itself, and the request seeks an admission that is subject to change.

**REQUEST FOR ADMISSION NO. 107**

Admit that Barkley & Associates does not own a copyright to the words "Of the following choices, which is the most likely cause."

**RESPONSE TO REQUEST FOR ADMISSION NO. 107**

The document speaks for itself, and the request seeks an admission that is subject to change. Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. The request's phrase is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 108**

Admit that Barkley & Associates does not own a copyright to the answer choices: pyloric stenosis, meningitis, Hirschsprungs disease, gastroesophageal reflex disease.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                    33                    Case No.: 2:24-cv-5964-WLH-E

**RESPONSE TO REQUEST FOR ADMISSION NO. 108**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The request's choices are not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 109**

Admit that the answer to the question "Of the following choices, which is the most likely cause?" on page 4 of the PDF that is Exhibit A attached to the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 109**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 111**

Admit that Barkley & Associates does not own a copyright to the words "What is mean corpuscular volume (MCV)?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 111**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 113**

Admit that Barkley & Associates does not own a copyright to the words "Which of the following treatments is the most appropriate for davids conditions."

**RESPONSE TO REQUEST FOR ADMISSION NO. 113**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 119**

Admit that the answer to the question "Cross sectional research is an example of what type of research?" on page 6 of the PDF that is Exhibit A attached to the

STIP. ACCOMPANYING DEF.'S          34          Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 119**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 121**

Admit that Barkley & Associates does not own a copyright to the words "your patient has just died of complications stemming from AIDS. Given national statistics, what is the most likely age for your patient."

**RESPONSE TO REQUEST FOR ADMISSION NO. 121**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 122**

Admit that Barkley & Associates does not own a copyright to the answer choices: 10, 47, 18.

**RESPONSE TO REQUEST FOR ADMISSION NO. 122**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 123**

Admit that the answer to the question "Given national statistics, what is the most likely age for your patient" on page 7 of the PDF that is Exhibit A attached to the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 123**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 125**

Admit that Barkley & Associates does not own a copyright to the words "Given these findings, which of these conditions is the most likely cause of the patient's acute renal failure."

**RESPONSE TO REQUEST FOR ADMISSION NO. 125**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 126**

Admit that Barkley & Associates does not own a copyright to the choices: thromobosis, neurogenic bladder, sepsis, drug hypersensitivity.

**RESPONSE TO REQUEST FOR ADMISSION NO. 126**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the choices are copyrighted and their ownership are not issues.

**REQUEST FOR ADMISSION NO. 127**

Admit that the answer to the question "Given these findings, which of these conditions is the most likely cause of the patient's acute renal failure" on page 7 of the PDF that is Exhibit A attached to the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 127**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 130**

Admit that Barkley & Associates does not own a copyright to the list of symptoms "difficulty interacting with others," "relatively small head," "flattened nose," and "eyes that are wideset with an upward slant."

STIP. ACCOMPANYING DEF.'S
MOTION TO COMPEL

36

Case No.: 2:24-cv-5964-WLH-E

**RESPONSE TO REQUEST FOR ADMISSION NO. 130**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 131**

Admit that Barkley & Associates does not own a copyright to the words "the NP suspects a genetic disorder most likely due to."

**RESPONSE TO REQUEST FOR ADMISSION NO. 131**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 132**

Admit that Barkley & Associates does not own a copyright to the choices: a change in the long arm of the X chromosome, a deficiency of fact VIII, an extra X chromosome, a third chromosome 21.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 134**

Admit that the answer to the question "the NP suspects a genetic disorder most likely due to" on page 8 of the PDF that is Exhibit A attached to the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 134**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 136**

Admit that Barkley & Associates does not own a copyright to the words "Which of these anti-epileptic drugs is the long-term drug of choice for treating patients diagnosed with convulsive status epilepticus?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 136**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 137**

Admit that Barkley & Associates does not own a copyright to the answer choices: fosphenytoin, phenytoin, phenobarbital.

**RESPONSE TO REQUEST FOR ADMISSION NO. 137**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 138**

Admit that the answer to the question "Which of these anti-epileptic drugs is the long-term drug of choice for treating patients diagnosed with convulsive status epilepticus?" on page 9 of the PDF that is Exhibit A attached to the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 138**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 140**

Admit that the list of symptoms of aortic regurgitation listed page 9 of the PDF that is Exhibit A attached to the Complaint are facts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 141**

Admit that Barkley & Associates does not own a copyright to the words "aortic regurgitation."

