UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 24-5964-WLH(Ex) | Date | March 23, 2026 |

| | |
|---|---|
| Title | BARKLEY & ASSOCIATES, INC. v. QUIZLET, INC. |

Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**
None

**Attorneys Present for Defendants:**
None

**Proceedings:**       **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Defendant's Motion to Compel, etc." ("the Motion"), filed March 6, 2026. The previously noticed March 27, 2026 hearing is vacated. The Magistrate Judge has taken the Motion under submission without oral argument.

The Motion warrants several observations. Rule 26(b) prescribes the proper scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ." Fed. R. Civ. P. 26(b)(1).

It is not proper to object to a request for documents or information on the ground that the requested documents or information assertedly are possessed by, or are equally available to, the requesting party. See, e.g., Smith v. Montoya, 2021 WL 6618858, at *1 (E.D. Cal. July 21, 2021); St. Paul Reinsurance Co., Ltd. v. Com. Fin. Corp. 198 F.R.D. 508, 514 (N.D. Iowa 2000).

It is improper to answer an interrogatory with a non-specific reference to documents or records. See Fed. R. Civ. P. 33(d); United States v. Humana Inc., 2019 WL 7406784, at *5 (W.D. Ky. Dec. 18, 2019); Chudacoff v. Univ. Med. Ctr., 2013 WL 1737201, at *2 (D. Nev. April 22, 2013); Cambridge Electronics, Corp. v. NGA Electronics, Inc., 227 F.R.D. 313, 322-23 (C.D. Cal. 2004).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | CV 24-5964-WLH(Ex) | Date | March 23, 2026 |
|---|---|---|---|

| Title | BARKLEY & ASSOCIATES, INC. v. QUIZLET, INC. |
|---|---|


When the appropriate breadth of a request for production of documents is in reasonable dispute, the responding party's preparation of a log individually identifying the assertedly privileged documents responsive to that request generally may await the resolution of the dispute regarding the appropriate breadth of the request.  See, e.g., Miniter v. City of Los Angeles, 2011 WL 13134766, at *4 n.4 (C.D. Cal. Apr. 19, 2011).


The Motion is granted as to Requests for Production Nos. 1, 2, 3, 5 and 8.  The Motion is also granted as to Interrogatories Nos. 10, 11, 12, 13, 14, 15, 16, 17 and 20.

The Motion is denied as to Request for Production No. 4 (as vague, ambiguous, unreasonably overbroad and not proportional to the needs of the case), Requests for Production Nos. 9-20 (as not proportional to the needs of the case, given other discovery and the impending discovery cut-off), and Interrogatories Nos. 1-4 (as not proportional to the needs of the case, given other discovery and the impending discovery cut-off).

The Motion is denied as moot as to the Requests for Admission.

To the extent the Motion has been granted, on or before April 9, 2026, Plaintiff shall:
(1) serve amended responses without objection to the subject requests for production;
(2) produce all non-privileged documents responsive to the subject requests for production; and
(3) serve amended answers without objection to the subject interrogatories.  At the same time, Plaintiff shall serve a privilege log identifying with particularity each responsive document previously withheld from production (or withheld from the April 9, 2026 production) under claim of privilege.


cc:    Judge Hsu
       All Counsel of Record

Initials of Deputy Clerk  bm