UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


| Case No. | CV 24-5964-WLH(Ex) | Date | March 24, 2026 |
|---|---|---|---|

| Title | BARKLEY & ASSOCIATES, INC. v. QUIZLET, INC. |
|---|---|


Present: The Honorable   Charles F. Eick, United States Magistrate Judge

| Bea Martinez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

**Attorneys Present for Plaintiffs:**          **Attorneys Present for Defendants:**
None                                                                      None

**Proceedings:**          **(IN CHAMBERS)**

The Magistrate Judge has read and considered all papers filed in support of and in opposition to "Plaintiff's Motion to Compel, etc." ("the Motion"), filed March 9, 2026.  The previously scheduled April 3, 2026 hearing is vacated.  The Magistrate Judge has taken the Motion under submission without oral argument.

The Motion warrants several observations.  Rule 26(b)  prescribes the proper scope of discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . ."  Fed. R. Civ. P. 26(b)(1).

A party serving written discovery requests should refrain from serving repetitious or overlapping requests.  See Fed. R. Civ. P. 26(b)(2)(C)(i).

Local Rule 37-2.1 requires that the Joint Stipulation contain, verbatim, each disputed discovery request and followed by each allegedly insufficient response thereto.  "Request for Production No. 3" appearing at Document 120-1, page 6 of the Joint Stipulation appears to be a request propounded by Defendant rather than by Plaintiff, followed by  a "Response to Request for Production No. 3" which appears not to respond thereto.  All counsel should proofread a joint stipulation carefully before the stipulation is signed and filed.

A proper Local Rule 37 Joint Stipulation does not contain multiple recitals and multiple briefings concerning a single discovery request.  The Joint Stipulation filed with this Motion does so.  See Doc. 120-1, pp. 7-12; Doc. 120-1, pp. 15-17.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | CV 24-5964-WLH(Ex) | Date | March 24, 2026 |
|---|---|---|---|
| Title | BARKLEY & ASSOCIATES, INC. v. QUIZLET, INC. | | |

In the context of a motion to compel, a party should not seek an order requiring the production of documents which are not responsive to any request for production of documents previously propounded.

Although the matter is not free from doubt, the Magistrate Judge does not believe that the District Judge's "Order Re Motion to Bifurcate Discovery," filed June 20, 2025, precludes any discovery sought in the Motion. By subsequent "Civil Pretrial Schedule and Trial Order," filed October 21, 2025, the District Judge required that "all" fact discovery be completed by April 9, 2026. The Magistrate Judge interprets "all" to mean "all," including discovery relevant only to alleged damages. However, as to the present Motion, the issue is academic, for reasons set forth infra.

On or before April 9, 2026, Defendant must produce all training data within Defendant's possession, custody or control that mentions the term "Barkley" or includes any of the allegedly copyrighted materials claimed in this action to have been infringed.

Except as expressly stated herein, the Motion is denied. Requests for Production Nos. 2, 4, 11 and 13 are otherwise vague, ambiguous, unreasonably overbroad and/or not proportional to the needs of the case. Request for Production No. 20 is unreasonably overbroad and not proportional to the needs of the case.

cc:    Judge Hsu
       All Counsel of Record

                                          Initials of Deputy Clerk  bm