UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BARKLEY & ASSOCIATES, INC., | Case No.: 2:24-cv-5964-WLH-E |
| Plaintiff, | |
| v. | **[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| QUIZLET, INC., | |
| Defendant. | Date:     July 10, 2026<br>Time:     11:00 a.m.<br>Ctrm.:    9B, 9th Floor<br>Judge:    Hon. Wesley L. Hsu |

On May 29, 2026, Defendant Quizlet, Inc. filed a Motion for Summary Judgment on all of Plaintiff Barkley & Associates, Inc.'s claims.

Having considered Quizlet's Motion, the papers submitted by the parties, the files and records of this action, as well as all argument and other matters properly submitted to the Court, and good cause appearing, the Court hereby **GRANTS** Quizlet's Motion for Summary Judgment on all of Plaintiff's claims, including the following:

1. <u>Quizlet is not liable for direct copyright infringement</u>. There is no evidence that Quizlet engaged in volitional conduct that could support a direct infringement claim, nor is there evidence that Quizlet trained artificial intelligence ("AI") models using Plaintiff's copyrighted works. Because Plaintiff has provided no evidence that Quizlet is the proximate cause of any alleged infringement, Quizlet is entitled to summary judgment on Plaintiff's direct copyright infringement claims. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 666 (9th Cir. 2017).

2. <u>Quizlet satisfies DMCA Section 512(c)'s requirements for the safe harbor</u>. Quizlet is also entitled to summary judgment because it qualifies for the Digital Millennium Copyright Act ("DMCA") Section 512(c) safe harbor. *Mavrix Photographs, LLC v. Livejournal, Inc.*, 873 F.3d 1045, 1052 (9th Cir. 2017).

3. <u>Quizlet did not vicariously infringe Plaintiff's copyrights</u>. There is no evidence tying a financial benefit Quizlet receives from subscriptions directly to the alleged infringement of Plaintiff's content. Additionally, there is no evidence that Quizlet exerted influence over users' uploading, or access to, Plaintiff's content on Quizlet's website. Because Plaintiff cannot establish either a direct financial benefit or the right and ability to supervise, Quizlet is entitled to summary judgment on Plaintiff's vicarious copyright infringement claim. *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 802 (9th Cir. 2007).

1

4.  Plaintiff is prohibited from presenting evidence of infringement due to its violation of the Court's Order.  Plaintiff failed to answer interrogatories identifying each instance of alleged infringement and the copyrighted work, trademark, and trade dress Plaintiff claims Quizlet infringed.  Because Plaintiff failed to comply with the Court's Order (Dkt. 127), the Court prohibits Plaintiff from introducing evidence of copyright, trademark, and trade dress infringement.  Fed. R. Civ. P. 37(b)(2)(A)(ii).

5.  Plaintiff's state and federal trademark claims and Unfair Competition Law claim.  Because there is no evidence showing Quizlet has used Plaintiff's marks in commerce to promote its services, Quizlet is entitled to summary judgment on Plaintiff's state and federal trademark and trade dress claims and Unfair Competition Law claim.  *Perfect 10, Inc. v. Giganews, Inc.*, No. CV11-07098 AHM SHX, 2013 WL 2109963, at *14 (C.D. Cal. Mar. 8, 2013), *aff'd*, 847 F.3d 657 (9th Cir. 2017); *Cleary v. News Corp.*, 30 F.3d 1255, 1262-63 (9th Cir. 1994).

6.  *Dastar* precludes Plaintiff's Lanham Act, state common law infringement, and state unfair competition claims.  Plaintiff's Lanham Act and state unfair competition claims are inseparable from its copyright infringement claims and are precluded by *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23 (2003).

7.  The Copyright Act preempts Plaintiff's common law trademark infringement and unfair competition law claims.  Because Plaintiff bases its trademark and UCL claims on copyright infringement, Quizlet is entitled to summary judgment on these claims.  *Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1010 (9th Cir. 2017); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

**IT IS SO ORDERED.**

Dated: _____    _____

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE