TYLER G. NEWBY (CSB No. 205790)
tnewby@fenwick.com
NICHOLAS A. SANTOS (CSB No. 335767)
nsantos@fenwick.com
FENWICK & WEST LLP
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: 415.875.2300
Facsimile: 415.281.1350

DIANA C. BUCK (CSB No. 339314)
dbuck@fenwick.com
801 California Street
Mountain View, CA 94041
Telephone: 650.988.8500
Facsimile: 650.938.5200

Attorneys for Defendant
QUIZLET, INC.



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

BARKLEY & ASSOCIATES, INC.,

Plaintiff,

v.

QUIZLET, INC.,

Defendant.

Case No.: 2:24-cv-5964-WLH-E

**DEFENDANT QUIZLET, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE COURT'S GRANT OF DEFENDANT QUIZLET'S MOTION FOR SUMMARY JUDGMENT**

**REVISED USING AI**

Date: September 25, 2026
Time: 1:30 pm
Courtroom: 9B, 9th Flr.
Judge: Hon. Wesley L. Hsu

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .......... 1

II. THE SUMMARY JUDGMENT ORDER .......... 1

III. ARGUMENT .......... 2

A. B&A's Motion Rehashes Arguments that the Court Already Rejected. .......... 3

1. B&A Merely Disagrees with the Court's Holding that Quizlet Does Not Engage in Volitional Conduct. .......... 3

2. B&A's Motion Repeats Evidence and Arguments on Vicarious Infringement the Court Already Considered and Rejected. .......... 6

3. B&A's "Use in Commerce" Argument Repeats a Theory the Court Already Rejected. .......... 9

B. B&A's New Likelihood of Confusion Argument is Waived, and is Otherwise Moot. .......... 10

IV. CONCLUSION .......... 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Allstate Ins. Co. v. Herron*,
634 F.3d 1101 (9th Cir. 2011) ........................................ 2

*AMF Inc. v. Sleekcraft Boats*,
599 F.2d 341 (9th Cir. 1979) ........................................ 10

*Hernandez v. Montgomery*,
No. 2:20-CV-05272-SB (SP), 2024 WL 3818136 (C.D. Cal. June 25, 2024), *report and recommendation adopted,* No. 2:20-CV-05272-SB (SP), 2024 WL 3819792 (C.D. Cal. Aug. 13, 2024) ........................................ 2, 5, 6

*Kische USA LLC v. Simsek*,
No. C16-0168JLR, 2017 WL 5881322 (W.D. Wash. Nov. 29, 2017) ........................................ 10

*Kona Enters., Inc. v. Est. of Bishop*,
229 F.3d 877 (9th Cir. 2000) ........................................ 2

*Moten v. Pulido*,
No. 2:22-CV-4942-DOC-SP, 2024 WL 5171384 (C.D. Cal. Nov. 25, 2024), *report and recommendation adopted*, No. 2:22-CV-4942-DOC-SP, 2024 WL 5169792 (C.D. Cal. Dec. 19, 2024) ........................................ 4

*Myles v. United States*,
No. 5:19-CV-02036-WLH-(KKX), 2025 WL 1090991 (C.D. Cal. Mar. 26, 2025) ........................................ 3, 10

*Perfect 10, Inc. v. Giganews*,
Inc., 847 F.3d 657 (9th Cir. 2017) ........................................ 8

*Rearden LLC v. Rearden Com., Inc.*,
683 F.3d 1190 (9th Cir. 2012) ........................................ 10

*Roe v. LexisNexis Risk Sols. Inc*.,
No. CV 12-6284 GAF (EX), 2013 WL 12134002 (C.D. Cal. May 2, 2013) ...... 6

*State Comp. Ins. Fund v. Drobot*,
192 F. Supp. 3d 1080 (C.D. Cal. 2016) ........................................ 8

*Sundby v. Landau*,
No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825 (C.D. Cal. July 2, 2025), *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026) ........................................ 5, 7

