UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

BARKLEY & ASSOCIATES, INC.,
Plaintiff,

v.

QUIZLET, INC.,
Defendant.

Case No. 2:24-cv-05964-WLH-E

**ORDER RE PLAINTIFF BARKLEY'S MOTION FOR RECONSIDERATION TO COURT'S GRANT OF DEFENDANT QUIZLET'S SUMMARY JUDGMENT MOTION [159]**

The Court is in receipt of Plaintiff Barkley & Associates, Inc. ("Plaintiff" or "B&A") Motion for Reconsideration to Court's Grant of Defendant Quizlet's Summary Judgment Motion. (Mot. Dkt. No. 159). For the foregoing reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

The Parties and the Court are familiar with the facts of this case. As such, the Court incorporates herein the factual background provided in its Order Re Defendant's Motion for Summary Judgment ("Order"). (Order, Dkt. No. 155).

Plaintiff Barkley & Associates ("Plaintiff" or "B&A") sued Defendant Quizlet Inc. ("Defendant" or "Quizlet") for (1) Trademark Infringement, 15 U.S.C. § 1114;

(2) Copyright Infringement, 17 U.S.C. §§ 101 et seq.; (3) Lanham Act Unfair Competition 15 U.S.C. § 1125(a); (4) Common Law Trademark Infringement; (5) Unfair Business Practices under Cal. Bus. & Prof. Code § 17200 and (6) Vicarious Copyright Infringement under 17 U.S.C. § 106. (*See generally* FAC, Dkt No. 57-2). Defendant moved for summary judgment with the parties filing a joint brief on May 29, 2026. (Joint Brief re MSJ, Dkt. No. 146-1). The Court then heard oral arguments on the Motion. (*See* Transcript re Def.'s MSJ, Dkt. No. 157). On July 14, 2026, the Court issued the Order, granting summary judgment in favor of Quizlet in full. (*See* Order at 26). On July 28, 2026, Plaintiff filed the instant Motion for Reconsideration (*see* Mot.), to which Defendant filed its Opposition on August 21, 2026 (*see* Def. Quizlet, Inc.'s Opp'n to Pl.'s Mot. for Reconsideration of the Court's Grant of Def. Quizlet's MSJ ("Opp'n"), Dkt. No. 163). Plaintiff did not file a Reply, and the time for filing one has lapsed. The Motion has now been fully briefed.

## II. DISCUSSION

### A. <u>Legal Standard</u>

#### 1. *Reconsideration Standard*

Reconsideration is "an extraordinary remedy, to be used sparingly." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Under Local Rule 7-18, a motion for reconsideration may be made on one of only three grounds:

> (a) a material difference in fact or law from that presented to the Court that, in the exercise of reasonable diligence, could not have been known to the party moving for reconsideration at the time the Order was entered, or (b) the emergence of new material facts or a change of law occurring after the Order was entered, or (c) a manifest showing of a failure to consider material facts presented to the Court before the Order was entered.

L.R. 7-18. Local Rule 7-18 sets out the "*exclusive*" grounds for reconsideration, meaning there are no other bases for reconsideration. *See, e.g., Lorenzo Vargas v. City of L.A.*, 2018 WL 10231166, at *2 (C.D. Cal. Nov. 14, 2018) (emphasis in original). Manifest error is "[a]n error that is plain and indisputable, and that amounts

to a complete disregard of the controlling law or the credible evidence in the record," and manifest injustice is "[a] direct, obvious, and observable error." *Hernandez v. Montgomery*, 2024 WL 3818136, at *3 (C.D. Cal. June 25, 2024), *report and recommendation adopted*, 2024 WL 3819792 (C.D. Cal. Aug. 13, 2024).

Federal Rule of Civil Procedure 59(e) and Civil Local Rule 7-18 prohibit motions for reconsideration that rehash prior arguments. L.R. 7-18 ("No motion for reconsideration may in any manner repeat any oral or written argument made in support of, or in opposition to, the original motion."). "[W]hen all a motion for reconsideration does is repeat arguments made in the original motion, '[t]his by itself is sufficient grounds for the Court to deny reconsideration.'" *Myles v. U.S.,* 2025 WL 1090991, at *2 (C.D. Cal. Mar. 26, 2025) (quoting *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1118 (C.D. Cal. 2016)) (alteration in original).