**RESPONSE TO REQUEST FOR ADMISSION NO. 141**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 142**

Admit that Barkley & Associates does not own a copyright to a list of symptoms.

**RESPONSE TO REQUEST FOR ADMISSION NO. 142**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether any list of symptoms is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 144**

Admit that the list of symptoms of aortic regurgitation listed page 10 of the PDF that is Exhibit A attached to the Complaint are facts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 144**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 147**

Admit that Barkley & Associates does not own a copyright to the term "AGACNP."

**RESPONSE TO REQUEST FOR ADMISSION NO. 147**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 149**

Admit that the content on Barkley & Associates' website at https://www.npcourses.com/agacnp/ is not in the same format as the accused content that is reproduced on page 11 of the PDF that is Exhibit A attached to the Complaint regarding "AGACNP."

**RESPONSE TO REQUEST FOR ADMISSION NO. 149**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Format of the products is not an issue in this lawsuit. Further, the content of the website may change.

**REQUEST FOR ADMISSION NO. 152**

Admit that "ABCDEFGHIMN" stands for "Autoimmune, Blood, Cancer, Drugs, Endo, Familial mediterranean fever, GI, Heart, Infection, Misc., Neuro."

**RESPONSE TO REQUEST FOR ADMISSION NO. 152**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  The request's phrase is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 153**

Admit that Barkley & Associates does not own a copyright for the term "ABCDEFGHIMN."

**RESPONSE TO REQUEST FOR ADMISSION NO. 153**

Objection.  Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 154**

Admit that Barkley & Associates does not own a copyright to any of the

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                40                Case No.: 2:24-cv-5964-WLH-E

conditions listed on page 11 of the PDF that is Exhibit A attached to the Complaint.

**RESPONSE TO REQUEST FOR ADMISSION NO. 154**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 156**

Admit that Barkley & Associates does not own a copyright to the words "The most common reason for a patient to have ↓ Na+ but ↑ serum osmolality."

**RESPONSE TO REQUEST FOR ADMISSION NO. 156**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 159**

Admit that Barkley & Associates does not own a copyright to the words "Patient with terminal cancer c/o breakthrough pain. They have 1 hydromorphone ER tab daily."

**RESPONSE TO REQUEST FOR ADMISSION NO. 159**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 160**

Admit that the words "Patient with terminal cancer c/o breakthrough pain. They have 1 hydromorphone ER tab daily" are factual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 160**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL          41          Case No.: 2:24-cv-5964-WLH-E

**REQUEST FOR ADMISSION NO. 161**

Admit that Barkley & Associates does not own a copyright to the answer choices: consider fentanyl patch; increase dose; start MSO4, stop hydromorphone; refer to pain specialist.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 162**

Admit that Barkley & Associates does not own a copyright to the words "fentanyl is good for sustained release to help breakthrough pain. Do not refer for everything, need to do something."

**RESPONSE TO REQUEST FOR ADMISSION NO. 162**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 164**

Admit that the next best step to consider in the scenario "Patient with terminal cancer c/o breakthrough pain. They have 1 hydromorphone ER tab daily" as Question 1 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 166**

Admit that Barkley & Associates does not own a copyright to the words "62 y.o. Kreon male with chest pain 5/10 x 2 hours. He is silent, not answering questions

STIP. ACCOMPANYING DEF.'S          42          Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

openly – why admit."

**RESPONSE TO REQUEST FOR ADMISSION NO. 166**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 167**

Admit that Barkley & Associates does not own a copyright to the choices: ethnicity, hesitancy to discuss situation, gender, age.

**RESPONSE TO REQUEST FOR ADMISSION NO. 167**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the choices are copyrighted and their ownership are not issues.

**REQUEST FOR ADMISSION NO. 168**

Admit that Barkley & Associates does not own a copyright to the words "Ethnicity. Koreans/Asians are stoic, do not like to admit pain. Cultural sensitivity."