*U.S.A. v. Nwafor*,
No. CR-11-00791-ODW-1, 2020 WL 4904865 (C.D. Cal. June 8, 2020) ......... 3

**RULES**

Civil LR. 7-18 ........................................ *passim*

Fed. R. Civ. P. 59(e) ........................................ 1, 2

FENWICK & WEST LLP
ATTORNEYS AT LAW

## I. INTRODUCTION

On July 14, 2026, following full briefing and oral argument, the Court granted summary judgment for Quizlet on every one of Barkley & Associates, Inc.'s ("B&A") copyright, trademark, and unfair competition claims. Dkt. 155 ("Order") at 26. B&A's Motion for Reconsideration (the "Motion") identifies no new material fact the Court failed to consider or any change in controlling law. Instead, while nominally claiming that the Court made manifest errors in how it evaluated the evidence before it, the Motion simply repackages the same threadbare evidence and arguments from its summary judgment opposition that the Court already considered and rejected. Both Federal Rule of Civil Procedure 59(e) and Civil Local Rule 7-18 prohibit motions for reconsideration that rehash prior arguments, and the Court should deny the Motion.

## II. THE SUMMARY JUDGMENT ORDER

The Order correctly found that B&A failed to present evidence creating a dispute of material fact on the elements of any of its claims. First, the Court held that Quizlet did not engage in the volitional conduct required for direct copyright infringement because the undisputed evidence showed that users, not Quizlet, select and submit the content to the AI tools on Quizlet's website that generate outputs. Order at 12. The Court also correctly held that B&A failed to raise a genuine dispute of material fact in the face of the evidence Quizlet submitted showing that it did not have the right or ability to control infringement of B&A content and that it did not receive a financial benefit from the alleged infringement of B&A content by Quizlet users, both of which are required to prove vicarious copyright infringement. *Id.* at 15. The Court also correctly held that because the only evidence of how B&A's trademarks appeared on Quizlet's website was in user-uploaded or created content, B&A could not prove Quizlet had used its marks "in commerce." *Id.* at 19. And because the evidence is undisputed that B&A's trademark and passing off claims are identical to its copyright infringement claims—namely that B&A's marks appear

FENWICK & WEST LLP
ATTORNEYS AT LAW

solely in digital content that allegedly infringe its copyrights—the *Dastar* doctrine precluded those claims. *Id.* at 22-24.

## III. ARGUMENT

Reconsideration is "an extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). The Ninth Circuit has held a motion for reconsideration of a judgment brought under Rule 59(e) is appropriate only "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). And this Court's local rules permit a motion for reconsideration of an order only upon a showing that "(a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered." L.R. 7-18.

Plaintiff identifies no change in the law or new facts and instead argues that the Court manifestly failed to consider the facts before it and misapplied the summary judgment standard. Mot. at 1. Plaintiff carries a heavy burden to satisfy this standard. Manifest error is "[a]n error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record," while manifest injustice is "[a] direct, obvious, and observable error." *Hernandez v. Montgomery*, No. 2:20-CV-05272-SB (SP), 2024 WL 3818136, at *3 (C.D. Cal. June 25, 2024), *report and recommendation adopted*, No. 2:20-CV-05272-SB (SP), 2024 WL 3819792 (C.D. Cal. Aug. 13, 2024). A motion for reconsideration should not be used to ask a court "'to rethink what the court had already thought through – rightly

Fenwick & West LLP
Attorneys at Law

or wrongly.'" *Myles v. United States*, No. 5:19-CV-02036-WLH-(KKX), 2025 WL 1090991, at *2 (C.D. Cal. Mar. 26, 2025) (quoting *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). The Local Rules further emphasize this, stating: "[n]o motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion." L.R. 7-18. As such, "[m]ere disagreement with a previous order is an insufficient basis for reconsideration." *U.S.A. v. Nwafor*, No. CR-11-00791-ODW-1, 2020 WL 4904865, at *1 (C.D. Cal. June 8, 2020). "[W]hen all a motion for reconsideration does is repeat arguments made in the original motion, '[t]his by itself is sufficient grounds for the Court to deny reconsideration.'" *Myles*, 2025 WL 1090991, at *2 (quoting *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1118 (C.D. Cal. 2016)) (alteration in original).