2. *Summary Judgment Standard*

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The substantive law determines which facts are material; only disputes over facts that might affect the outcome of the suit under the governing law properly preclude the entry of summary judgment." *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144, 1147 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the opposing party must then set forth specific facts showing there is a genuine issue for trial. *Anderson*, 477 U.S. at 248-49. A party cannot defeat summary judgment based solely on the allegations or denials of the pleadings, conclusory statements, or unsupported conjecture. *Hernandez v.*

*Spacelabs Med., Inc.*, 343 F.3d 1107, 1112 (9th Cir. 2003). Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"If the nonmoving party produces direct evidence of a material fact, the court may not assess the credibility of this evidence nor weigh against it any conflicting evidence presented by the moving party." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). Inferences may be drawn from underlying facts that are either not in dispute or that may be resolved at trial in favor of the nonmoving party, but only if they are "rational" or "reasonable" and otherwise permissible under the governing substantive law. *Id*. The court must view all evidence and justifiable inferences "in the light most favorable to the nonmoving party." *Id*. at 630-31.

**B. <u>Analysis</u>**

Plaintiff argues that the Court's Order "improperly resolved disputed material facts in Quizlet's favor and misapplied the summary judgment standard," purportedly in violation of Local Rule 7-18(c) and another standard provided by Plaintiff without a citation ("Misapplication of law to the facts"). (Mot. at 1). Specifically, Plaintiff claims that (1) the copyright infringement analysis "overlooked evidence that Quizlet's AI systems autonomously generate derivative works, not merely passive user-directed tools" and (2) the trademark analysis "ignored platform-use evidence showing Quizlet's co-branding of [Plaintiff's] materials." (*Id.*). The Court once again disagrees with Plaintiff.

*1. Direct Copyright Infringement – Volitional Conduct*

In its Order, the Court held that Quizlet did not engage in the volitional conduct required for direct copyright infringement because the undisputed evidence showed that users, not Quizlet, select and submit the content to the AI tools on Quizlet's website that generate outputs. (Order at 12; *id*. at 7 (citing *Oracle Am., Inc. v. Hewlett Packard Enter. Co*., 971 F.3d 1042, 1053 (9th Cir. 2020) (A plaintiff must allege that the defendant engaged in "volitional conduct," that is, conduct that can reasonably be described as the direct cause of the copying.))). B&W argues that "[t]he Court improperly resolved the volitional-conduct dispute by weighing conflicting evidence," contradicting the summary judgment standard. (Mot. at 2).

First, B&W contends that Quizlet's witnesses, Sean Marrer (Quizlet's designee on its DMCA compliance process) and Shane Mooney (Quizlet's Principal Machine Learning Engineer), gave conflicting statements as to how Quizlet uses AI to generate content and that the Court credited Mooney's testimony over Marrer's. (Mot. at 2-3). Specifically, B&W cites Marrer's testimony that Quizlet's study guides and summaries "are not user generated" and "summaries are generated by AI." (Joint Appendix of Facts ("JAF") 81, Dkt. No. 146-6 at 69). Quizlet responds that the Court explicitly considered the two witnesses' testimony. (Opp'n at 4). The Court agrees and points B&W to its explanation that "Marrer's testimony is *fully consistent* with a user employing Quizlet's AI tools to generate the study guides and summaries. Put another way, Marrer and Mooney's testimony is consistent and does nothing to create a genuine issue of material fact." (Order at 10 n.3 (emphasis added)).