**RESPONSE TO REQUEST FOR ADMISSION NO. 168**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 169**

Admit that the answer to the question "why admit?" in Question 2 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 169**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 171**

Admit that Barkley & Associates does not own a copyright to the words

"Patient taking dispersal has elevated temp (39.4) diaphoretic, lethargic, 'coming out of skin'. What is priority?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 171**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 172**

Admit that Barkley & Associates does not own a copyright to the answer choices: IVF, ice packs.

**RESPONSE TO REQUEST FOR ADMISSION NO. 172**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 173**

Admit that the answer to the question "What is priority?" in Question 3 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 173**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 175**

Admit that Barkley & Associates does not own a copyright to the words "Patient has a fever of unknown" and "should you do?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 175**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                44                Case No.: 2:24-cv-5964-WLH-E

**REQUEST FOR ADMISSION NO. 176**

Admit that Barkley & Associates does not own a copyright to the answer choices: nothing until confirmed diagnosis, PO broad spectrum antibiotics, IV broad spectrum antibiotics, Tylenol.

**RESPONSE TO REQUEST FOR ADMISSION NO. 176**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 177**

Admit that Barkley & Associates does not own a copyright to the words "Nothing until confirmed diagnosis. Do not over treat! Need to know what you are treating first, need to do work up first."

**RESPONSE TO REQUEST FOR ADMISSION NO. 177**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrases are copyrighted and their ownership are not issues.

**REQUEST FOR ADMISSION NO. 178**

Admit that the answer to the question of what "should you do" in Question 4 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 178**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 180**

Admit that Barkley & Associates does not own a copyright to the words "All of the following are expected in a cluster headache EXCEPT."

**RESPONSE TO REQUEST FOR ADMISSION NO. 180**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 181**

Admit that Barkley & Associates does not own a copyright to the answer choices: vise-like pain, apathy, inability to concentrate; nasal decongestion, rhinorrhea, eye redness; daily periorbital pain; precipitated by alcohol.

**RESPONSE TO REQUEST FOR ADMISSION NO. 181**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 182**

Admit that Barkley & Associates does not own a copyright to the words "Vise-like pain, apathy, inability to concentrate. These are for tension headache."

**RESPONSE TO REQUEST FOR ADMISSION NO. 182**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 183**

Admit that the words "Vise-like pain, apathy, inability to concentrate. These are for tension headache" are factual.

**RESPONSE TO REQUEST FOR ADMISSION NO. 183**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 184**

Admit that the statement in Question 5 in the screenshot from studypool.com in paragraph 12 of the Complaint "All of the following are expected in a cluster headache EXCEPT" is to be completed by inserting the one of the choices provided

that are the factual symptoms of a cluster headache."

**RESPONSE TO REQUEST FOR ADMISSION NO. 184**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 185**

Admit that the answer to the question "All of the following are expected in a cluster headache EXCEPT" in Question 5 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 185**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 187**

Admit that Barkley & Associates does not own a copyright to the words "Patient is 3 days s/p ex lap for bowel perf secondary to ruptured diverticulitis. She is on a ventilator and slow to wean. Neuro intact and normal bowel sounds. What is the best method of nutritional support?"

**RESPONSE TO REQUEST FOR ADMISSION NO. 187**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 188**

Admit that Barkley & Associates does not own a copyright to the answer choices: small bore ND tube, parenteral via central line, parenteral via peripheral line, gastrostomy tube.

**RESPONSE TO REQUEST FOR ADMISSION NO. 188**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of

STIP. ACCOMPANYING DEF.'S                    47              Case No.: 2:24-cv-5964-WLH-E
MOTION TO COMPEL

admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 189**

Admit that Barkley & Associates does not own a copyright to the words "Small bore ND tube."

**RESPONSE TO REQUEST FOR ADMISSION NO. 189**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 190**

Admit that the answer to the question "What is the best method of nutritional support?" in Question 6 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 190**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 191**

Admit that the accused content that is reproduced as Question 7 in the screenshot from studypool.com in paragraph 12 of the Complaint states: "You suspect your patient has cholelithiasis. What order is most important at this time?" and then provides the choices: CT scan without contrast, abdominal X-RAY, ultrasound, GI consult, and then provides the answer: "Ultrasound. Lease invasive, least expensive."

**RESPONSE TO REQUEST FOR ADMISSION NO. 191**

[No response provided.]