As explained below, the Motion does not identify any clear error in the Order's application of law, nor does it identify any evidence presented to the Court but the Court failed to consider. Accordingly, the Motion is improper and should be denied.

### A. B&A's Motion Rehashes Arguments that the Court Already Rejected.

#### 1. B&A Merely Disagrees with the Court's Holding that Quizlet Does Not Engage in Volitional Conduct.

The Motion repeats the same arguments and evidence the Court considered when it found that the undisputed evidence showed an absence of the volitional conduct necessary to hold Quizlet liable for direct copyright infringement. B&A argues that Quizlet's witnesses, Sean Marrer and Shane Mooney, gave "conflicting statements regarding how Quizlet uses AI to generate content" and that the Court credited Mooney's testimony over Marrer's. Mot. at 2-3. B&A argues that in doing so, the Court allegedly improperly resolved a factual dispute of whether Quizlet's AI features alone "generate derivative [B&A] summaries and study guides" or if it was Quizlet's users. *Id.* at 2.

First, far from manifestly showing a "failure to consider material facts presented to the Court" as L.R. 7-18 requires, the Motion ignores that the Order squarely addressed the interplay of Marrer and Mooney's testimony. The Court found that Marrer's testimony "does not create a genuine issue of material fact as to whether Quizlet, rather than a user employing Quizlet's tool, engaged in volitional conduct. Marrer's testimony is *fully consistent* with a user employing Quizlet's AI tools to generate the study guides and summaries. Put another way, Marrer and Mooney's testimony is consistent and does nothing to create a genuine issue of material fact." Order at 10 n.3 (emphasis added). Plaintiff's effort to rehash its argument is not a basis for reconsideration.

Second, the Motion identifies no misapplication of summary judgment standards or improper weighing of inferences in Quizlet's favor. The Order did not resolve inferences from disputed facts in Quizlet's favor. The Order recognized that on summary judgment, the Court could only draw inferences from undisputed facts or that "may be resolved at trial in favor of the nonmoving party," if "rational" or "reasonable." Order at 6 (quoting *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987)). Contrary to B&A's assertion, the Court did not weigh "conflicting" testimony, but instead viewed both witnesses' statements as they interrelate, as described above. *See Moten v. Pulido*, No. 2:22-CV-4942-DOC-SP, 2024 WL 5171384, at *2 (C.D. Cal. Nov. 25, 2024), *report and recommendation adopted*, No. 2:22-CV-4942-DOC-SP, 2024 WL 5169792 (C.D. Cal. Dec. 19, 2024) (finding "purported inconsistencies" in defendants' evidence raised in plaintiff's motion for reconsideration were only "plaintiff's interpretation and mischaracterizations of the incident reports and declarations"). B&A's mere disagreement with the Court's reasoning cannot succeed on a motion for reconsideration. *See Sundby v. Landau*, No. 2:24-CV-07276-MCS-BFM, 2025 WL 2374825, at *2 (C.D. Cal. July 2, 2025) (denying reconsideration motion where court

considered Plaintiffs' arguments and simply "arrived at a different conclusion than what [they] desired"), *aff'd*, No. 25-4180, 2026 WL 473936 (9th Cir. Feb. 19, 2026).