B&W also claims that the Court's analysis ignored the "genuine dispute of material fact" of whether "Quizlet AI systems alone generate derivative [B&W] summaries and study guides, or [whether] a user on the Quizlet platform" did. (Mot. at 2-3). But the Court addressed this exact issue, stating that "[t]he critical question . . . is *who* caused the derivative work or infringing reproduction," and determining that, according to Ninth Circuit case law, merely operating an online

service through which users post materials does not amount to a volitional act to establish copyright infringement. (Order at 8-9 (citing *Fox Broad. Co v. Dish Network LLC*, 747 F.3d 1060, 1067 (9th Cir. 2014); *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 670 (9th Cir. 2017))).

Contrary to B&W's argument that the Court misapplied the summary judgment standard by not resolving inferences from disputed facts in its favor, the Court, in this very example of the two witnesses' statements, did not weigh *any conflicting* testimony but instead relied on the two sets of testimony *consistent* with one another where they demonstrated that that there was no genuine dispute of material fact that "a user employing Quizlet's tool," rather than Quizlet itself, was engaging in any purported volitional act.[1] *See, e.g., Sundby v. Landau*, 2025 WL 2374825, at *2 (C.D. Cal. July 2, 2025) (denying reconsideration motion where court considered Plaintiffs' arguments and simply "arrived at a different conclusion than what [they] desired").

Second, Plaintiff argues that (1) the Court improperly drew inferences against it when it concluded that the screenshots of B&A employees prompting Quizlet's website to produce alleged B&A materials did not create a genuine dispute of material fact as to Quizlet's volitional conduct, and (2) the Court improperly converted disputed evidence into "undisputed" findings, pointing to the same screenshots and Marrer testimony that the Court expressly considered. (*See* Mot. at 4-5). Plaintiff contends that a jury could find that "the user prompt supplied the topic while Quizlet's AI system generated the accused content," given that the "court improperly assumed that Quizlet's chat feature used a user submitted flashcard set, when conflicting

[1] *Compare* Sean Marrer's testimony (Order at 8 (citing Joint Appendix of Evidence Volume 4 ("JAE Volume 4") Dkt. No. 146-6, Ex. 1 at 145:1-18)) ("My understanding is that the summaries are generated by AI."))), *with* Shane Mooney's testimony (Order at 9 (citing Decl. of S. Mooney ("Mooney Decl."), Dkt. No. 152-6 ¶¶ 9, 15 ("Quizlet does not select or dictate the content that users submit to Quizlet's AI study tools. Users alone select and input the content to Quizlet's AI tools . . . [T]o create an AI-enhanced study guide, a user must add content of their own."))).

testimony[2] suggested Quizlet's AI systems generated content without the input of a user." (*Id*. at 4). Quizlet correctly points out that "[t]he screenshots, themselves, plainly show that users—[B&A employees]—expressly prompted the AI tool to answer their questions or perform tasks on B&A content a user had uploaded to Quizlet" (Opp'n at 5). The Court explicitly considered that the screenshots showed prompts by B&A, including "can you give me new questions with an answer sheet based on this barkley flashcard set," and "can you gave [sic] me 5 new questions and answers based on this barkley flashcard set" (Order at 11 (citing Decl. of Bianca Burks, Dkt. No. 146-5 ¶ 3) ("Attached as Exhibit 1 to this declaration are screenshots my teammates and I took of Quizlet's AI chat feature spitting out Barkley materials."))). Furthermore, Plaintiff's rehashing of its already-made arguments by citing to its summary judgment Opposition (Mot. at 5) is unavailing and improper at this stage as it does not support any basis of reconsideration provided by the Local Rules.

Therefore, the Court finds that B&W has not made a "manifest showing of a failure to consider material facts," let alone shown that the Court did not weigh the evidence under the applicable summary judgment standard. *See also Hernandez*, 2024 WL 3818136, at *3 (finding that Plaintiff did not identify "indisputable" error or "complete disregard of the controlling law or the credible evidence in the record"). That the Court, based on its measured legal analysis and evaluation of the evidence it

---

[2] Plaintiff does not, either in the original motion for summary judgment or now, identify, as is its burden, the allegedly "conflicting testimony" that it claims raises a genuine dispute of material fact as to the fact that the flashcards submitted by B&A users do not show that Quizlet committed a volitional act either testimony showing that the flash cards were (1) not generated by B&A employees themselves or (2) not generated by Quizlet's AI tools. *See, e.g.*, *Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("A district court is not required to 'wade through improper denials and legal argument in search of a genuinely disputed fact.'") (citing *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000)). And a mere disagreement with the movant's asserted facts is inadequate if made without reference to specific supporting material. *Edward E. Gillen Co. v. City of Lake Forest*, 3 F.3d 192, 196 (7th Cir. 1993). In short, "[j]udges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).

was presented, did not reach Plaintiff's desired outcome does not offer a basis for reconsideration.