**REQUEST FOR ADMISSION NO. 192**

Admit that Barkley & Associates does not own a copyright to the words "You

suspect your patient has cholelithiasis. What order is most important at this time."

**RESPONSE TO REQUEST FOR ADMISSION NO. 192**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 193**

Admit that Barkley & Associates does not own a copyright to the answer choices: CT scan without contrast, abdominal X-RAY, ultrasound, GI consult.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 194**

Admit that Barkley & Associates does not own a copyright to the words "Ultrasound. Lease invasive, least expensive."

**RESPONSE TO REQUEST FOR ADMISSION NO. 194**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the phrase is copyrighted and its ownership are not issues.

**REQUEST FOR ADMISSION NO. 195**

Admit that the answer to the question "What order is most important at this time?" in Question 7 in the screenshot from studypool.com in paragraph 12 of the Complaint is a fact.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Whether the request's phrase is a fact is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 197**

Admit that "NP," as used on Barkley & Associates' website at https://www.npcourses.com/, stands for "nurse practitioner."

**RESPONSE TO REQUEST FOR ADMISSION NO. 197**

Objection. Irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Any meaning of "NP" is not an issue in this lawsuit.

**REQUEST FOR ADMISSION NO. 203**

Admit that the home pages of Barkley & Associates' website at https://www.npcourses.com/ does not use the word "Barkley" without the words "& Associates" or "& Associates, Inc." immediately following the word "Barkley."

**RESPONSE TO REQUEST FOR ADMISSION NO. 203**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 205**

Admit that Barkley & Associates' identifying information on its page on LinkedIn, available at https://www.linkedin.com/company/barkley-associates-inc/, does not use the word "Barkley" without the words "& Associates" or "& Associates, Inc." immediately following the word "Barkley."

**RESPONSE TO REQUEST FOR ADMISSION NO. 205**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 207**

Admit that Barkley & Associates' identifying in-formation on its page on Facebook, available at https://www.face-book.com/barkleyandassociates/, does not use the word "Barkley" without the words "& Associates" or "& Associates, Inc." immediately following the word "Barkley."

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                50                Case No.: 2:24-cv-5964-WLH-E

**RESPONSE TO REQUEST FOR ADMISSION NO. 207**

Objection. The document speaks for itself, and the re-quest seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 209**

Admit that Barkley & Associates' identifying information on its page on Instagram, available at https://www.instagram.com/barkleycourses/, does not use the word "Barkley" without the word(s) "& Associates," "& Associates, Inc." or "courses" immediately following the word "Barkley."

**RESPONSE TO REQUEST FOR ADMISSION NO. 209**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 211**

Admit that Barkley & Associates' identifying information on its page on TikTok, available at https://www.tiktok.com/@barkleyandassociates?is_from_webapp=1&sender_device=pc, does not use the word "Barkley" without the words "& Associates," "and associates," or "& Associates, Inc." immediately following the word "Barkley."

**RESPONSE TO REQUEST FOR ADMISSION NO. 211**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 213**

Admit that Barkley & Associates' identifying information on its page on YouTube, available at https://www.youtube.com/@BarkleyandAssociates, does not use the word "Barkley" without the words "& Associates," "and associates," or "& Associates, Inc." immediately following the word "Barkley."

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                    51                    Case No.: 2:24-cv-5964-WLH-E

**RESPONSE TO REQUEST FOR ADMISSION NO. 213**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 214**

Admit that Barkley & Associates does not advertise its products on social media using the word "Barkley" without the words "& Associates," "& Associates, Inc.," "and associates" or "courses" immediately following the word "Barkley."

**RESPONSE TO REQUEST FOR ADMISSION NO. 214**

Objection. The document speaks for itself, and the request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 218**

Admit that Barkley & Associates does not offer any products that are not directed to nurse practitioners and/or students studying for nurse practitioner certification.

**RESPONSE TO REQUEST FOR ADMISSION NO. 218**

Objection. The request is vague and ambiguous because it contains a double negative, and the "and/or" can be inclusive or exclusive. The request also seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 219**

Admit that all of the courses offered by Barkley & Associates are directed to nurse practitioners and/or students studying for nurse practitioner certification.

**RESPONSE TO REQUEST FOR ADMISSION NO. 219**

Objection. The request is vague and ambiguous because the "and/or" can be inclusive or exclusive. The request also seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 223**

Admit that Dr. Thomas W. Barkley, Jr. owns and operates Barkley & Associates.