B&A further argues that the Court improperly drew inferences against it when interpreting the screenshots of B&A employees prompting Quizlet's website to output alleged B&A materials, speculating that a jury could find that Marrer's testimony supports that the screenshots evidence volitional conduct by Quizlet. Mot. at 4. Again, Plaintiff identifies no "indisputable" error or "complete disregard of the controlling law or the credible evidence in the record." *Hernandez*, 2024 WL 3818136, at *3. To the contrary, the Court's ruling was well-founded in the evidence. As the Order observed, Plaintiff's purported evidence of what the screenshots showed was a single, conclusory sentence by one of its employees purporting to show "Quizlet's AI chat feature spitting out Barkley materials." Order at 10 (quoting Burks Decl. ¶ 3). The screenshots, themselves, plainly show that users—Ms. Burks and her team—expressly prompted the AI tool to answer their questions or perform tasks on B&A content a user had uploaded to Quizlet: "In the screenshot, the prompts, which led to the results provided by the AI tool, specifically state, 'can you give me new questions with an answer sheet based ***on this barkley flashcard set***," and "can you gave [sic] me 5 new questions and answers ***based on this barkley flashcard set***." Order at 11 (citing Burks Decl. Ex. 1). These screenshots corroborate Mooney's testimony that the AI tools apply user-created prompts to user-uploaded content. Order at 11 (citing Mooney Decl. ¶ 11). The Court did not weigh inferences in Quizlet's favor; it correctly found that Plaintiff failed to present evidence that created a dispute of material fact that users are responsible for uploading content to Quizlet and directing Quizlet's AI tools to interact with that content.

B&A's final argument for reconsideration of the Order's ruling on volitional conduct that the Court "improperly converted disputed evidence into 'undisputed' findings" points to the same screenshots and Marrer testimony that the Court expressly considered. Mot. at 5. Further evidencing that Plaintiff's Motion is an

improper effort to rehash its prior arguments, its Motion directly quotes from its summary judgment opposition. *Id.* This is not newly discovered evidence, clear error or manifest injustice, or an intervening change in controlling law warranting reconsideration. *See* L.R. 7-18; *Roe v. LexisNexis Risk Sols. Inc.*, No. CV 12-6284 GAF (Ex), 2013 WL 12134002, at *2 (C.D. Cal. May 2, 2013) ("[U]nless the moving party shows that one of the stated grounds for reconsideration exists, the Court will not grant a reconsideration.")

Accordingly, B&A's motion for reconsideration of the Court's dismissal of its direct copyright infringement claim should be denied, because B&A "simply disagrees with the court's decision and aims to relitigate the issues, which is not permitted on a motion for reconsideration." *Hernandez*, 2024 WL 3818136, at *3.

### 2. B&A's Motion Repeats Evidence and Arguments on Vicarious Infringement the Court Already Considered and Rejected.

The Court found that Plaintiff did not have evidence that Quizlet "may have the right and ability to supervise the infringing conduct *and* receive a direct financial interest in the infringing activity" so as to create a genuine dispute of material fact on vicarious copyright infringement. Order at 15 (emphasis in original). The Motion does not identify any failure to consider evidence before the Court or manifest legal error in the Court's consideration of the minimal evidence B&A presented in support of its vicarious copyright infringement claim. Instead, it re-raises the same two arguments the Court already rejected, arguing again that the Court discounted B&A's evidence and drew improper inferences. This is not a proper basis for reconsideration, and the Motion should be denied.

First, B&A asserts that the Court failed to consider Quizlet's responses to B&A's requests for admission (RFAs). Mot. at 6. B&A quotes the Court's Order at page 20 in support of its argument that the Court only considered allegations in the First Amended Complaint. Mot. at 6. But that quote is from the Order's discussion of B&A's trademark and UCL claims, not vicarious copyright infringement. In fact,



FENWICK & WEST LLP ATTORNEYS AT LAW

the Court *did* consider B&A's evidence, specifically a screenshot of a "downloadable PDF study pack" that B&A appended to its RFAs. Order at 13-15; *see Sundby*, 2025 WL 2374825, at *2 (plaintiffs' argument for reconsideration that the court did not consider a "core allegation" lacked merit because the court *did* consider the entirety of the allegations and argument).