### *2. Vicarious Copyright Infringement – Ability to Control Infringement and Financial Benefit*

The Court also held in its Order that Plaintiff failed to raise a genuine dispute of material fact, given the undisputed evidence Quizlet submitted showing that it did not have the right or ability to control infringement of Plaintiff's content and that it did not receive a financial benefit from the alleged infringement of Plaintiff's content by Quizlet users, both of which are required to prove vicarious copyright infringement. (Order at 15).

First, Plaintiff argues that the Court overlooked its screenshots appended to its Requests for Admissions that it included in an exhibit to its Opposition when the Order found that Plaintiff only cited to the FAC in its Opposition to support the assertion that Quizlet "urg[es] users to 'combine' multiple study sets specifically mentioning the term 'Barkley.'" (Mot. at 6-9 (citing Order at 20)). In support of this argument for reconsideration, though, Plaintiff only points to the Court's discussion of the trademark and UCL claims, not vicarious infringement, which is irrelevant to whether the appropriate evidence was *considered* for the vicarious infringement claim. (*Id*. at 6).

The Court also notes that it *did* explicitly consider Plaintiff's evidence, including a screenshot provided by Plaintiff "that shows a downloadable PDF study pack presumably provided by Defendant, that features 'Barkley & Associates 3Ps FNP Study Guide Overview Quizlet.'" (Order at 13-15). Moreover, the Court considered and rejected Plaintiff's argument that its evidence was sufficient to establish vicarious liability, because the evidence did not show that Quizlet exerted *substantial influence* over what users uploaded or how they used the platform's tools. (*Id*. at 12-13). Additionally, the screenshots of its RFAs and Quizlet's responses to them only show that Quizlet admitted to providing certain content-agnostic study tools

on its website, and, by contrast, does not provide evidence that Quizlet's offerings "attracted or retained subscriptions because of the infringement or lost subscriptions because of [defendant]'s eventual obstruction of the infringement." (*Id*. at 14 (citing *Ellison v. Robertson*, 357 F.3d 1072, 1079 (9th Cir. 2004))).

Consequently, the Court also rejects Plaintiff's rehashing of its Opposition's arguments that Quizlet received a financial benefit because B&A content "increased the attractiveness or use of Quizlet's paid tools." (Mot. at 10). Aside from the aforementioned screenshot, which the Court did consider and rejected for the reasons stated in the Order, Quizlet correctly emphasizes that Plaintiff "provided no evidence that a single customer was drawn to pay for a Quizlet subscription because of the presence of allegedly infringing B&A content on it." (Opp'n at 8). Plaintiff also seeks to relitigate the Court's finding that the evidence showed paid Quizlet users receive no greater access to content than free users but receive greater access to study tools (Order at 15)[3]; Plaintiff has no means to do so on a motion to reconsideration.

Because the Court properly considered the submitted evidence pursuant to the summary judgment standard and simply concluded against Plaintiff, Plaintiff has not pointed to any basis under the Local Rules for reconsidering the Court's summary judgment against Plaintiff's vicarious copyright infringement claim. Accordingly, reconsideration is denied as to this claim.