**RESPONSE TO REQUEST FOR ADMISSION NO. 223**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 224**

Admit that the word "Barkley" is a surname.

**RESPONSE TO REQUEST FOR ADMISSION NO. 224**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 225**

Admit that Dr. Thomas W. Barkley, Jr.'s surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 225**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 226**

Admit that Charles Barkley is a famous former NBA basketball player.

**RESPONSE TO REQUEST FOR ADMISSION NO. 226**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 227**

Admit that Charles Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 227**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 228**

Admit that Saquon Rasul Quevis Barkley is an NFL football player on the

Philadelphia Eagles.

**RESPONSE TO REQUEST FOR ADMISSION NO. 228**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 229**

Admit that Saquon Rasul Quevis Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 229**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 230**

Admit that Dean Barkley is a former United States Senator from Minnesota.

**RESPONSE TO REQUEST FOR ADMISSION NO. 230**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 231**

Admit that Dean Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 231**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 232**

Admit that Ross Barkley is or was an English professional footballer (soccer player, in American English) who plays or played for Premier League Club Aston Villa.

**RESPONSE TO REQUEST FOR ADMISSION NO. 232**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 233**

Admit that Ross Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 233**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 234**

Admit that Iran Barkley is a former professional boxer.

**RESPONSE TO REQUEST FOR ADMISSION NO. 234**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 235**

Admit that Iran Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 235**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 236**

Admit that Matt Barkley is a football player who played for the USC Trojans.

**RESPONSE TO REQUEST FOR ADMISSION NO. 236**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 237**

Admit that Matt Barkley's surname is Barkley.

**RESPONSE TO REQUEST FOR ADMISSION NO. 237**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 238**

Admit that Barkley is a common surname.

**RESPONSE TO REQUEST FOR ADMISSION NO. 238**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                    55                    Case No.: 2:24-cv-5964-WLH-E

**REQUEST FOR ADMISSION NO. 239**

Admit that Barkley is not an uncommon surname.

**RESPONSE TO REQUEST FOR ADMISSION NO. 239**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 240**

Admit that the HouseofNames.com website lists Barkley as the 2,584th most popular surname in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 240**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 241**

Admit that Namecensus.com lists "Hsu" as the 2,147th most popular name in the United States.

**RESPONSE TO REQUEST FOR ADMISSION NO. 241**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 242**

Admit that Gnarls Barkley is an American musical act featuring CeeLo Green and producer Danger Mouse.

**RESPONSE TO REQUEST FOR ADMISSION NO. 242**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 243**

Admit that Gnarls Barkley released a platinum certified, chart-topping song, "Crazy."

**RESPONSE TO REQUEST FOR ADMISSION NO. 243**

The request seeks an admission that is irrelevant and not reasonably calculated

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL     56     Case No.: 2:24-cv-5964-WLH-E

to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 244**

Admit that Gnarls Barkley was nominated for Record of the Year at the 2007 Grammy Awards.

**RESPONSE TO REQUEST FOR ADMISSION NO. 244**

The request seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST FOR ADMISSION NO. 245**

Admit that Barkley & Associates knows of no volitional act performed by Quizlet regarding the use of the Barkley & Associates trademark.

**RESPONSE TO REQUEST FOR ADMISSION NO. 245**

Objection. The request is vague and ambiguous. The term "volitional act," which means, "Done of one's own will or choosing," "deliberately decided or chosen," or "under conscious control," applies to acts of humans, not to acts of an entity like Quizlet. "Knows" also is vague. It can mean "to perceive or understand as fact or truth," "to apprehend clearly and with certainty," "to have established or fixed in the mind or memory," "to be cognizant or aware of," "to be acquainted with (a thing, place, person, etc.), as by sight, experience, or report," "to understand from experience or attainment, or "to be able to distinguish, as one from another." The request also seeks an admission that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because what "Barkley & Associates knows now is not an issue in this suit.