B&A also argues that screenshots in its RFAs and Quizlet's responses to them could lead a jury to conclude that Quizlet is vicariously liable. Mot. at 9. This argument does not identify any manifest error, but instead asks the Court to contort Quizlet's responses to RFA Nos. 20, 29, 34, and 35 into something they are not. Quizlet did not admit to offering certain features "to keep users inside its paid subscription ecosystem." Mot. at 6. Quizlet instead admitted only that certain content-agnostic study tools were *available* on its website. *See* Dkt. 146-6 (JAE Vol. 4) at 435-37, 445-447, 451-454. The Court heard argument on this exact issue at the July 10 hearing. Declaration of Tyler G. Newby, Ex. 1 (July 10, 2026 Tr.) at 15:18–18:5. Quizlet explained that Quizlet's RFA responses merely acknowledge that screenshots showed Quizlet web pages and buttons for certain study tools that users could click to use with user-created content and nothing more. *Id.* at 25:20–26:13. As Quizlet explained in its reply in support of summary judgment, vicarious liability demands evidence that Quizlet exerted substantial influence over what users uploaded or how they used the platform's tools. Dkt. 149 at 6 (citing *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 803-04 (9th Cir. 2007)). The Court properly considered this argument, and B&A's mischaracterization of the Court's Order and Quizlet's evidence fails to give rise to manifest error. *See State Comp. Ins. Fund*, 192 F. Supp. 3d at 1118 (denying reconsideration where plaintiff did not "offer anything new for the Court to consider that it hasn't already").

Second, B&A argues that Quizlet received a financial benefit because B&A content "increased the attractiveness or use of Quizlet's paid tools." Mot. at 10. Again, B&A raised this argument in its summary judgment opposition, and it failed

to identify record evidence to support it. *See* Dkt. 146-1 (Joint Brief) at 27-28. The only thing Plaintiff could point to was a screenshot of a downloadable PDF study pack available on Quizlet's site that says, "Barkley & Associates 3Ps FNP Study Guide Overview Quizlet." *Id.* at 27 (citing Dkt. 146-8 (JAF 87)). The Court considered this paltry evidence and found it was insufficient to show it attracted subscriptions to Quizlet's service. Order at 13-15. This finding was not clear error. To the contrary, it correctly applied Ninth Circuit law requiring the Plaintiff to provide *evidence* that a service "attracted or retained subscriptions because of the infringement," and that this single screenshot did not provide that evidence. Order at 14 (quoting *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004); s*ee also Perfect 10, Inc. v. Giganews*, Inc., 847 F.3d 657, 674 (9th Cir. 2017) (holding plaintiff "was required to provide evidence that customers were drawn to [defendant's] services *because of* the infringing Perfect 10 material at issue") (emphasis added). B&A provided no evidence that a single customer was drawn to pay for a Quizlet subscription because of the presence of allegedly infringing B&A content on it, and the Court correctly found that B&A failed to raise any disputed facts as to the financial benefit element of vicarious infringement.

B&A does not offer any new facts or arguments to warrant reconsideration of the Court's ruling that Quizlet is not liable for vicarious copyright infringement, and its motion should be denied on this claim.

### 3. B&A's "Use in Commerce" Argument Repeats a Theory the Court Already Rejected.

B&A's request that the Court reconsider its Order on B&A's failure to identify a disputed fact on whether Quizlet used B&A's marks in commerce repeats the same arguments it made in opposition to Quizlet's motion for summary judgment. B&A argues that the Court "ignored [B&A's] showing of co-branded exams" and drew improper inferences in favor of Quizlet. Mot. at 12. In making this argument, B&A points to allegedly "co-branded" exams with the Quizlet "Q" logo and "Barkley &



FENWICK & WEST LLP
ATTORNEYS AT LAW

Associates," which it asserts constitutes use in commerce. Mot. at 11-12. But B&A made this same argument in opposition to summary judgment, (Dkt. 146-1 at 35), as well as at oral argument (Newby Decl. Ex. 1 at 13:18–13:24, 22:8–23:2), and the Court addressed it in its Order (Order at 20). The Court concluded that "Defendant does not use Plaintiff's marks in the sale and advertisement of its services as Plaintiff's marks appear only in content uploaded by Quizlet's users." Order at 19.