*3. Trademark Infringement, Trade Dress and UCL Claims – Using Marks "In Commerce"*

The Court next addresses Plaintiff's arguments regarding the Court's grant of summary judgment as to Plaintiff's non-copyright claims. The Court found that, because the only evidence of how Plaintiff's trademarks appeared on Quizlet's

[3] B&W additionally asserts that "Barkley's evidence about Quizlet pdfs stating 'study online at Quizlet.com' was presented on page 14 of the requests for admission, not only in the complaint." (Mot. at 10 (citing Dkt. No. 146-6 at 439)). The Court remains perplexed as to how this piece of evidence creates a genuine dispute of material fact as to whether B&W's materials attracted or retained subscriptions for Quizlet or cost subscriptions.

website was in user-uploaded or created content, Plaintiff could not prove Quizlet had used its marks "in commerce." (Order at 19). Because the evidence was undisputed that Plaintiff's trademark and passing off claims were identical to its copyright infringement claims—specifically, that Plaintiff's marks appeared solely in digital content that allegedly infringe its copyrights—the *Dastar* doctrine precludes those claims. (*Id.* at 22-24).

In support of its requested reconsideration, Plaintiff now argues that the Court's "analysis ignored its showing of co-branded exams (a Quizlet Q next to BARKLEY & ASSOCIATES) and improperly drew inferences for Quizlet." (Mot. at 12). Plaintiff, however, merely recites the same arguments it made in its Opposition to summary judgment, at oral argument and which *the Court addressed in its Order*. (*See* Joint Brief at 35 (Opposition); Decl. of Tyler G. Newby ISO Opp'n, July 10, 2026, Transcript, Ex. 1 at 13:18-13:24, 22:8-23:2 (Oral Argument); Order at 20). Nothing presented in the instant Motion alters the Court's conclusion that "Defendant does not use Plaintiff's marks in the sale and advertisement of its services as Plaintiff's marks appear only in content uploaded by Quizlet's users." (Order at 19). Plaintiff's argument that Quizlet allows users to print content (Mot. at 12), and thus, provides a basis for the trademark infringement claims was also already considered and rejected by the Court (Order at 22) because user-created PDF printouts of digital content are not physical goods, *see Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S 23, 24 (2003).

Since Plaintiff has not presented any new evidence nor pointed to any manifest error the Court's consideration of the facts under the summary judgment standard, the Court declines reconsideration as to the non-copyright claims too.

*4. Trademark Infringement – Likelihood of Confusion*

Plaintiff lastly argues that the Court "did not go through any *Sleekcraft* factors," which are those factors that evaluate the likelihood of confusion to determine whether trademark infringement occurred. (Mot. at 12-13 (citing *AMF, Inc. v. Sleekcraft*

*Boats*, 599 F.2d 341, 348-49 (9th Cir. 1979))). The Court did not need to evaluate the *Sleekcraft* factors, however, because, as Quizlet points out, the trademark infringement analysis the Court *did* perform mooted the need to address the *Sleekcraft* factors. (Opp'n a 10 (citing *Kische USA LLC v. Simsek*, 2017 WL 5881322, at *9 & n.17 (W.D. Wash. Nov. 29, 2017) (finding defendants did not use plaintiff's mark in commerce and declining to consider likelihood of confusion))). The Court also agrees with Quizlet that B&A waived this argument by not raising it in its summary judgment opposition briefing. (*Id*. at 10 (citing *Myles*, 2025 WL 1090991, at *2 ("A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)))). As a result, the instant Motion's new citation (*see* Mot. at 13) to *Rearden LLC v. Rearden Com., Inc.*, 683 F.3d 1190 (9th Cir. 2012), a case that has existed for almost 15 years, to support an argument of likelihood of confusion will not be considered.

The Parties were heard at oral argument and the Court issued its Order. Plaintiff does not provide any reason either as to why this argument is not waived nor in support of its request of the Court to reconsider entering summary judgment in favor of Quizlet as to the trademark infringement claims on this basis.

**III. CONCLUSION**

For the foregoing reasons, the Motion does not identify any manifest error in the Order's application of law, nor does it identify any evidence presented to the Court that the Court failed to consider. Accordingly, there is no basis for the Motion in Local Rule 7-18, and, therefore, the Court **DENIES** the Motion.

**IT IS SO ORDERED.**

Dated: September 29, 2026

HON. WESLEY L. HSU
UNITED STATES DISTRICT JUDGE