## 2. The Parties' Positions

**QUIZLET'S POSITION:**

Many of these RFAs seek information concerning the ownership and protectability of materials that directly relate to Plaintiff's claims of copyright ownership, including nursing certification exams and particular words or phrases Plaintiff uses in the operative complaint. *See, e.g.*, RFA Nos. 95, 130, and 161. Other

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL                 57                 Case No.: 2:24-cv-5964-WLH-E

RFAs seek information directly related to Plaintiff's trademark claims, such as Plaintiff's use of the term "Barkley" as a trademark and the distinctiveness of the term "Barkley." *See, e.g.*, RFA Nos. 203 and 226. In response to all but one of these RFAs, Plaintiff served only objections without providing a substantive admission or denial. The one RFA Plaintiff did not object to (RFA No. 191), is only because Plaintiff failed to respond at all. When the parties met and conferred, Plaintiff agreed that it would supplement its responses. *See* Newby Decl., ¶ 8, Ex. 3 at 3-4. Plaintiff has failed to do so.

Federal Rule of Civil Procedure 36(a)(4) requires that "[i]f a matter is not admitted, the answer must specifically deny it or state *in detail* why the answering party cannot truthfully admit or deny it." Fed. R. Civ. P. 36(a)(4) (emphasis added). Plaintiff repeatedly objected that the RFAs seek admissions that are "irrelevant and not reasonably calculated to lead to the discovery of admissible evidence." But these RFAs are directly relevant to Plaintiff's claims because Plaintiff put the phrases and terms listed in the RFAs at issue when it used them in its Complaint and Exhibit A to the Complaint. Upon Quizlet notifying Plaintiff that its responses to these RFAs were deficient due to a lack of admission, denial or detailed response for why Plaintiff could not respond, Plaintiff had a duty to supplement. Fed. R. Civ. P. 26(e)(1); *see also McCollum*, 2024 WL 5316273, at *2.

Quizlet asks the Court to order Plaintiff to fully respond to RFA Nos. 93-97, 100-101, 105, 107-109, 111, 113, 119, 121-123, 125-127, 130-132, 134, 136-138, 140-142, 144, 147, 149, 152-154, 156, 159-162, 164, 166-169, 171-173, 175-178, 180-185, 187-190, 191-195, 197, 203, 205, 207, 209, 211, 213-214, 218-219, and 223-245 within 14 days of its order.

**PLAINTIFF'S POSITION:**

Barkley has supplemented its responses to these requests for admission with admissions and denials. To the extent the admission or denial requires a legal conclusion or expert opinion at a later date, Barkley reserves its right to supplement

responses as new documents become available.

## III. CONCLUSION

### A. Quizlet's Request for Relief

The Court should hold Plaintiff to its representations that it will supplement its discovery responses and produce responsive documents. As such, Quizlet respectfully requests the Court order that within 14 days of its order, Plaintiff shall (1) provide a privilege log; (2) produce documents in response to RFP Nos. 1-5 and 8-20 and/or certify that no additional, non-privileged documents exist; (3) supplement its deficient responses to Quizlet's First Set of Interrogatories; and (4) provide responses to Quizlet's Second Set of Requests for Admission.

### B. Plaintiff's Conclusion

Plaintiff has already supplemented its responses to the majority of topics in this stipulation, so most of the disputes are moot. Plaintiff requests that if the court orders Plaintiff produce a privilege log, it also order Defendant to produce a privilege log. Plaintiff has requested such a log at almost every meet and confer with Defendant, and many of Defendant's objections are also based on attorney client privilege. Requiring both parties produce a privilege log also spares the court having to read another motion to compel that Plaintiff must bring if only Plaintiff is ordered to produce a log.

Respectfully submitted,

Dated: March 6, 2026

FENWICK & WEST LLP

By: /s/ Tyler G. Newby
        Tyler G. Newby

Attorneys for Defendant
QUIZLET, INC.

STIP. ACCOMPANYING DEF.'S MOTION TO COMPEL

59

Case No.: 2:24-cv-5964-WLH-E

Dated:  March 6, 2026

SOCAL IP LAW GROUP LLP

By:/s/  Brian Tamsut
Brian Tamsut

Attorneys for Plaintiff
BARKLEY & ASSOCIATES, INC.

**ATTESTATION**

I, Tyler G. Newby, hereby attest that all other signatories listed above, and on behalf of whom this filing is submitted, concur in the content of this filing and have authorized me to file on their behalf.


Dated:  March 6, 2026                    */s/ Tyler G. Newby*
                                          Tyler G. Newby