B&A's argument that Quizlet allows users to print content, Mot. at 12, which B&A also previously raised, does not change the analysis. The Court already found that *Dastar* precluded B&A's trademark infringement claims because user-created PDF printouts of digital content are not physical goods. Order at 22. As the Local Rule explains, B&A cannot repeat an argument that it already made as a basis for reconsideration. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion.").

Additionally, B&A already conceded at summary judgment that any alleged cobranding is just the appearance of a study material's title, that was inputted by a Quizlet user. In the Joint Appendix of Facts, Quizlet stated: "Plaintiff bases its trademark claims on the appearance of its word mark and logo within content Quizlet users added to Quizlet." Dkt. 146-8 (JAF 74). B&A disputed the statement only on the grounds that it had also based its claim on alleged infringement of its purported rights to the word "Barkley" and trade dress.

Because B&A fails to identify any manifest error in the Court's ruling, and because *Dastar* independently forecloses B&A's trademark and unfair competition claims regardless of the "use in commerce" question, the Court should deny reconsideration.

**B. B&A's New Likelihood of Confusion Argument is Waived, and is Otherwise Moot.**

B&A's Motion challenges a finding the Court did not make: trademark non-infringement based on an absence of substantial similarity. This argument fails for two reasons.

First, B&A waived this argument by not raising it during summary judgment. "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Myles*, 2025 WL 1090991, at *2 (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). B&A did not address the *Sleekcraft* likelihood of confusion factors in its summary judgment opposition, so it cannot raise them now. *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348 (9th Cir. 1979) (listing trademark infringement likelihood of confusion factors).

Second, the Court's analysis of Plaintiff's trademark infringement claims mooted the need to address the *Sleekcraft* factors, because there was no evidence of use in commerce, and *Dastar* precluded B&A's trademark claims. Order at 19-20, 23-24; *see Kische USA LLC v. Simsek*, No. C16-0168JLR, 2017 WL 5881322, at *9 and n.17 (W.D. Wash. Nov. 29, 2017) (finding defendants did not use plaintiff's mark in commerce and declining to consider likelihood of confusion). Plaintiff's reliance on *Rearden LLC v. Rearden Com., Inc.* to discuss likelihood of confusion is thus not relevant. 683 F.3d 1190 (9th Cir. 2012).

Because B&A waived its likelihood of confusion theory by not raising it on summary judgment, the Court should deny reconsideration.

## IV. CONCLUSION

For the reasons stated above, the Court should deny B&A's motion for reconsideration.

FENWICK & WEST LLP
ATTORNEYS AT LAW

Dated: August 21, 2026

FENWICK & WEST LLP

By: */s/ Tyler G. Newby*

Tyler G. Newby
Nicholas A. Santos
One Front St., 33rd Floor
San Francisco, CA 94111
415.875.2300
tnewby@fenwick.com
nsantos@fenwick.com

Diana Buck
801 California Street
Mountain View, CA 94041-1990
650.335.6015
dbuck@fenwick.com

Attorneys for Defendant
QUIZLET, INC.

## CERTIFICATE OF COMPLIANCE

I, Tyler G. Newby, hereby certify, in accordance with Local Rule 11-6.2, that the foregoing Defendant Quizlet, Inc.'s Opposition to Plaintiff's Motion for Reconsideration of the Court's Grant of Defendant Quizlet's Motion Summary Judgment ("Opposition") complies with Local Rule 11-6.1. According to the word count of the word-processing system used to prepare the Opposition, the Opposition contains 3,301 words, excluding the portions exempted by Local Rule 11-6.1. The Opposition therefore does not exceed the 7,000-word limit.

Dated: August 21, 2026

FENWICK & WEST LLP

By: *<u>/s/ Tyler G. Newby</u>*
Tyler G. Newby
Attorneys for Defendant Quizlet, Inc.